# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**      **2. PLEASE TYPE OR PRINT**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| TANAJEE MADDOX as Administratrix of the Estate of GARY TERRANCE PORTER, Plaintiff, -against- SYRACUSE POLICE OFFICER KELSEY FRANCEMONE sued herein in her capacity as an individual, Defendants | Northern District of New Yor | Brenda Sannes |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 9/16/2025 | District Court Docket No.: 19-678 |
| | Date the Notice of Appeal was Filed: 10/15/2025 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name: Fred Lichtmacher | Address: 159 W 25 st Room 510 New York NY 10001 | Telephone No.: 2129229066 | Fax No.: 6464675210 | E-mail: empirestatt@aol.com |
|---|---|---|---|---|---|

| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: John Powers | Address: 1800 AXA Tower 100 Madison Street Syracuse, NY 13202 | Telephone No.: 315 565 4547 | Fax No.: Unknown | E-mail: jpowers@hancocklaw.com |
|---|---|---|---|---|---|

| Has Transcript Been Prepared? Partially | Approx. Number of Transcript Pages: Unklnown | Number of Exhibits Appended to Transcript: Still Unknown | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| | | | If Yes, provide the following: Case Name: 2d Cir. Docket No.:         Reporter Citation: (i.e., F.3d or Fed. App.) |

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party      ☐ Diversity | ☑ Final Decision      ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party)      ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right      ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- ☐ Pre-trial
- ☐ During trial
- ☑ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☑ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☑ Damages:
  - ☑ Sought: $ 5,000,000
  - ☐ Granted: $ _____
  - ☑ Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☑ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
- ☑ Yes  ☐ No

Will appeal raise a matter of first impression?
- ☐ Yes  ☑ No

---

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☑ Yes ☐ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☑ Yes ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☒ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Tennyson v Francemone | Docket No. 24-2126 | Citation: 16-929 | Court or Agency: NDNY |
|---|---|---|---|

Name of Appellant: Evelyn Tennyson

| Date: 10/15/2025 | Signature of Counsel of Record: *Fred Suhtmah* |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C (Rev. October 2025)

**Addendum "A"**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TANAJEE MADDOX as Administratrix of the            25-2561
Estate of GARY TERRANCE PORTER,             19-678 Sannes Judge
                                Plaintiff,
              -against-
SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued herein in her capacity
as an individual,
                            Defendants.
----------------------------------------------------------------------X

This is an action for violation of the Fourth Amendment, brought pursuant to 42 USC § 1983, premised on a police officer, Defendant Kelsey Francemone, shooting an unarmed man in the back causing his death. Plaintiff prevailed at trial but the Court dismissed the verdict finding qualified immunity after the special interrogatories were answered by the jury.

On June 19, 2016 Plaintiff's decedent, Gary Terrance Porter, was attending a Father's Day barbeque in Syracuse. Shooting broke out but no one was injured other than by the Defendant. Defendant Francemone ran to the scene shooting wildly and hitting a car numerous times which was filled with innocent bystanders, which she lied about at trial saying the car was empty. The Decedent was outside of the car and as he ran from the shooting the Defendant followed him, shooting him in the back killing him. Defendant alleged the Defendant was turning to face her but every live witness said he was not turning to face her as he ran. Defendant alleged Porter had a firearm but none was recovered from him, nor was the alleged gun ever found. Numerous witnesses said Porter was unarmed. One witness, Khalil Davis, stated to the grand jury that Porter was armed. Davis initially told a story totally different than his grand jury testimony which coincidentally conformed to much of the story told by the Defendant who killed Porter. All the other witnesses said Porter did not have a gun and in contrast to what the Defendant said, they all testified he was not turning to face the Defendant as he ran[1]. And the evidence elicited from the medical examiner supported that the decedent was not turning to face the Defendant as he ran from the scene.

The Court below committed numerous errors.

The Court did not permit Plaintiff to strike a potential juror for cause who is an acknowledged friend of defense counsel, because he said he could be fair. Said juror who was friends with defense counsel for 10 plus years (drinking buddies), was not removed for cause. But in stark

---

[1] Carlos Stackhouse initially testified to the grand jury Porter had a gun, but admitted at trial he lied because his mother wanted him to "help" the police.

-1-

contrast, two African Americans who had family members who had been shot (not by the police) who also stated they could be fair were removed for cause. Not removing the juror who was friends with defense counsel for cause changed the seating juror's numbers and therefore, could have impacted which jurors were deliberating at trial.

Over objections and with motions in limine, the Court allowed enormous information about the crowds reactions and actions, after Porter was shot to be introduced at trial, creating a scenario in which it seemed the crowd was extremely violent, and said crowd was coincidentally made up exclusively of minorities. (The Defendant is white, Mr. Porter was Black). This provoked racist emotions from the jury, (fear of minorities), and greatly impacted their finding that Porter had a gun-without credible supporting evidence to that fact.

The Court allowed an EMT to discuss the alleged threats to himself, after the Defendant had already shot Porter. Said EMT testified to the crowd being rowdy but went further on to say that members of the crowd yelled that they would "rape him and rape his family." This testimony further inspired racist feelings from the jury.

The Court allowed the unsealing of the witness's grand jury testimony but would not allow the unsealing of the Defendant's grand jury testimony-even though she was shown to have contradicted herself numerous times.

The Court allowed the jury to hear Davis' grand jury testimony even though he refused to testify at trial.

Davis had sent this attorney a letter stating, in sum and substance, he was reneging on the lies he told that Porter had a gun. However, the Court refused to allow that into evidence unless recordings of telephone calls from Davis' family while he was in jail were allowed in alleging this attorney would pay him to lie. One person who made that false statement had previously admitted lying in sworn testimony to get off of criminal charges while implicating an innocent man who then went to prison. Plaintiff begrudgingly opted not to introduce the letter in order not to have a trial within a trial.

Defense asserted a new fact during closing arguments that was never mentioned in any testimony during or before trial, that Porter jumped over the fence to explain why Francemone was not struck by the fictitious gun Porter was said to have.

The Court allowed massive testimony about the area consisting predominantly of gangs even though there was no evidence that the initial shootout was between gang members, and even though none of the numerous witnesses Plaintiff called were gang members or have criminal records.

The Court allowed extensive, entirely irrelevant, testimony about the crowd's behavior said to allegedly rebut the fact that Francemone could not provide aid to Porter after having been shot. Testimony was extensive and made this trial more so about the community than the behavior of

Officer Francemone.

Francemone repeatedly claimed both after the incident and during her deposition that the individual she shot was wearing a white shirt, but during her testimony retracted that statement and claimed it was a green shirt (which is what Porter was wearing) and said neon green shirt was shown to the jury. This is further reason to have unsealed her grand jury minutes.

Francemone claimed Porter was right next to her shooting his gun when her gun jammed and she knelt down by a chain link fence (without cover) to fix this jam. Yet Porter never shot at her in this moment of vulnerability.

The Defendant claimed Porter turned back multiple times as her was running to shoot at Francemone. She claimed gun was in his right hand yet he turned towards his left to shoot at her while running. This makes no logical sense if the gun was in his right hand, he would turn to his right NOT to the left. Additionally, as she testified that she shot while he turned, the trajectory of the bullet was inconsistent with him turning to his left. And numerous witnesses testified Porter did not turn as he ran. While Francemone claimed Porter was turning when she shot him, yet he was shot in his back not the side.

Francemone claims she only touched Porter's left hand yet no gun shot residue was transferred to her left hand. Gun shot residue, was however, found on his right hand, which witnesses testified Francemone touched.

Carlos Stackhouse testified on the stand and retracted his previous statement claiming Porter had a gun and was shooting. He admitted at trial that his mother told him to be helpful to the cops.

No gun was ever recovered on Mr. Porter's person nor was any gun recovered attributed to Porter.

Famed video expert Michael Primeau, who was retained by the Defendant, could not testify to the video surveillance showing someone with a green shirt shooting, only that someone with a light colored shirt was shooting. Primeau admitted at trial that significant information he needed to form his expert opinion was withheld from him by defense counsel. He testified that the shooter in a video's shirt "could be green." He also testified that defense counsel never asked him to test out different colored shirts shown through that camera to see if a white shirt could appear the same way. Nor did defense show him all the individuals wearing a white shirt at the BBQ some of whom had guns and who were videotaped shooting. Defense counsel withheld several pieces of information which their expert admitted would have been helpful in making his determinations. Doubtless counsel did this because Porter did not have a gun. Plaintiff presented photos of multiple people at the BBQ wearing white shirts which were also withheld from Primeau.

Due to several of the erroneous rulings, the entire trial was tainted as counsel for the Defendant effectively and appallingly appealed to the most racist instincts of the jury.

Dated  New York, New York
       October 27, 2025

_____/s/_____
Fred Lichtmacher

**Addendum "B"**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TANAJEE MADDOX as Administratrix of the           25-2561
Estate of GARY TERRANCE PORTER,           19-678 Sannes Judge
                                Plaintiff,

          -against-
SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued herein in her capacity
as an individual,
                              Defendants.
-----------------------------------------------------------------------X

The standard of review applicable to this appeal should be Abuse of Discretion. Under this standard, an appellate court will "uphold any district court determination that falls within a permissible range of permissible conclusions." Cooter & Gell v. Hartmarx Corp.,496 U.S. 384, 400 (1990). However, in the instant matter, the Court below erred in terms of the overwhelmingly prejudicial evidence of what happened after the shooting as well as erring as to Plaintiff's Batson challenges to the striking of two minority witnesses for cause, who said they could be fair, when a drinking buddy of one of the Defendant's legal team was not permitted to be struck for cause.

Dated  New York, New York
        October 27, 2025


                                            /s/
                                  Fred Lichtmacher

-1-

APPEAL

## U.S. District Court
## Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.4)] (Syracuse)
## CIVIL DOCKET FOR CASE #: 5:19-cv-00678-BKS-MJK

| | |
|---|---|
| Maddox v. Francemone | Date Filed: 06/06/2019 |
| Assigned to: Chief Judge Brenda K. Sannes | Date Terminated: 09/17/2025 |
| Referred to: Magistrate Judge Mitchell J. Katz | Jury Demand: Plaintiff |
| Demand: $5,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Tanajee Maddox**
*as Administratrix of the Estate of Gary Terrance Porter*

represented by **Fred B. Lichtmacher**
The Law Office of Fred Lichtmacher P.C.
159 West 25th Street - Room 510
New York, NY 10001
212-922-9066
Email: empirestatt@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mirela Piroli**
Mirela Piroli Law Firm P.C.
159 West 25th Street - Suite 516
New York, NY 10001
646-946-0154
Email: mirela@pirolilaw.com
*ATTORNEY TO BE NOTICED*

**Steven T Halperin , I**
Halperin & Halperin, P.C.
18 E. 48th Street
Suite 1001
New York, NY 10017-1014
212-935-2600
Fax: 212-935-2390

Email: shalperin@halperinlawyers.com
*TERMINATED: 11/30/2022*

V.

**Defendant**

**Kelsey Francemone**
*Syracuse Police Officer, sued herein in her capacity as an
individual*

represented by **Amanda C. Nardozza**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4500
Email: anardozza@hancocklaw.com
*ATTORNEY TO BE NOTICED*

**John G. Powers**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4547
Email: jpowers@hancocklaw.com
*ATTORNEY TO BE NOTICED*

**Lorraine M. Mertell**
Mackenzie Hughes LLP
Mackenzie Hughes Tower
440 South Warren Street, Suite 400
Syracuse, NY 13202-2601
315-474-7571
Email: lmertell@mackenziehughes.com
*TERMINATED: 09/18/2019*

**Mary L. D'Agostino**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4500
Fax: 315-565-4650

Email: MDAgostino@hancocklaw.com
*ATTORNEY TO BE NOTICED*

**Ryan M. Poplawski**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4500
Email: rpoplawski@hancocklaw.com
*ATTORNEY TO BE NOTICED*

**Sophie West**
City of Philadelphia
1515 Arch Street
Philadelphia, PA 19102
215-683-5433
Email: sophie.west@phila.gov
*TERMINATED: 02/19/2021*

**Todd M. Long**
City of Syracuse Law Department
233 East Washington Street
300 City Hall
Syracuse, NY 13202
315-448-8400
Fax: 315-448-8381
Email: tlong@syr.gov
*ATTORNEY TO BE NOTICED*

**William B. Hunt**
Mackenzie Hughes LLP
Mackenzie Hughes Tower
440 South Warren Street - Suite 400
Syracuse, NY 13202-4967
315-474-7571
Fax: 315-426-8358
Email: bhunt@mackenziehughes.com
*TERMINATED: 09/18/2019*

V.

**Respondent**

| | |
|---|---|
| **Onondaga County District Attorney's Office**<br>*TERMINATED: 05/19/2025* | represented by **Bradley W. Oastler**<br>Onondaga County District Attorney's Office<br>505 South State Street - 4th Floor<br>Syracuse, NY 13202<br>315-435-2470<br>Email: bradleyoastler@ongov.net |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2019 | 1 | COMPLAINT WITH JURY DEMAND against Syracuse Police Officer Kelsey Francemone (Filing fee $400 receipt number 4762747) filed by Tanajee Maddox. (Attachments: # 1 Civil Cover Sheet)(jdp, ) (Entered: 06/07/2019) |
| 06/06/2019 | 2 | Summons Issued as to Syracuse Police Officer Kelsey Francemone. (jdp, ) (Entered: 06/07/2019) |
| 06/07/2019 | 3 | G.O. 25 FILING ORDER ISSUED: Rule 16 Initial Conference set for 9/5/2019 at 02:30 PM by telephone before US Magistrate Judge Andrew T. Baxter. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 8/29/2019. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (jdp ) (Entered: 06/07/2019) |
| 07/11/2019 | 4 | NOTICE of Appearance by Lorraine M. Mertell on behalf of Syracuse Police Officer Kelsey Francemone (Mertell, Lorraine) (Entered: 07/11/2019) |
| 07/11/2019 | 5 | NOTICE of Appearance by William B. Hunt on behalf of Syracuse Police Officer Kelsey Francemone (Hunt, William) (Entered: 07/11/2019) |
| 07/12/2019 | 6 | Notice of Related Case by Syracuse Police Officer Kelsey Francemone submitted to Judge Norman Mordue . Objections due by 7/19/2019 (Mertell, Lorraine) (Entered: 07/12/2019) |
| 07/19/2019 | 7 | Letter Motion from Lorraine R. Mertell for Syracuse Police Officer Kelsey Francemone requesting extension of time to respond to Complaint submitted to Judge David N. Hurd . (Mertell, Lorraine) (Entered: 07/19/2019) |
| 07/22/2019 | 8 | TEXT ORDER: granting 7 Letter Request for an extension of time. The time for defendant Kelsey Francemone to answer or otherwise respond to the complaint is extended to 8/15/2019. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 7/22/2019. (nmk) (Entered: 07/22/2019) |
| 07/24/2019 | 9 | TEXT ORDER granting 6 Application for judge reassignment due to a related case. Upon review of both cases, the Court finds that this case is related to earlier case 5:16-CV-0929, therefore, in accordance with the Court's related case policy (See General Order 12) and in the interest of judicial economy, the Clerk is directed to reassign this case to Senior U.S. District Judge |

| | | Norman A. Mordue. Judge David N. Hurd is no longer assigned to this case. SO ORDERED by Judge David N. Hurd on 7/24/2019. (rjb, ) (Entered: 07/24/2019) |
|---|---|---|
| 07/29/2019 | 10 | AFFIDAVIT of Service for Summons and Complaint served on Kelsey Francemone on July 3, 2019, filed by Tanajee Maddox. (Lichtmacher, Fred) (Main Document 10 replaced on 7/30/2019) (jel, ). (Entered: 07/29/2019) |
| 07/30/2019 | | CLERK'S CORRECTION OF DOCKET ENTRY re 10 Affidavit of Service - Corrected image only for document appeared on the document upside down. (jel, ) (Entered: 07/30/2019) |
| 08/08/2019 | 11 | NOTICE of Appearance by John G. Powers on behalf of Kelsey Francemone (Powers, John) (Entered: 08/08/2019) |
| 08/08/2019 | 12 | Letter Motion from Lorraine R. Mertell, Esq. for Kelsey Francemone requesting permission to withdraw as counsel of record for Syracuse Police Officer Kelsey Francemone submitted to Judge Andrew T. Baxter . (Mertell, Lorraine) (Entered: 08/08/2019) |
| 08/14/2019 | 13 | NOTICE of Appearance by Mary L. D'Agostino on behalf of Kelsey Francemone (D'Agostino, Mary) (Entered: 08/14/2019) |
| 08/15/2019 | 14 | ANSWER to 1 Complaint by Kelsey Francemone.(D'Agostino, Mary) (Entered: 08/15/2019) |
| 08/28/2019 | 15 | TEXT ORDER: At the request of plaintiff's counsel, the telephonic Rule 16 Conference set for 9/5/2019 is RESCHEDULED to 9/17/2019 at 02:00 PM before U.S. Magistrate Judge Andrew T. Baxter. Plaintiff's counsel is directed to initiate the call and contact chambers at 315-234-8600 when all participants are on the conference line. This will be a joint conference with case no. 5:16-cv-929. The joint Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 9/10/2019. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 8/28/2019. (nmk) (Entered: 08/28/2019) |
| 09/10/2019 | 16 | CIVIL CASE MANAGEMENT PLAN by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/10/2019) |
| 09/17/2019 | 17 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting substitution of attorneys submitted to Judge Andrew T. Baxter . (D'Agostino, Mary) (Entered: 09/17/2019) |
| 09/17/2019 | | TEXT Minute Entry for telephonic Rule 16 conference held on 9/17/2019 before U.S. Magistrate Judge Andrew T. Baxter: Counsel are appearing for the purpose of this case, as well as case no. 16-cv-929. Court inquires as to how these two cases are going to be coordinated and/or consolidated. After consulting with counsel, discovery is to be coordinated and a more formal consolidation will be addressed at a later date. Court has a lengthy discussion with counsel regarding potential issues that may come up in this case. The court explained the Mandatory Mediation Program to counsel and waived this case out of the program. Pretrial deadlines were established. A scheduling order will be issued on behalf of District Judge Mordue. A telephonic status conference is set for 11/25/2019 at 2:00 PM. Any briefs regarding issues that need to be addressed at that conference are to be filed by 11/20/2019. Appearances: Fred Lichtmacher, Esq. for plaintiffs; John Powers, Esq. and Mary D'Agostino, Esq. for defendants. Time: 2:00 PM - 2:23 PM. (nmk) (Entered: 09/17/2019) |
| 09/17/2019 | 18 | UNIFORM PRETRIAL SCHEDULING ORDER: Deadline for the joinder of parties and the amendment of pleadings is 11/8/2019. Fact Discovery cutoff is 7/20/2020. Plaintiff's expert disclosures due by 7/20/2020; defendants' expert disclosures due by 9/3/2020; and any rebuttal disclosures are due by 9/18/2020. All discovery is to be completed by 10/18/2020. |

| | | Substantive motions to be filed by 12/17/2020. Preferred Trial Location: Syracuse. Signed by U.S. Magistrate Judge Andrew T. Baxter on 9/17/2019. (nmk) (Entered: 09/17/2019) |
|---|---|---|
| 09/17/2019 | 19 | TEXT ORDER: This case is removed from the ADR Program, subject to reconsideration at a future status conference. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 9/17/2019. (nmk) (Entered: 09/17/2019) |
| 09/17/2019 | | TEXT NOTICE of Hearing: A telephonic Status Conference is set for 11/25/2019 at 02:00 PM before U.S. Magistrate Judge Andrew T. Baxter. Defense counsel is directed to initiate the call and contact chambers at 315-234-8600 when all participants are on the conference line. Any briefs regarding issues that need to be addressed at that conference are to be filed by 11/20/2019. (nmk) (Entered: 09/17/2019) |
| 09/18/2019 | 20 | CONSENT ORDER: granting substitution of attorney. Hancock Estabrook, LLP is substituted as counsel of record for defendant in place of Mackenzie Hughes LLP. Signed by U.S. Magistrate Judge Andrew T. Baxter on 9/18/2019. (nmk) (Entered: 09/18/2019) |
| 11/25/2019 | | TEXT Minute Entry for telephonic Status Conference held on 11/25/2019 before U.S. Magistrate Judge Andrew T. Baxter: Counsel are appearing for the purpose of this case, as well as case no. 16-cv-929. Court advises that the joinder of parties and the amendment of pleadings deadlines have expired. After a lengthy discussion with counsel regarding an update on the progress and volume of discovery in both cases, counsel advise they will move forward with producing documents and evidence, and will work on the logistics of depositions to be conducted in the cases. Another telephonic status conference is set for 3/10/2020 at 2:00 PM, plaintiff's counsel to initiate. Appearances: Fred Lichtmacher, Esq. for plaintiffs; John Powers, Esq., Ryan Poplawski, Esq., Todd Long, Esq. and Mary D'Agostino, Esq. for defendants. Time: 2:03 PM - 2:34 PM. (nmk) (Entered: 11/25/2019) |
| 11/25/2019 | | TEXT NOTICE of Hearing: A telephonic Status Conference is set for 3/10/2020 at 02:00 PM before U.S. Magistrate Judge Andrew T. Baxter. Plaintiff's counsel is directed to initiate the call and contact chambers at 315-234-8600 when all participants are on the conference line. (nmk) (Entered: 11/25/2019) |
| 03/10/2020 | 21 | NOTICE of Appearance by Sophie West on behalf of Kelsey Francemone (West, Sophie) (Entered: 03/10/2020) |
| 03/10/2020 | | TEXT Minute Entry for proceedings held before US Magistrate Judge Andrew T. Baxter: Telephone Conference held on 3/10/2020. There has been some delay in this case, however, the parties are currently scheduling depositions. Plaintiff's counsel has disclosed witness statements, however, authorizations still need to be obtained from individuals who were acquitted of charges. Parties will continue to exchange discovery and advise if court intervention is needed. APP: Fred Lichtmacher, Esq., Mary D'Agostino, Esq., Todd Long, Esq., Sophie West, Esq., and John Powers, Esq.. Time: 2:10 PM - 2:18 PM. (sal ) (Entered: 03/11/2020) |
| 06/19/2020 | 22 | NOTICE of Appearance by Ryan M. Poplawski on behalf of All Defendants (Poplawski, Ryan) (Entered: 06/19/2020) |
| 06/19/2020 | 23 | TEXT SCHEDULING ORDER: Extending deadlines pursuant to the 6/19/2020 telephone conference held in the related action, 16-cv-929. Fact discovery cutoff is extended to 1/20/2021. Plaintiff's Expert Disclosure Deadline is 1/20/2021; Defendants' Expert Disclosure Deadline is 3/3/2021; and Rebuttal Expert Disclosure Deadline is 3/18/2021. All Discovery is to be completed by 4/19/2021. Substantive Motions are to be filed by 6/17/2021. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 6/19/2020. (nmk) (Entered: 06/19/2020) |

| | | |
|---|---|---|
| 08/17/2020 | 24 | NOTICE of Appearance by Steven T Halperin, I on behalf of All Plaintiffs (Halperin, Steven) Modified on 8/18/2020 Corrected version filed as docket number 25(pjh, ). (Entered: 08/17/2020) |
| 08/17/2020 | 25 | NOTICE of Appearance by Steven T Halperin, I on behalf of Tanajee Maddox (Halperin, Steven) (Entered: 08/17/2020) |
| 10/22/2020 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 10/22/2020 before U.S. Magistrate Judge Andrew T. Baxter: Counsel are appearing for the purpose of this case, as well as case no. 16-cv-929. Counsel contacted the court with a dispute related to the deposition of witness Day. After allowing arguments and questioning counsel, the court provides guidance on how to proceed with questions, objections and using the exhibit/chart during the deposition. Appearances: Fred Lichtmacher, Esq. and Steven Halperin, Esq. for plaintiff; John Powers, Esq. and Sophie West, Esq. for defendant. (Stenographer: John Brury. Time: 12:47 PM - 1:04 PM.) (nmk) (Entered: 10/22/2020) |
| 11/04/2020 | 26 | STIPULATION *as to Grand Jury materials* by Kelsey Francemone submitted to Judge Andrew T. Baxter. (West, Sophie) (Entered: 11/04/2020) |
| 11/06/2020 | 27 | PROTECTIVE ORDER: Setting forth the terms and conditions on the exchange and disclosure of Grand Jury materials. Signed by U.S. Magistrate Judge Andrew T. Baxter on 11/6/2020. (nmk) (Entered: 11/06/2020) |
| 12/05/2020 | 28 | Letter Motion from Sophie West for Kelsey Francemone requesting Judicial subpoena submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) B)(West, Sophie) (Entered: 12/05/2020) |
| 12/09/2020 | 29 | ORDER: Hillbrook Juvenile Detention shall produce Carlos Stackhouse for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 12/9/2020. (nmk) (Entered: 12/09/2020) |
| 12/09/2020 | 30 | ORDER: Clinton Correctional Facility shall produce Khalil Davis for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 12/9/2020. (nmk) (Entered: 12/09/2020) |
| 12/09/2020 | 31 | JUDICIAL SUBPOENA: as to Carlos Stackhouse to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 12/9/2020. (Attachments: # 1 Judicial Subpoena as to Khalil Davis) (nmk) (Entered: 12/09/2020) |
| 01/06/2021 | 32 | Letter Motion from Counsel for Defendant for Kelsey Francemone requesting protective order submitted to Judge Baxter . (Attachments: # 1 Proposed Order/Judgment Proposed Stipulated Protective Order)(Poplawski, Ryan) (Entered: 01/06/2021) |
| 01/07/2021 | 33 | PROTECTIVE ORDER: Setting forth the terms and conditions on the exchange and disclosure of confidential materials in this matter. Signed by U.S. Magistrate Judge Andrew T. Baxter on 1/7/2021. (nmk) (Entered: 01/07/2021) |
| 01/13/2021 | 34 | Letter Motion from Defendant for Kelsey Francemone requesting Extension submitted to Judge Baxter . (Poplawski, Ryan) (Entered: 01/13/2021) |
| 01/15/2021 | 35 | TEXT ORDER: granting 34 Letter Request for an extension of time. Fact discovery cutoff is extended to 5/4/2021. Plaintiff's Expert Disclosure Deadline is 5/4/2021; Defendants' Expert Disclosure Deadline is 6/18/2021; and Rebuttal Expert Disclosure Deadline is 7/2/2021. All Discovery is to be completed by 8/2/2021. Dispositive Motions are to be filed by 9/8/2021. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 1/15/2021. (nmk) (Entered: 01/15/2021) |

| | | |
|---|---|---|
| 02/18/2021 | 36 | Letter Motion from Sophie West for Kelsey Francemone requesting to withdraw as counsel. submitted to Judge Andrew T. Baxter . (West, Sophie) (Entered: 02/18/2021) |
| 02/19/2021 | | Attorney Sophie West has been terminated as an attorney of record for defendant per her 36 request. (nmk) (Entered: 02/19/2021) |
| 02/24/2021 | 37 | Letter Motion from Todd M. Long for Kelsey Francemone requesting court conference in order to address outstanding discovery matters pursuant to Local Rule 7.1(b)(2) submitted to Judge Andrew T. Baxter . (Long, Todd) (Entered: 02/24/2021) |
| 02/24/2021 | 38 | NOTICE of Appearance by Mary L. D'Agostino on behalf of Kelsey Francemone (D'Agostino, Mary) (Entered: 02/24/2021) |
| 02/26/2021 | 39 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena and Order re: Khalil Davis and court conference re: deposition re: Carlos Stackhouse submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A - proposed Order, # 2 Exhibit(s) B - judicial subpoena)(D'Agostino, Mary) (Entered: 02/26/2021) |
| 03/02/2021 | 40 | TEXT ORDER: granting 37 Letter Request for a conference. A Telephone Conference is set for 3/11/2021 at 02:30 PM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 1-877-873-8017 and enter access code 3362194 to connect to the conference. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 3/2/2021. (nmk) (Entered: 03/02/2021) |
| 03/02/2021 | 41 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 03/02/2021) |
| 03/03/2021 | 42 | ORDER: Clinton Correctional Facility shall produce Khalil Davis for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 3/3/2021. (nmk) (Entered: 03/03/2021) |
| 03/03/2021 | 43 | JUDICIAL SUBPOENA: as to Khalil Davis to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 3/3/2021. (nmk) (Entered: 03/03/2021) |
| 03/11/2021 | 44 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting new judicial subpoena and Order submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A - proposed Order, # 2 Exhibit(s) B - judicial subpoena)(D'Agostino, Mary) (Entered: 03/11/2021) |
| 03/12/2021 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 3/11/2021 before U.S. Magistrate Judge Andrew T. Baxter: Counsel provide updates regarding the progress with discovery. Defense counsel has issues regarding the power of attorney ("POA") form Ms. Maddox provided to defense counsel with respect to the Tennyson case and whether it supports various document authorization forms signed by counsel as POA for non-medical records. Defense counsel will try to get a revised POA and re-submit the authorizations. Defense counsel has serious issues with respect to plaintiff Tennyson's prolonged failure to submit medical authorizations. The court will consider entering an order warning plaintiff Tennyson that her failure to provide requested authorizations or otherwise to comply with her discovery obligations may result in the imposition of sanctions, including the possible dismissal of her case. The court confirms that it should be feasible for the parties to conduct an in-person deposition of an incarcerated, non-party witness at the court house, assuming that the sending facility provides sufficient security. Defense counsel will follow up with CRD Eallonardo regarding logistical details. Plaintiffs' counsel notes that there are three non-party deponents who are facing serious criminal charges at the local level. Plaintiffs' counsel thinks it is appropriate for them to notify the criminal attorney for these witnesses of the depositions. Defense counsel does not object to such notification by plaintiffs' counsel, but takes the position that only attorneys representing the witnesses |

| | | |
|---|---|---|
| | | in connection with this case should be allowed to participate in the depositions. The court will consider the extent to which lawyers for the witnesses may participate in the depositions to the extent that becomes necessary after notifications to the witnesses' criminal lawyers are made. The responses to written discovery demands from both plaintiffs are long overdue, but plaintiffs' counsel reports that they are actively involved in drafting responses and will serve them soon. Defense counsel notes that the parties are working hard to advance discovery, with ten depositions scheduled over the next two months, but requests an extension of discovery and other deadlines by at least 90 days. While the court acknowledges the need to extend the pretrial schedule, he directs the parties to submit a status letter proposing specific new deadlines by 4/26/2021, by which time counsel should have a better idea as to how much additional time is actually needed to complete pretrial proceedings. Counsel for both sides advise that non-party witnesses have expressed concern about intimidation or retaliation from members of their community or the police if they testify in a way that supports one side or the other. The court urged lawyers for both sides to discuss this issue with their clients and stress that no party to this proceeding should do anything to cause or facilitate witness intimidation or retaliation. The court will consider proposals from the parties to address the safety concerns of potential witnesses to the extent the source of possible intimidation comes from non-parties, although there may be substantial limitations on what the court can do to remedy that problem. Appearances: Fred Lichtmacher, Esq. and Steven Halperin, Esq. for plaintiff; John Powers, Esq. and Mary D'Agostino, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 2:31 PM - 3:21 PM.) (nmk) (Entered: 03/12/2021) |
| 03/15/2021 | 45 | ORDER: granting 44 Letter Request to produce a witness for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 3/15/2021. (nmk) (Additional attachment(s) added on 3/15/2021: # 1 Judicial Subpoena to appear for a deposition) (nmk, ). (Entered: 03/15/2021) |
| 03/15/2021 | 46 | TEXT ORDER: The 44 Letter Motion and 45 Order are SEALED for security reasons and other good cause shown. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 3/15/2021. (nmk) (Entered: 03/15/2021) |
| 04/12/2021 | 47 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to proceed with alternative service submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A)(D'Agostino, Mary) (Entered: 04/12/2021) |
| 04/15/2021 | 48 | TEXT ORDER: Defense counsel is directed to submit a proposed order and plaintiff's counsel is to advise the court promptly if they object to alternative service on these witnesses. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 4/15/2021. (kmc) (Entered: 04/15/2021) |
| 04/16/2021 | 49 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting approval of proposed Order re: alternative service submitted to Judge Andrew T. Baxter . (Attachments: # 1 Proposed Order/Judgment)(D'Agostino, Mary) (Entered: 04/16/2021) |
| 04/16/2021 | 50 | ORDER: Granting # 47 and # 49 Letter Request requesting leave to serve non-party witnesses by alternative methods. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/16/2021. (kmc) (Entered: 04/16/2021) |
| 04/26/2021 | 51 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting extension of pretrial deadlines submitted to Judge Andrew T. Baxter . (D'Agostino, Mary) (Entered: 04/26/2021) |
| 04/27/2021 | 52 | TEXT ORDER: Granting # 51 Letter Motion requesting an extension of time for pretrial deadlines. Complete Fact Discovery by 9/3/2021, Discovery due by 12/2/2021, Plaintiffs Expert Disclosure Deadline is 9/3/2021, Defendants Expert Disclosure Deadline is 10/18/2021, Rebuttal Expert Disclosure Deadline is 11/2/2021, Motions to be filed by 1/10/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 4/27/2021. (kmc) (Entered: 04/27/2021) |

| | | |
|---|---|---|
| 07/28/2021 | 53 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting court conference pursuant to Local Rules 7.1(d), 37.1, and 41.2 to address discovery disputes submitted to Judge Andrew T. Baxter . (Attachments: # 1 A - first set of document demands, # 2 B - first set of interrogatories, # 3 C - response to first set of document demands, # 4 D - response to first set of interrogatories, # 5 E - letter to counsel dated June 8, 2021, # 6 F - fourth set of document demands, # 7 G - e-mail memorializing call)(D'Agostino, Mary) (Entered: 07/28/2021) |
| 08/03/2021 | | TEXT NOTICE of Hearing: A telephonic conference is set for 8/19/2021 at 10:30 AM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 1-877-873-8017 and enter access code 3362194 to connect to the conference. (kmc) (Entered: 08/03/2021) |
| 08/03/2021 | | TEXT NOTICE re 53 Letter Motion requesting court conference pursuant to Local Rules 7.1(d), 37.1, and 41.2 to address discovery disputes. Should plaintiff's counsel choose to file a response it should be filed within 3 business days of the 8/19/21 telephone conference. Response to Motion due by 8/16/2021. (kmc) (Entered: 08/03/2021) |
| 08/16/2021 | 54 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 08/16/2021) |
| 08/16/2021 | 55 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 08/16/2021) |
| 08/19/2021 | 56 | LETTER BRIEF by Kelsey Francemone. (D'Agostino, Mary) (Entered: 08/19/2021) |
| 08/19/2021 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 8/19/2021 before U.S. Magistrate Judge Andrew T. Baxter re [53-56] Letter Briefs: After a lengthy discussion with counsel, a majority of the discovery disputes outlined in 53 56 letter briefs will be moot after counsel agree upon language for a stipulation regarding limitations on plaintiff's claims for economic damages and execute that stipulation. Plaintiff's counsel is directed to supplement responses to interrogatories 14 and 15, based on the guidance provided by the court during the conference, by 9/6/2021. Deadlines are extended as follows: Fact Discovery - by 12/3/2021; all discovery - by 3/2/2022 (Plaintiff's Expert Disclosure Deadline - by 12/3/2021, Defendant's Expert Disclosure - by 1/18/2022, and Rebuttal Expert Disclosure - by 2/2/2022); Dispositive Motions - by 4/11/2022. Appearances: Fred Lichtmacher, Esq. and Steven Halperin, Esq. for plaintiff; Mary D'Agostino, Esq. for defendant. (Court Reporter: Hannah Cavanaugh. Time: 10:30 AM - 11:07 AM.) (nmk) (Entered: 08/19/2021) |
| 08/19/2021 | 57 | TEXT ORDER: Plaintiff's counsel is directed to supplement responses to interrogatories 14 and 15, based on the guidance provided by the court during the 8/19/2021 conference, by 9/6/2021. Deadlines are extended as follows: Fact Discovery - by 12/3/2021; all discovery - by 3/2/2022 (Plaintiff's Expert Disclosure Deadline - by 12/3/2021, Defendant's Expert Disclosure - by 1/18/2022, and Rebuttal Expert Disclosure - by 2/2/2022); Dispositive Motions - by 4/11/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 8/19/2021. (nmk) (Entered: 08/19/2021) |
| 08/20/2021 | 58 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting Order and judicial subpoena re: Delbrian Grovner submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A - proposed Order, # 2 Exhibit(s) B - judicial subpoena)(D'Agostino, Mary) (Entered: 08/20/2021) |
| 08/23/2021 | 59 | ORDER: Attica Correctional Facility shall produce Delbrian Grovner for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 8/23/2021. (kmc) (Entered: 08/23/2021) |

| 08/23/2021 | 60 | JUDICIAL SUBPOENA: as to Delbrian Grovner to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 8/23/2021. (kmc) (Entered: 08/23/2021) |
|---|---|---|
| 08/24/2021 | 61 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting approval of revised Order re: deposition of Delbrian Grovner submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed order)(D'Agostino, Mary) (Entered: 08/24/2021) |
| 08/24/2021 | 62 | ORDER: Attica Correctional Facility shall produce Delbrian Grovner for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 8/24/2021. (kmc) (Entered: 08/24/2021) |
| 09/01/2021 | 63 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting approval of revised Order re: deposition of Delbrian Grovner submitted to Judge Andrew T. Baxter . (D'Agostino, Mary) (Entered: 09/01/2021) |
| 09/01/2021 | 64 | ORDER: Cayuga Correctional Facility shall produce Delbrian Grovner for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 9/1/2021. (kmc) (Entered: 09/01/2021) |
| 09/01/2021 | 65 | JUDICIAL SUBPOENA: as to Delbrian Grovner to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 9/1/2021.(kmc) (Entered: 09/01/2021) |
| 09/09/2021 | 66 | TRANSCRIPT of Proceedings: Telephone Conference held on 8/19/2021 before Judge Andrew T. Baxter, Court Reporter: Hannah Cavanaugh, Telephone number: 315-234-8545. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2021. Redacted Transcript Deadline set for 10/12/2021. Release of Transcript Restriction set for 12/8/2021. Notice of Intent to Redact due by 9/14/2021 (hfc, ) (Entered: 09/09/2021) |
| 09/15/2021 | 67 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to serve non-party witnesses by alternative methods submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed Order for Gregory Odom, # 2 Exhibit(s) proposed Order for Terry Causey, # 3 Exhibit(s) proposed Order for Camren Franklin)(D'Agostino, Mary) (Entered: 09/15/2021) |
| 09/16/2021 | 68 | NOTICE by Kelsey Francemone re 67 Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to serve non-party witnesses by alternative methods submitted to Judge Andrew T. Baxter *Affidavits of Non-Service attached* (D'Agostino, Mary) (Entered: 09/16/2021) |
| 09/16/2021 | 69 | ORDER: Granting 67 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Gregory Odom. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 9/16/2021. (kmc) (Entered: 09/16/2021) |
| 09/16/2021 | 70 | ORDER: Granting 67 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Terry Causey. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 9/16/2021.(kmc) (Entered: 09/16/2021) |

| 09/16/2021 | 71 | ORDER: Granting 67 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Camren Franklin. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 9/16/2021. (kmc) (Entered: 09/16/2021) |
|---|---|---|
| 10/08/2021 | 72 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting court conference to address outstanding discovery pursuant Dkt. No. 57 submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) Exhibit A)(D'Agostino, Mary) (Entered: 10/08/2021) |
| 10/22/2021 | | TEXT NOTICE of Hearing: A telephonic conference is set for 10/29/2021 at 1:00 PM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 1-877-873-8017 and enter access code 3362194 to connect to the conference.(kmc) (Entered: 10/22/2021) |
| 10/28/2021 | 73 | MOTION for *ORDER TO SHOW CAUSE re: contempt, sanctions, and requested relief* filed by Kelsey Francemone. Motion returnable before Judge Norman A. Mordue by Kelsey Francemone. (Attachments: # 1 Declaration, # 2 Exhibit(s) A - DOCCS information and certificate of conviction, # 3 Exhibit(s) B - judicial subpoena, # 4 Exhibit(s) C - affidavits of service, # 5 Exhibit(s) D - deposition transcript of Kahlil Davis, # 6 Exhibit(s) E - invoices, # 7 Exhibit(s) F - Onondaga County Grand Jury testimony, # 8 Exhibit(s) G - 06/22/2016 police report, # 9 Exhibit(s) I - transcript of police interview, # 10 Exhibit(s) J - photo array, # 11 Exhibit(s) K - social media photo, # 12 Exhibit(s) L - Judge Miller's letter decision, # 13 Exhibit(s) M - December judicial order re: Clinton Correctional Facility, # 14 Exhibit(s) N - March judicial order re: Clinton Correctional Facility, # 15 Exhibit(s) P - deposition transcript of Carlos Stackhouse, # 16 redacted)(D'Agostino, Mary) Modified on 10/29/2021 to clarify motion event. (nmk) (Attachment 7 replaced on 11/1/2021) (nmk, ). (Additional attachment(s) added on 11/1/2021: # 17 ***SEALED Unredacted Memorandum of Law) (nmk, ). (Attachment 11 replaced on 11/2/2021 as the original was a duplicate of Exhibit J.) (nmk) (Entered: 10/28/2021) |
| 10/29/2021 | 74 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to file documents under seal pursuant to Local Rule 5.3 submitted to Judge Norman A. Mordue . (Attachments: # 1 Appendix proposed sealing order)(D'Agostino, Mary) (Entered: 10/29/2021) |
| 10/29/2021 | 75 | NOTICE by Kelsey Francemone re 73 MOTION for Preliminary Injunction *ORDER TO SHOW CAUSE re: contempt, sanctions, and requested relief* filed by Kelsey Francemone. Motion returnable before Judge Norman A. Mordue *notice of conventional filings of Exhibits H and O to the Declaration of John G. Powers* (D'Agostino, Mary) (Entered: 10/29/2021) |
| 10/29/2021 | 76 | LETTER BRIEF *re: instructions to play Exhibit H and service of media exhibits upon non-party Khalil Davis* by Kelsey Francemone. (Attachments: # 1 Appendix 1 - instructions re: conventional Exhibit H)(D'Agostino, Mary) (Entered: 10/29/2021) |
| 10/29/2021 | 77 | USB: Exhibit H and Exhibit O of the # 73 Motion for Preliminary Injunction ORDER TO SHOW CAUSE were received and are on file in the Syracuse Clerk's office and are not available for public viewing. (ztc, ) (Entered: 10/29/2021) |
| 10/29/2021 | 78 | TRANSCRIPT REQUEST by Kelsey Francemone for proceedings held on 3/11/2021, 10/29/2021 before Judge Andrew T. Baxter.. (D'Agostino, Mary) (Entered: 10/29/2021) |
| 10/29/2021 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 10/29/2021 before U.S. Magistrate Judge Andrew T. Baxter re 73 defendant's letter motion: After a lengthy discussion with counsel, Mr. Lichtmacher is again directed to supplement responses, by 11/5/2021, to interrogatories 14 and 15, specifying where in the 75 pages of handwritten statements |

| | | |
|---|---|---|
| | | he incorporated by reference in his prior response, the details relating to the particular allegations in the complaint may be found. The parties should e-mail their proposed stipulation regarding limitations on plaintiff's claim for economic damages to my Courtroom Deputy Clerk so that the court may attempt to resolve the parties' dispute regarding a stipulation on this subject. Plaintiff is not required, at this time, to supplement interrogatory responses relating to plaintiff's possible economic damages. Appearances: Fred Lichtmacher, Esq. and Steven Halperin, Esq. for plaintiff; Mary D'Agostino, Esq. for defendant. (Court Reporter: Hannah Cavanaugh. Time: 1:00 PM 1:27 PM.) (kmc) (Entered: 10/29/2021) |
| 11/01/2021 | 79 | TEXT ORDER: After review of the defendant's application and for good cause shown, defendant's 74 Letter requesting permission to file documents under seal is granted. Unredacted versions of Exhibit F and Defendant's memorandum of law regarding the 73 motion for order to show cause shall be filed under seal. So Ordered by Senior Judge Norman A. Mordue on 11/1/2021. (nmk) (Entered: 11/01/2021) |
| 11/02/2021 | 80 | ORDER TO SHOW CAUSE: It is hereby ORDERED that non-party witness Khalil Davis show cause, by submission of papers, on or before November 15, 2021, why an Order should not be issued. It is further ORDERED, that service of a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, be made by Defendant on Khalil Davis (DIN: 17B2918) at Clinton Correctional Facility promptly via Federal Express overnight delivery and via the procedures outlined in Section II(F) of DOCCS Directive 6930, entitled "Service of Legal Papers on Inmates" and that such service be deemed good and sufficient. Signed by Senior Judge Norman A. Mordue on 11/2/2021. (nmk) (Entered: 11/02/2021) |
| 11/02/2021 | 81 | TEXT ORDER: The Court finds good cause to seal Dkt. No. 73-9 and Dkt. No. 73-10. So Ordered by Senior Judge Norman A. Mordue on 11/2/2021. (nmk) (Entered: 11/02/2021) |
| 11/09/2021 | 82 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting the Court so-order the executed stipulation submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) executed stipulation)(D'Agostino, Mary) (Entered: 11/09/2021) |
| 11/11/2021 | 83 | AFFIDAVIT of Service for Order to Show Cause [Dkt. Nos. 73, 80] served on non-party Khalil Davis on 11/05/2021, filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/11/2021) |
| 11/12/2021 | 84 | STIPULATION AND ORDER re 82 Stipulation. Signed by U.S. Magistrate Judge Andrew T. Baxter on 11/12/2021. (kmc) (Entered: 11/12/2021) |
| 11/16/2021 | 85 | TRANSCRIPT of Proceedings: Telephone Conference held on 10/29/2021 before Judge Andrew T. Baxter, Court Reporter: Hannah Cavanaugh, Telephone number: 315-234-8545. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2021. Redacted Transcript Deadline set for 12/17/2021. Release of Transcript Restriction set for 2/14/2022. Notice of Intent to Redact due by 11/22/2021 (hfc, ) (Entered: 11/16/2021) |

| | | |
|---|---|---|
| 11/22/2021 | 86 | TRANSCRIPT of Proceedings: Telephone Conference held on 3/11/2021 before Judge Andrew T. Baxter, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/13/2021. Redacted Transcript Deadline set for 12/23/2021. Release of Transcript Restriction set for 2/22/2022. Notice of Intent to Redact due by 11/29/2021 (jlh, ) (Entered: 11/22/2021) |
| 11/24/2021 | 87 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting an extension of deadlines submitted to Judge Andrew T. Baxter . (D'Agostino, Mary) (Entered: 11/24/2021) |
| 11/24/2021 | 88 | TEXT SCHEDULING ORDER: Fact discovery cutoff is 2/25/2022. Discovery cutoff is 6/14/2022 (plaintiff's expert disclosures due by 2/25/2022; defendants' expert disclosures due by 4/12/2022; and any rebuttal disclosures are due by 4/27/2022). Dispositive motions are to be filed by 7/8/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 11/24/2021. (kmc) (Entered: 11/24/2021) |
| 12/01/2021 | 89 | ORDER: finding non-party witness Khalil Davis in contempt as noted herein. It is further ORDERED that Defendant serve a copy of this Order on Mr. Davis within seven days and file proof of service on the docket. Signed by Senior Judge Norman A. Mordue on 12/1/2021. (nmk) (Entered: 12/01/2021) |
| 12/08/2021 | 90 | *First* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting a one-week extension to serve Khalil Davis with the Court's December 1, 2021 Order submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 12/08/2021) |
| 12/08/2021 | 91 | TEXT ORDER: Defendant's Letter Motion requesting an extension of time 90 is GRANTED. On or before December 15, 2021, Defendant shall serve a copy of the Order dated December 1, 2021 89 on non-party witness Khalil Davis and file proof of service on the docket. SO ORDERED by Senior Judge Norman A. Mordue on December 8, 2021. (rep) (Entered: 12/08/2021) |
| 12/09/2021 | 92 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to serve non-party witnesses by alternative methods as to Luis Reyes submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) Affidavit of Non-Service, # 2 Exhibit(s) proposed Order re: alternative service, # 3 Exhibit(s) proposed judicial subpoena)(D'Agostino, Mary) (Entered: 12/09/2021) |
| 12/10/2021 | 93 | ORDER: Granting 92 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Luis Reyes. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 12/10/2021. (kmc) (Entered: 12/10/2021) |
| 12/10/2021 | 94 | JUDICIAL SUBPOENA: as to Luis Reyes to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 12/10/2021. (kmc) (Entered: 12/10/2021) |
| 12/15/2021 | 95 | *Second* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting a one-week extension to file the Affidavit of Service related to non-party witness Khalil Davis submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: |

| | | 12/15/2021) |
|---|---|---|
| 12/16/2021 | 96 | TEXT ORDER: Defendant's Letter Motion requesting an extension of time 95 is GRANTED. Defendant shall file proof of service of the Order 89 on non-party witness Khalil Davis on the docket by December 22, 2021. Signed by Senior Judge Norman A. Mordue on December 16, 2021. (rep) (Entered: 12/16/2021) |
| 12/17/2021 | 97 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena re: Rakiem Days submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 12/17/2021) |
| 12/17/2021 | 98 | JUDICIAL SUBPOENA: as to Rakiem Days to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 12/17/2021. (kmc) (Entered: 12/17/2021) |
| 12/21/2021 | 99 | AFFIDAVIT of Service for Order dated 12/1/2021 (Dkt. No. 89) *personally* served on Khalil Davis on 12/10/2021, filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 12/21/2021) |
| 01/04/2022 | 100 | *Second* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting new judicial subpoena re: Rakiem Days submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed judicial subpoena)(D'Agostino, Mary) (Entered: 01/04/2022) |
| 01/05/2022 | 101 | JUDICIAL SUBPOENA: as to Rakiem Days to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 1/5/2022. (kmc) (Entered: 01/05/2022) |
| 01/21/2022 | | TEXT Minute Entry for a Telephone Conference held on 1/21/2022 before U.S. Magistrate Judge Andrew T. Baxter: Plaintiff's counsel called the court regarding defense counsel's questioning of plaintiff in 5:16-cv-929. The court provided guidance to the parties. Appearances: Fred Lichtmacher, Esq. and Steven Halperin for plaintiff; John Powers, Esq. for defendants. (Deposition Court Reporter: John F. Drury. Time: 3:34 PM - 3:47 PM.) (kmc) (Entered: 01/21/2022) |
| 02/03/2022 | 102 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting additional judicial subpoenas submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) Rakiem Days, # 2 Exhibit(s) Debraya Sneed, # 3 Exhibit(s) Sahgara Orr, # 4 Exhibit(s) Rashawn Ford)(D'Agostino, Mary) (Entered: 02/03/2022) |
| 02/03/2022 | 103 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Pre-motion conference submitted to Judge MJ Baxter . (Lichtmacher, Fred) (Entered: 02/03/2022) |
| 02/04/2022 | 104 | JUDICIAL SUBPOENA: as to Rakiem Days to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 2/4/2022. (Attachments: # 1 Judicial Subpoena as to Debraya Sneed, # 2 Judicial Subpoena to Sahgara Orr, # 3 Judicial Subpoena as to Rashawn Ford)(kmc) (Entered: 02/04/2022) |
| 02/04/2022 | | TEXT NOTICE TO COUNSEL: Senior Judge Mordue will address any motion to join cases re: 5:16-cv-929 and 5:19-cv-678 for trial. (kmc) (Entered: 02/04/2022) |
| 02/08/2022 | 105 | TEXT ORDER: To the extent Plaintiffs in Case Nos. 16-CV-929 and 19-CV-00678 seek joinder or consolidation, they are directed to file in each a formal motion, which the Court will decide once fully briefed. SO ORDERED by Senior Judge Norman A. Mordue on February 8, 2022. (rep) (Entered: 02/08/2022) |

| 02/08/2022 | 106 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting an extension of deadlines submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (D'Agostino, Mary) (Entered: 02/08/2022) |
|---|---|---|
| 02/09/2022 | 107 | TEXT SCHEDULING ORDER: Fact discovery cutoff is 4/26/2022. Discovery cutoff is 8/15/2022 (plaintiff's expert disclosures due by 4/26/2022; defendants' expert disclosures due by 6/13/2022; and any rebuttal disclosures are due by 6/27/2022). Dispositive motions are to be filed by 9/6/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 2/9/2022. (kmc) (Entered: 02/09/2022) |
| 02/14/2022 | 108 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to proceed with alternative service of non-party witness Rashawn Ford submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed Order for Rashawn Ford)(D'Agostino, Mary) (Entered: 02/14/2022) |
| 02/14/2022 | 109 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to proceed with alternative service of non-party witness Debraya Sneed submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed Order for Debraya Sneed)(D'Agostino, Mary) (Entered: 02/14/2022) |
| 02/14/2022 | 110 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to proceed with alternative service of non-party witness Sahgara Orr submitted to Judge Andrew T. Baxter . (Attachments: # 1 Exhibit(s) proposed Order for Sahgara Orr)(D'Agostino, Mary) (Entered: 02/14/2022) |
| 02/15/2022 | 111 | ORDER: Granting 108 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Rashawn Ford. Signed by U.S. Magistrate Judge Andrew T. Baxter on 2/15/2022. (kmc) (Entered: 02/15/2022) |
| 02/15/2022 | 112 | ORDER: Granting 109 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Debraya Sneed. Signed by U.S. Magistrate Judge Andrew T. Baxter on 2/15/2022. (kmc) (Entered: 02/15/2022) |
| 02/15/2022 | 113 | ORDER: Granting 110 Letter Request requesting leave to serve non-party witnesses by alternative methods as to Sahgara Orr. Signed by U.S. Magistrate Judge Andrew T. Baxter on 2/15/2022. (kmc) (Entered: 02/15/2022) |
| 02/18/2022 | 114 | First MOTION to Consolidate Cases filed by Tanajee Maddox. Response to Motion due by 3/11/2022 (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Exhibit(s) Deposition Excerpt, # 4 Exhibit(s) Deposition Excerpt, # 5 Exhibit(s) Deposition Excerpt, # 6 Exhibit(s) Deposition Excerpt, # 7 Exhibit(s) Deposition Excerpt, # 8 Exhibit(s) Deposition Excerpt, # 9 Exhibit(s) Deposition Excerpt, # 10 Exhibit(s) Deposition Excerpt, # 11 Exhibit(s) Deposition Excerpt, # 12 Exhibit(s) Photo of the Decedent, # 13 Exhibit(s) DOC Document) Motions referred to Andrew T. Baxter. (Lichtmacher, Fred) (Attachment 13 replaced on 2/24/2022) (pjh, ). (Entered: 02/18/2022) |
| 02/24/2022 | | CLERK'S CORRECTION OF DOCKET ENTRY: Clerk replaced attachment 13 of the # 114 Motion to Consolidate Cases with a redacted version. (pjh, ) (Entered: 02/24/2022) |
| 02/25/2022 | 115 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena for rescheduled deposition of Sahgara Orr submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena)(D'Agostino, Mary) (Attachment 1 replaced on 2/25/2022) (kmc, ). Modified on 2/25/2022 to replace the proposed judicial subpoena with the correct date. (kmc) (Entered: 02/25/2022) |

| 02/25/2022 | 116 | JUDICIAL SUBPOENA: as to Sahgara Orr to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 2/25/2022. (kmc) (Entered: 02/25/2022) |
|---|---|---|
| 02/28/2022 | 117 | *First* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting extension to respond to pending motion to consolidate [Dkt. No. 114] submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 02/28/2022) |
| 03/01/2022 | 118 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 03/01/2022) |
| 03/02/2022 | 119 | LETTER BRIEF by Kelsey Francemone. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Poplawski, Ryan) (Entered: 03/02/2022) |
| 03/03/2022 | 120 | TEXT ORDER: Granting defense counsel's 117 Letter Request for an extension of time to file a response. Defendant's Response to the 114 First MOTION to Consolidate Cases is now due on or before April 11, 2022. SO ORDERED by Senior Judge Norman A. Mordue on March 3, 2022. (rep) (Entered: 03/03/2022) |
| 03/03/2022 | | TEXT NOTICE of Hearing: A telephonic conference is set for 3/7/2022 at 10:00 AM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 1-877-873-8017 and enter access code 3362194 to connect to the conference. (kmc) (Entered: 03/03/2022) |
| 03/07/2022 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 3/7/2022 before U.S. Magistrate Judge Andrew T. Baxter re 118 plaintiff's letter motion and 119 defendant's response in opposition: The court had a lengthy discussion with counsel and determined that defendant has produced to plaintiff photographs of defendant taken after the incident relating to this lawsuit which partially show tattoos on defendant's right arm. The court viewed two of the photographs and determined that the photographs clearly depict some, but apparently not all of defendant's tattoo "sleeve." For reasons stated on the record, the court denied plaintiff's request for defendant to submit to photography of her tattoos and denied plaintiff's request to compel the Syracuse Police Department to search for and produce additional photographs of defendant that might show clearer and more complete images of tattoos on defendant's right arm. The parties should rely on the transcript of this proceeding for the supporting reasons for that decision. Plaintiff's counsel will provide to defendant responses to their fifth set of document demands by 3/11/2022. Appearances: Fred Lichtmacher, Esq. and Steven Halperin, Esq. for plaintiff; John Powers, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 10:00 AM - 10:23 AM.)(kmc) (Entered: 03/07/2022) |
| 03/08/2022 | 121 | TEXT ORDER: On December 1, 2021, the Court entered an Order finding non-party witness Khalil Davis in contempt and directed the defendant to personally serve Davis with a copy of the Order. *See Dkt. No. 89*. On December 21, 2021, defense filed an Affidavit of Service indicating that service of the Order had been personally effectuated. *See Dkt. No. 99*. The defendant is directed to file a status report with the Court by March 14, 2022, advising whether or not Khalil Davis has complied with the Court's December 1, 2021 Order. SO ORDERED by Senior Judge Norman A. Mordue on March 8, 2022. (rep) (Entered: 03/08/2022) |
| 03/14/2022 | 122 | STATUS REPORT *per Text Order 121* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/14/2022) |
| 03/14/2022 | 123 | TRANSCRIPT REQUEST by Kelsey Francemone for proceedings held on 3/7/2022 before Judge Andrew T. Baxter, Chief U.S. Magistrate Judge.. (D'Agostino, Mary) (Entered: 03/14/2022) |
| 03/21/2022 | 124 | TRANSCRIPT of Proceedings: Telephone Conference held on 3/7/2022 before Judge Andrew T. Baxter, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/11/2022. Redacted Transcript Deadline set for 4/21/2022. Release of Transcript Restriction set for 6/21/2022. Notice of Intent to Redact due by 3/28/2022 (jlh, ) (Entered: 03/21/2022) |
| 03/29/2022 | 125 | MOTION ORDER TO SHOW CAUSE re: non-party contempt, sanctions, and requested relief filed by Kelsey Francemone. Response to Motion due by 4/19/2022 (Attachments: # 1 Declaration John G. Powers, # 2 Exhibit(s) A - plea transcript, # 3 Exhibit(s) B - sentencing transcript, # 4 Exhibit(s) C - affidavits of service, # 5 Exhibit(s) D - AOS to E. Klein, # 6 Exhibit(s) E - AOS to Isiah Stackhouse, # 7 Exhibit(s) F - deposition transcript, # 8 Exhibit(s) Sealed G - Onondaga County Grand Jury testimony, # 9 Exhibit(s) H - J. Nye police report, # 10 Exhibit(s) I - recording of police interview (to be conventionally filed), # 11 Exhibit(s) J - transcript of police interview, # 12 Exhibit(s) K - written police statement, # 13 Exhibit(s) L - Judge Miller's first Order, # 14 Exhibit(s) M - Judge Miller's second Order, # 15 Exhibit(s) N - Judge Baxter's December Order re: Hillbrook, # 16 Exhibit(s) Sealed O - Judge Baxter's March Order re: Hillbrook, # 17 Exhibit(s) Sealed P - Judge Baxter's judicial subpoena, # 18 Exhibit(s) Q - video of deposition (to be conventionally filed), # 19 Exhibit(s) R - excerpt of deposition) Motions referred to Andrew T. Baxter. (D'Agostino, Mary) (Attachments 8, 16 and 17 replaced on 10/1/2024 pursuant to the #129 Text Order.) (nmk) (Entered: 03/29/2022) |
| 03/29/2022 | 126 | AFFIDAVIT in Support re 125 MOTION ORDER TO SHOW CAUSE re: non-party contempt, sanctions, and requested relief filed by Kelsey Francemone. *Declaration of Mary L. D'Agostino re: OSHOW* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) S - Uniform Sentence & Commitment)(D'Agostino, Mary) (Entered: 03/29/2022) |
| 03/29/2022 | 127 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to file certain exhibits under seal pursuant to Local Rule 5.3 submitted to Judge Norman A. Mordu submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 03/29/2022) |
| 03/29/2022 | 128 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to exceed page limit and permission to file redacted version of memorandum of law in support of OSHOW submitted to Judge Norman A. Mordue . (Attachments: # 1 Memorandum of Law redacted memorandum of law in support of OSHOW)(D'Agostino, Mary) (Entered: 03/29/2022) |
| 03/29/2022 | 129 | TEXT ORDER: Having shown good cause, Defendant's Letter Motion requesting permission to file certain exhibits under seal 127 is GRANTED. Exhibits G, O, and P in support of Defendant's Motion for an Order to Show Cause shall be filed under seal. SO ORDERED by Senior Judge Norman A. Mordue on March 29, 2022. (rep) (Entered: 03/29/2022) |
| 03/29/2022 | 130 | TEXT ORDER: GRANTING defense counsel's 128 letter motion - Defendant shall file under seal an unredacted version of its Memorandum of Law Supporting the Motion for an Order to Show Cause. SO ORDERED by Senior Judge Norman A. Mordue on March 29, 2022. (rep) (Entered: 03/29/2022) |

| 03/29/2022 | 131 | MEMORANDUM OF LAW re 125 Motion for Miscellaneous/Other Relief,,,,, *redacted memorandum of law (see Text Order 130)* filed by Kelsey Francemone. (D'Agostino, Mary) (Additional attachment added on 10/1/2024 pursuant to the #130 Text Order: # 1 ***SEALED Unredacted Memorandum of Law) (nmk) (Entered: 03/29/2022) |
| --- | --- | --- |
| 03/29/2022 | 132 | USB Drive: Syracuse Clerks Office received a USB drive containing digital media - Exhibit I and Q to the # 125 Declaration of John G. Powers. Not available for public viewing. (gmd, ) (Entered: 03/29/2022) |
| 03/30/2022 | 133 | LETTER BRIEF *to District Judge Norman A. Mordue re: instructions on how to play Exhibit I to the Declaration of John G. Powers (Dkt. No. 125-10)* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) Smart Play instructions)(D'Agostino, Mary) (Entered: 03/30/2022) |
| 03/30/2022 | 134 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting (renewing) alternative relief requested by application for the Order to Show Cause (see Dkt. No. 73) submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 03/30/2022) |
| 04/01/2022 | 135 | ORDER TO SHOW CAUSE: It is hereby ORDERED that non-party witness **Carlos Stackhouse** show cause by submission of papers, on or before April 14, 2022, why an Order should not be issued. It is further ORDERED that service of a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, shall be promptly made by Defendant on Carlos Stackhouse via Federal Express overnight delivery, and that such service be deemed good and sufficient; and it is further ORDERED that service of a copy of this Order to Show Cause, together with a copy of the papers upon which it is based, shall be promptly made by Defendant on Carlos Stackhouse via attorney Edward W. Klein, Esq., and that such service be deemed good and sufficient. Signed by Senior Judge Norman A. Mordue on March 31, 2022. (rep) (Entered: 04/01/2022) |
| 04/04/2022 | 136 | AFFIDAVIT of Service for Order to Show Cause + supporting papers *(Dkt. No. 135)* served on Carlos Stackhouse, Ed Klein on 4/4/2022, filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/04/2022) |
| 04/07/2022 | 137 | *Second* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting an additional extension to respond to pending motion to consolidate [Dkt. No. 114] submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 04/07/2022) |
| 04/08/2022 | 138 | TEXT ORDER: Granting defense counsel's 137 Letter Motion for an extension of time to file their opposition papers to the 114 Motion to Consolidate. Defendant's response is due by April 25, 2022. SO ORDERED by Senior Judge Norman A. Mordue on April 8, 2022. (rep) (Entered: 04/08/2022) |
| 04/08/2022 | 139 | TEXT ORDER: Plaintiff is directed to respond to Defendant's letter motion 134 on or before April 22, 2022. Plaintiff shall address the admissibility of the grand jury testimony and statements made by both Khalil Davis and Carlos Stackhouse. Any reply will be due on or before April 29, 2022. SO ORDERED by Senior Judge Norman A. Mordue on April 8, 2022. (rep) (Entered: 04/08/2022) |
| 04/18/2022 | 140 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to conduct deposition pursuant to Rule 30(a)(2)(B) submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena, # 2 Exhibit(s) B - proposed Order)(D'Agostino, Mary) (Entered: 04/18/2022) |

| 04/19/2022 | 141 | ORDER: Granting 140 Letter Request requesting leave to conduct the deposition of non-party witness Johanen Pizarro. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/19/2022. (kmc) (Entered: 04/19/2022) |
| --- | --- | --- |
| 04/19/2022 | 142 | JUDICIAL SUBPOENA: as to Johanen Pizarro to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/19/2022. (kmc) (Entered: 04/19/2022) |
| 04/20/2022 | 143 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena re: Rasheena Ortiz-Jenkins submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena re: Rasheena Ortiz-Jenkins)(D'Agostino, Mary) (Attachment 1 replaced on 4/20/2022) (kmc, ). (Entered: 04/20/2022) |
| 04/20/2022 | 144 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena and Order re: Johanen Pizarro submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena, # 2 Exhibit(s) B - proposed Order)(D'Agostino, Mary) (Entered: 04/20/2022) |
| 04/20/2022 | 145 | JUDICIAL SUBPOENA: as to Rasheena Ortiz-Jenkins to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/20/2022. (kmc) (Entered: 04/20/2022) |
| 04/20/2022 | 146 | ORDER: Granting 144 Letter Request requesting leave to conduct the deposition of non-party witness Johanen Pizarro. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/20/2022. (kmc) (Entered: 04/20/2022) |
| 04/20/2022 | 147 | JUDICIAL SUBPOENA: as to Johanen Pizarro to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 4/20/2022. (kmc) (Entered: 04/20/2022) |
| 04/22/2022 | 148 | RESPONSE in Opposition re 114 First MOTION to Consolidate Cases filed by Tanajee Maddox. filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - Tennyson complaint, # 2 Exhibit(s) B - Maddox complaint, # 3 Exhibit(s) C - interrogatory response, # 4 Exhibit(s) D - excerpts from Tennyson deposition, # 5 Exhibit(s) E - notice of conventional filing of Exhibit E (video clip), # 6 Exhibit(s) F - excerpts from deposition of Zulueta, # 7 Exhibit(s) G - excerpts from deposition of Brown, # 8 Exhibit(s) H - excerpts from deposition of Days, # 9 Exhibit(s) I - excerpts from deposition of Drake, # 10 Exhibit(s) J - excerpts from deposition of Hoyle, # 11 Exhibit(s) K - excerpts from deposition, # 12 Exhibit(s) L - excerpts from deposition of Washington, # 13 Exhibit(s) M - excerpts from deposition of Francemone)(D'Agostino, Mary) (Entered: 04/22/2022) |
| 04/22/2022 | 149 | MEMORANDUM OF LAW re 148 Response in Opposition to Motion,,, filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/22/2022) |
| 04/22/2022 | 150 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting a 30-day extension to the remaining deadlines submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (D'Agostino, Mary) (Entered: 04/22/2022) |
| 04/22/2022 | 151 | RESPONSE in Opposition re 134 Defendants Letter Motion seeking admission of the grand jury testimony and statements made by Khalil Davis and Carlos Stackhouse. Filed by Tanajee Maddox. (Attachments: # 1 Declaration, # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s), # 12 Exhibit(s), # 13 Exhibit(s), # 14 Exhibit(s), # 15 Exhibit(s), # 16 Exhibit(s), # 17 Exhibit(s) SEALED, # 18 Exhibit(s) SEALED, # 19 Exhibit(s), # 20 Exhibit(s), # 21 Exhibit(s))(Lichtmacher, Fred) Modified on 4/26/2022 to correct which motion this response pertains to (rep). (Entered: 04/22/2022) |

| 04/25/2022 | 152 | USB Drive: Syracuse Clerks Office received a USB drive and a courtesy copy USB containing digital media - Exhibit E to the Dkt. # 148 Declaration of John Powers. Not available for public viewing. (gmd, ) (Entered: 04/25/2022) |
|---|---|---|
| 04/25/2022 | 153 | TEXT SCHEDULING ORDER: Fact discovery cutoff is 5/26/2022. Discovery cutoff is 9/15/2022 (plaintiff's expert disclosures due by 5/26/2022; defendants' expert disclosures due by 7/13/2022; and any rebuttal disclosures are due by 7/27/2022). Dispositive motions are to be filed by 10/6/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 4/25/2022. (kmc) (Entered: 04/25/2022) |
| 04/25/2022 | 154 | Letter Motion for Tanajee Maddox requesting File a Document Under Seal submitted to Judge Hon. Norman A. Mordue . (Attachments: # 1 Proposed Order/Judgment Appendix 1)(Lichtmacher, Fred) (Entered: 04/25/2022) |
| 04/25/2022 | 155 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Permission to file the completed response instead of the draft accidentally submitted at Dkt # 151 submitted to Judge Norman A. Mordue . (Lichtmacher, Fred) (Entered: 04/25/2022) |
| 04/26/2022 | | CLERK'S CORRECTION OF DOCKET ENTRY: The clerk modified the docket text of the 151 Response in Opposition to Motion to note the correct motion it is responding to. (rep) (Entered: 04/26/2022) |
| 04/27/2022 | 156 | TEXT ORDER: GRANTING Plaintiff's 154 Letter Motion to file under seal the requested exhibits contained within their 151 Response, and GRANTING Plaintiff's 155 Letter Motion to re-file their completed response that was originally submitted at Dkt # 151 . SO ORDERED by Senior Judge Norman A. Mordue on April 27, 2022. (rep) (Entered: 04/27/2022) |
| 04/27/2022 | 157 | MEMORANDUM OF LAW re 125 Motion for Miscellaneous/Other Relief,,,,, *Corrected Memorandum of Law Filed in place of Document No. 151 pursuant to the Text Order of the Court Dated 4/27/22 (ECF No. 156)* filed by Tanajee Maddox. (Halperin, Steven) (Entered: 04/27/2022) |
| 04/28/2022 | 158 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting one-week extension to file reply papers re: Dkt. No. 139 submitted to Judge Norman A. Mordue . (D'Agostino, Mary) (Entered: 04/28/2022) |
| 04/29/2022 | 159 | TEXT ORDER: GRANTING defense counsel's 158 Letter Request for an extension of time to file their reply. Defendant's reply papers are now due by May 6, 2022. SO ORDERED by Senior Judge Norman A. Mordue on April 29, 2022. (rep) (Entered: 04/29/2022) |
| 05/06/2022 | 160 | REPLY to Response to Motion re 73 MOTION for Order to Show Cause *re: Khalil Davis* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/06/2022) |
| 05/06/2022 | 161 | REPLY to Response to Motion re 125 MOTION ORDER TO SHOW CAUSE re: non-party contempt, sanctions, and requested relief filed by Kelsey Francemone. *re: Carlos Stackhouse* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/06/2022) |
| 05/18/2022 | 162 | ORDER: The Court reserves decision as to Plaintiffs' Motion to Consolidate (Dkt. No. 160 in Case No. 5:16-cv-0929 and Dkt. No. 114 in Case No. 5:19-cv-0678); and it is further ORDERED that this Order shall be entered in Case No. 5:16-cv-0929 & Case No. 5:19-cv-0678; and it is further ORDERED that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of the Northern District of New York. Signed by Senior Judge Norman A. Mordue on 5/18/2022. (pjh, ) (Entered: 05/18/2022) |

| 05/19/2022 | 163 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena re: The Wallie Howard Jr. Center for Forensic Sciences submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena re: The Wallie Howard Jr. Center for Forensic Sciences)(D'Agostino, Mary) (Attachment 1 replaced on 5/20/2022) (kmc). Modified on 5/20/2022 to replace the document with the corrected judicial subpoena form. (kmc) (Entered: 05/19/2022) |
|---|---|---|
| 05/20/2022 | | CLERK'S CORRECTION OF DOCKET ENTRY re 163 Letter Motion - Attachment #1. Clerk replaced the document with the corrected judicial subpoena. (kmc) (Entered: 05/20/2022) |
| 05/20/2022 | 164 | ORDER: A contempt hearing is necessary to assess Stackhouse's credibility and determine whether he willfully failed to comply with the subpoena for his deposition on March 15, 2021. A hearing will be scheduled in due course. It is ORDERED that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of the Northern District of New York; and it is further ORDERED that the Clerk mail a copy of this Order to Carlos Stackhouse at Goshen Secure Center, 97 Cross Road, Goshen, New York, 10924; and it is further ORDERED that the Clerk mail a copy of this Order to Stackhouse's attorney, Ed Klein, at 120 East Washington Street, Suite 815, Syracuse, New York 13202. Signed by Senior Judge Norman A. Mordue on May 20, 2022. (rep) (Entered: 05/20/2022) |
| 05/20/2022 | 165 | Letter Motion for Kelsey Francemone requesting extension of time submitted to Judge Baxter . (Poplawski, Ryan) (Entered: 05/20/2022) |
| 05/20/2022 | 166 | JUDICIAL SUBPOENA: Directing The Wallie Howard Jr. Center For Forensic Sciences to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by U.S. Magistrate Judge Andrew T. Baxter on 5/20/2022. (kmc) (Entered: 05/20/2022) |
| 05/20/2022 | 167 | TEXT ORDER: Granting 165 Letter Request for an extension of time. Fact discovery cutoff is 7/25/2022. Discovery cutoff is 11/14/2022 (plaintiff's expert disclosures due by 7/25/2022; defendants' expert disclosures due by 9/12/2022; and any rebuttal disclosures are due by 9/25/2022). Dispositive motions are to be filed by 12/5/2022. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 5/20/2022. (kmc) (Entered: 05/20/2022) |
| 07/24/2022 | 168 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting a conerence submitted to Judge Baxter . (Attachments: # 1 Exhibit(s) requests to admit)(Lichtmacher, Fred) (Entered: 07/24/2022) |
| 07/28/2022 | | TEXT NOTICE of Hearing: A telephonic conference is set for 8/5/2022 at 2:00 PM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 315-691-0477 and enter ID code 364743557 to connect to the conference. (kmc) (Entered: 07/28/2022) |
| 08/05/2022 | 169 | LETTER BRIEF *re: Plaintiff's request at Dkt. No. 168* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - July 14, 2022 letter to counsel, # 2 Exhibit(s) B - Defendant's Second Set of Interrogatories, # 3 Exhibit(s) C - Plaintiffs' expert report, # 4 Exhibit(s) D - documents referenced in RFA)(D'Agostino, Mary) (Entered: 08/05/2022) |
| 08/05/2022 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 8/5/2022 before U.S. Magistrate Judge Andrew T. Baxter: For the reasons stated on the record, the court will not require defendant to respond to plaintiff's request for admission. Plaintiff will respond to the remaining outstanding interrogatory response. Appearances: Fred Lichtmacher, Esq. |

| | | and Steven Halperin, Esq. for plaintiff; Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Eileen McDonough. Time: 2:00 PM - 2:20 PM.) (kmc) (Entered: 08/05/2022) |
|---|---|---|
| 08/31/2022 | 170 | TRANSCRIPT of Proceedings: Telephone Conference held on 8/5/2022 before Judge Andrew T. Baxter, Court Reporter/Transcriber: Eileen McDonough, Telephone number: 315-234-8546. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/21/2022. Redacted Transcript Deadline set for 10/3/2022. Release of Transcript Restriction set for 11/29/2022. Notice of Intent to Redact due by 9/6/2022 (etm, ) (Entered: 08/31/2022) |
| 09/09/2022 | 171 | Letter Motion for Kelsey Francemone requesting extension of time submitted to Judge Baxter . (Poplawski, Ryan) (Entered: 09/09/2022) |
| 09/12/2022 | 172 | TEXT ORDER: Granting 171 Letter Request for an extension of time. Discovery cutoff is 12/2/2022 (defendants' expert disclosures due by 10/3/2022; and any rebuttal disclosures are due by 10/17/2022). Dispositive motions are to be filed by 1/6/2023. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 9/12/2022. (kmc) (Entered: 09/12/2022) |
| 10/20/2022 | 173 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting judicial subpoena to NMS Labs submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena)(D'Agostino, Mary) (Entered: 10/20/2022) |
| 10/21/2022 | 174 | JUDICIAL SUBPOENA: Directing NMS Labs to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by U.S. Magistrate Judge Andrew T. Baxter on 10/21/2022. (kmc) (Entered: 10/21/2022) |
| 11/30/2022 | 175 | LETTER BRIEF *Re the death of plaintiff's counsel* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 11/30/2022) |
| 12/01/2022 | 176 | LETTER BRIEF *to Judge Baxter re: current status of discovery* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 12/01/2022) |
| 12/01/2022 | 177 | TEXT ORDER re 175 LETTER BRIEF and 176 LETTER BRIEF. All Deadlines STAYED. Counsel is directed to file a Status Report by 1/6/2023. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 12/1/2022. (gmd) (Entered: 12/01/2022) |
| 01/04/2023 | 178 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 01/04/2023) |
| 01/04/2023 | 179 | ORDER REASSIGNING CASE. Case reassigned to Chief Judge Brenda K. Sannes for all further proceedings. Signed by Chief Judge Brenda K. Sannes on 1/4/2023. (pjh, ) (Entered: 01/04/2023) |
| 01/06/2023 | 180 | STATUS REPORT by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 01/06/2023) |

| 01/09/2023 | 181 | TEXT ORDER re 180 Status Report filed by Tanajee Maddox. The stay or all deadlines is extended to 2/6/2023. The parties shall submit a further status report with proposed revised deadlines for the completion of pretrial proceedings by 2/16/2023. Signed by U.S. Magistrate Judge Andrew T. Baxter on 1/6/2023. (Baxter, Andrew) (Entered: 01/09/2023) |
|---|---|---|
| 02/16/2023 | 182 | STATUS REPORT by Kelsey Francemone. (D'Agostino, Mary) (Entered: 02/16/2023) |
| 02/17/2023 | 183 | TEXT ORDER: Granting the parties proposed briefing schedule. The deadline for expert depositions to be completed is extended to June 2, 2023 and dispositive motions are now due by July 28, 2023. SO ORDERED by US Magistrate Judge Andrew T. Baxter on February 17, 2023. (rep) (Entered: 02/17/2023) |
| 03/02/2023 | 184 | ORDER: It is hereby ORDERED that Plaintiff Evelyn Tennyson's motion to consolidate (Dkt. No. 160 in Case No. 5:16-cv-0929) is DENIED without prejudice to renew upon the completion of discovery and dispositive motion practice. It is further ORDERED that Plaintiff Tanajee Maddox's motion to consolidate (Dkt. No. 114 in Case No. 5:19-cv-0678) is DENIED without prejudice to renew upon the completion of discovery and dispositive motion practice. Signed by Chief Judge Brenda K. Sannes on 3/2/2023. (nmk) (Entered: 03/02/2023) |
| 03/07/2023 | 185 | MEMORANDUM-DECISION & ORDER: It is ORDERED that Defendant's renewed motion to admit evidence (Dkt. No. 134 ) is DENIED without prejudice to renew. Signed by Chief Judge Brenda K. Sannes on 3/7/2023. (nmk) (Entered: 03/07/2023) |
| 04/10/2023 | 186 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting An Extension submitted to Judge Baxter . (Lichtmacher, Fred) (Entered: 04/10/2023) |
| 04/11/2023 | 187 | TEXT ORDER: Plaintiff's counsel is directed to file a status report by 4/28/2023, reporting on if he intends to replace the deceased expert. If the deceased expert will be replaced, plaintiff's counsel should include a proposed revised schedule for extending the current deadlines. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 4/11/2023. (kmc) (Entered: 04/11/2023) |
| 04/28/2023 | 188 | STATUS REPORT by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 04/28/2023) |
| 05/12/2023 | 189 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting a conference submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/12/2023) |
| 05/12/2023 | | TEXT NOTICE of Hearing: A Telephone Conference is set for 5/23/2023 at 10:00 AM before Chief Judge Brenda K. Sannes. The parties are directed to dial 315-691-0477 and use ID 398558449# to connect to the conference. (nmk) (Entered: 05/12/2023) |
| 05/23/2023 | | TEXT Minute Entry for Telephone Conference held on 5/23/2023 before Chief Judge Brenda K. Sannes: Counsel are appearing for the purpose of this case, as well as case no. 16-cv-929. Plaintiff's counsel explains his 200 letter in further detail. After a discussion with counsel regarding plaintiff's letter and another letter received from a witness, the court will consider a protective order. Any proposed protective order shall be filed by 5/31/2023. Any transcript of this conference will not be disclosed until the court rules on the anticipated request for a protective order. The court reviews the schedule with counsel and confirms that the case is on track with the current deadlines. Appearances: Fred Lichtmacher, Esq. for plaintiffs; John Powers, Esq. and Mary D'Agostino, Esq. for defendants. (Court Reporter: Jodi Hibbard. Time: 10:00 a.m. - 10:19 a.m.) (nmk) (Entered: 05/23/2023) |

| | | |
|---|---|---|
| 06/05/2023 | 190 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 5/23/2023 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 06/05/2023) |
| 06/06/2023 | 191 | TRANSCRIPT of Proceedings: Telephone Conference held on 5/23/2023 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. Notice of Intent to Redact due by 6/12/2023 (jlh, ) (Entered: 06/06/2023) |
| 06/07/2023 | 192 | TRANSCRIPT REQUEST by Kelsey Francemone for proceedings held on 5/23/2023 before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 06/07/2023) |
| 06/08/2023 | 193 | LETTER BRIEF *re: Plaintiff's failure to comply with the Court's recent directive, which stated "[a]ny proposed protective order shall be filed by 5/31/2023."* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 06/08/2023) |
| 06/08/2023 | 194 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 06/08/2023) |
| 06/12/2023 | 195 | TEXT ORDER: The Court has reviewed the parties' letter briefs 193 , 194 . In light of the representation from Plaintiff's counsel that "it is no longer necessary or desirable" to keep Mr. Davis's letter "attorneys eyes only," the transcript of the 5/23/2023 hearing may be made available to the public in accordance with the Court's regular procedures. The parties are directed to meet and confer with respect to Plaintiff's counsel's apparent interest in taking the deposition of Mr. Davis. Any request to reopen discovery to take the deposition of Mr. Davis should be made by 6/19/2023; it may be made by letter request and counsel should have agreed upon proposed dates by 8/31/2023 for the deposition. Any letter brief in opposition to this request should be filed by 6/23/2023. In light of defense counsel's representation that the Defendant does not expect to file a dispositive motion in the Maddox case, the Court does not expect that any deposition would delay the deadline for dispositive motions in Maddox. SO ORDERED by Chief Judge Brenda K. Sannes on 6/12/2023. (nmk) (Entered: 06/12/2023) |
| 06/14/2023 | 196 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A Deposition submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 06/14/2023) |
| 06/23/2023 | 197 | RESPONSE to Motion re 196 Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A Deposition submitted to Judge Sannes *setting forth Defendant's position re: Plaintiff's request to conduct a second deposition of Khalil Davis* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - Davis deposition testimony, # 2 Exhibit(s))(D'Agostino, Mary) (Entered: 06/23/2023) |
| 06/29/2023 | 198 | TEXT ORDER: The Court has reviewed Plaintiff's request to reopen discovery for the deposition of non-party witness Khalil Davis 196 and Defendant's response in opposition 197 . Given the potential importance of Davis's testimony, the ample time before trial, and the lack of unfair prejudice to Defendant, the Court finds that there is good cause to reopen discovery. Therefore, Plaintiff's request is GRANTED as follows: 1) discovery shall be reopened for the limited purpose of taking the |

| | | |
|---|---|---|
| | | Davis deposition; 2) the deposition shall take place at the federal courthouse in Syracuse, New York; 3) the deposition shall be subject to judicial supervision; 4) Davis shall be advised of the contempt order against him and his obligation to testify fully, truthfully, and completely to questioning from both sides about all relevant matters of importance to the case; and 5) the deposition shall take place before 8/31/23. SO ORDERED by Chief Judge Brenda K. Sannes on 6/29/2023. (nmk) (Entered: 06/29/2023) |
| 06/30/2023 | 199 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting The Court So Order the date August 18, 2023 for the deposition of Khalil Davis in Syracuse submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 06/30/2023) |
| 06/30/2023 | 200 | *First* Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting That the court sign a proposed writ and a proposed subpoena submitted to Judge Sannes . (Attachments: # 1 Exhibit(s) Proposed Subpoena, # 2 Exhibit(s) Writ)(Lichtmacher, Fred) (Entered: 06/30/2023) |
| 07/05/2023 | 201 | TEXT ORDER: Granting 199 Letter Motion requesting for the deposition of Khalil Davis on 8/18/2023 in Syracuse. SO ORDERED by U.S. Magistrate Judge Andrew T. Baxter on 7/5/2023. (kmc) (Entered: 07/05/2023) |
| 07/05/2023 | 202 | JUDICIAL SUBPOENA: as to Khalil Davis to appear for a deposition. Signed by U.S. Magistrate Judge Andrew T. Baxter on 7/5/2023. (kmc) (Entered: 07/05/2023) |
| 07/05/2023 | 203 | ORDER AND WRIT of Habeas Corpus Ad Testificandum issued as to Khalil Davis 17-B-2918: It is ORDERED that a Writ is issued directing the Superintendent of Lakeview Shock Incarceration Correctional Facility or his deputies to produce Khalil Davis on 8/18/2023 at 10:00 AM and each day thereafter for the duration of the deposition of this matter. [Copy of this Order and Writ served upon the Superintendent of Lakeview Shock Incarceration Correctional Facility via certified mail and email] (kmc) (Entered: 07/05/2023) |
| 07/05/2023 | | TEXT NOTICE of Hearing: A telephonic conference is set for 7/17/2023 at 2:00 PM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 315-691-0477 and enter ID code 517 797 619# to connect to the conference. (kmc) (Entered: 07/05/2023) |
| 07/06/2023 | 204 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting dispositive motion deadline be reset to a date after the deposition of Khalil Davis (and return of his transcript) submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (D'Agostino, Mary) (Entered: 07/06/2023) |
| 07/12/2023 | 205 | CERTIFIED MAIL RETURN RECEIPT received as to served on 7/10/2023 re 203 Writ Issued. (ztc) (Entered: 07/12/2023) |
| 07/17/2023 | | TEXT Minute Entry for stenographically-recorded Telephone Conference held on 7/17/2023 before U.S. Magistrate Judge Andrew T. Baxter: The Court and the parties discussed the logistics of the 8/18/2023 deposition. Dispositive motions will not be due on 7/28/2023. The deadline will be revisited and reset. Appearances: Fred Lichtmacher, Esq. for plaintiff; Mary D'Agostino, Esq. and John Powers, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 2:00 PM - 2:30 PM.) (kmc) (Entered: 07/17/2023) |
| 08/04/2023 | 206 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting a one-week extension for the parties' simultaneous submissions regarding the upcoming deposition submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (D'Agostino, Mary) (Entered: 08/04/2023) |

| 08/07/2023 | 207 | TEXT ORDER granting 206 Letter Motion requesting a one-week extension for the parties' simultaneous submissions regarding the upcoming deposition: Motions to be filed by 8/11/2023. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 8/7/2023. (gmd) (Entered: 08/07/2023) |
|---|---|---|
| 08/07/2023 | 208 | TRANSCRIPT REQUEST *for 7/17/23 conference* by Tanajee Maddox for proceedings held on 7/17/2023 before Judge Baxter.. (Lichtmacher, Fred) (Entered: 08/07/2023) |
| 08/07/2023 | 209 | TRANSCRIPT of Proceedings: Telephone Conference held on 7/17/2023 before Judge Andrew T. Baxter, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/28/2023. Redacted Transcript Deadline set for 9/7/2023. Release of Transcript Restriction set for 11/6/2023. Notice of Intent to Redact due by 8/14/2023 (jlh, ) (Entered: 08/07/2023) |
| 08/11/2023 | 210 | LETTER BRIEF *re: deposition of non-party witness KD* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 08/11/2023) |
| 08/11/2023 | 211 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 08/11/2023) |
| 08/14/2023 | 212 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A ruling submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 08/14/2023) |
| 08/18/2023 | 213 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial subpoena re: DOCCS documents submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT MINUTE ENTRY re: court-supervised deposition of non-party Khalil Davis, who is currently incarcerated. The court explained the nature of the deposition and Mr. Davis' obligation to respond to the questions of the attorneys absent legal justification for doing so. Mr. Davis stated that he did not want to answer any questions and the court warned that if he failed to respond to questions without legal justification, he could be subject to sanctions for contempt, including possible prosecution. The court inquired whether Mr. Davis would like to consult with an attorney regarding his options with respect to the deposition and he stated that he would like to do that. AFPD Courtenay McKeon, who the court arranged to be available, and who had familiarized herself with Mr. Davis' situation and the prior briefing of counsel regarding the deposition, consulted with Mr. Davis privately. AFPD McKeon reported back that, while Mr. Davis understood he did not have a valid basis for refusing to answer questions under the Fifth Amendment, he still did not want to answer any questions, notwithstanding the possibility of contempt sanctions. Mr. Davis was returned to the stand and the court warned him that, under his circumstances, he did not have the right to refuse to respond to deposition questions under the Fifth Amendment and could be subjected to contempt sanctions if he refused to answer counsels' questions. Mr. Davis noted his understanding of the risk of contempt sanctions, but persisted in his position. The court advised that he would allow counsel to make a full video record of Mr. Davis' refusal to testify. Plaintiff's Attorney, Mr. Lichtmacher posed some questions to Mr. Davis, to which Mr. Davis provided |
| | | substantive responses. After several questions and answers, Ms. McKeon asked to again consult with Mr. Davis, and they spoke privately. Ms. McKeon confirmed that Mr. Davis still did not want to answer questions and was confused about how to respond when questioned by Attorney Lichtmacher. The court again explained to Mr. Davis that, if he wanted to persist in refusing to answer questions, subject to possible contempt sanctions, he needed to refuse to answer questions posed by the attorneys; however, the attorneys were entitled to make a record of his refusal. Mr. Davis then refused on the record to answer any further questions of Attorney Lichtmacher and refused to answer any questions of Attorney Powers, defense counsel. The record having been made, the court excused Mr. Davis, but advised that future contempt proceedings might ensue. Attorney Powers asked the court to strike any substantive answers that Mr. Davis provided to Attorney Lichtmacher's questions and indicated his intention to move for contempt sanctions. Judge Baxter advised that, subject to further input from District Judge Sannes, the issue of whether any testimony of Mr. Davis should be admissible in connection with dispositive motion practice or at a trial would most appropriately be addressed by Judge Sannes. Given the possible jurisdictional limitations of Magistrate Judges with respect to contempt proceedings, Judge Baxter thought those proceedings might be best addressed by Judge Sannes as well. Attorney Lichtmacher announced his intention to rely on another witness who would provide non-hearsay testimony that Mr. Davis was not present during the incident central to this action and would formally disclose her as a person with relevant knowledge. Appearances: Fred Lichtmacher, Esq. and Joseph Certa, Esq. for plaintiff; John Powers, Esq. and Mary D'Agostino, Esq. for defendant. (Stenographer: Elyse Addabbo. Videographer: Joseph O'Brien. Time: 10:03 AM - 10:57 AM.) (kmc) (Entered: 08/18/2023) |
| 08/24/2023 | 214 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by U.S. Magistrate Judge Andrew T. Baxter on 8/24/2023. (kmc) (Entered: 08/24/2023) |
| 08/29/2023 | 215 | *First* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting a conference with the Court in order to compel Plaintiff to comply with Rule 26(b)(4)(E)(i)1 - by a date certain -as well as to set a briefing schedule to address mandatory fees pursuant to Rule 37(a)(5)(A) submitted to Judge Andrew T. Baxter, Chief U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - invoice)(D'Agostino, Mary) (Entered: 08/29/2023) |
| 08/30/2023 | | TEXT NOTICE of Hearing: A telephonic conference is set for 9/7/2023 at 1:00 PM before U.S. Magistrate Judge Andrew T. Baxter. The parties are directed to dial 315-691-0477 and enter ID code 710 164 695# to connect to the conference. (kmc) (Entered: 08/30/2023) |
| 09/01/2023 | 216 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/01/2023) |
| 09/05/2023 | 217 | STATUS REPORT *to Andrew T. Baxter, Chief U.S. Magistrate Judge re: Defendant's previous request for a conference* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/05/2023) |
| 09/05/2023 | 218 | TEXT ORDER: Finding as moot 215 Letter Request. The telephone conference that is set for 9/7/2023 is ADJOURNED. SO ORDERED by U.S. Magistrate Judge Andrew T. Baxter on 9/5/2023. (kmc) (Entered: 09/05/2023) |
| 09/11/2023 | 219 | MOTION in Limine *Precluding Defense Expert* filed by Tanajee Maddox. Motion returnable before Judge Baxter (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Exhibit(s) Exhibit 1, # 4 Exhibit(s) Exhibit 2, # 5 Exhibit(s) Exhibit 3, # 6 Exhibit(s) Exhibit 4, # 7 Exhibit(s) Exhibit 5, # 8 Exhibit(s) Exhibit 6, # 9 Exhibit(s) Exhibit 7, # 10 Exhibit(s) Exhibit 8, # 11 Exhibit(s) Exhibit 9, # 12 Exhibit(s) Exhibit 10, # 13 Exhibit(s) Exhibit 11, # 14 Exhibit(s) Exhibit 12, # 15 |

| | | Exhibit(s) Exhibit 13, # 16 Exhibit(s) Exhibit 14 -Sealed document placeholder, # 17 Exhibit(s) Exhibit 15, # 18 Exhibit(s) Exhibit 16, # 19 Exhibit(s) Exhibit 17- Sealed document placeholder) (Lichtmacher, Fred) (Entered: 09/11/2023) |
|---|---|---|
| 09/27/2023 | 220 | *First* Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting requesting extension to respond to motion in limine at Dkt. No. 219 in Maddox (with consent of Plaintiff's counsel) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 09/27/2023) |
| 09/29/2023 | 221 | TEXT ORDER: granting in part 220 Letter requesting an extension of time. Defendant's response to the 219 Motion in Limine is due by 11/7/2023. SO ORDERED by Chief Judge Brenda K. Sannes on 9/29/2023. (nmk) (Entered: 09/29/2023) |
| 11/12/2023 | 222 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting to set the deadline to oppose the motion in limine (Daubert) to 11/14/2023 to mirror the deadline in the coordinated action (Tennyson) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 11/12/2023) |
| 11/14/2023 | 223 | AFFIDAVIT in Opposition re 219 MOTION in Limine *Precluding Defense Expert* filed by Tanajee Maddox. Motion returnable before Judge Baxter *Declaration of John G. Powers* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - excerpt from Casual Brown deposition, # 2 Exhibit(s) B - excerpt from Tanika Washington deposition, # 3 Exhibit(s) C - deposition of Edward Flosi, # 4 Exhibit(s) D - SPD's use of force policy on June 19, 2016)(D'Agostino, Mary) (Additional attachment(s) added on 11/16/2023: # 5 REDACTED Exhibit C) (egr, ). (Entered: 11/14/2023) |
| 11/14/2023 | 224 | AFFIDAVIT in Opposition re 219 MOTION in Limine *Precluding Defense Expert* filed by Tanajee Maddox. Motion returnable before Judge Baxter *Declaration of Edward T. Flosi* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - Curriculum Vitae, # 2 Exhibit(s) B - expert report)(D'Agostino, Mary) (Entered: 11/14/2023) |
| 11/14/2023 | 225 | RESPONSE in Opposition re 219 MOTION in Limine *Precluding Defense Expert* filed by Tanajee Maddox. Motion returnable before Judge Baxter filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/14/2023) |
| 11/15/2023 | 226 | TEXT ORDER: granting the 222 Letter requesting an extension of time *nunc pro tunc*. Defendant's response to the 219 Motion in Limine is due by 11/14/2023. SO ORDERED by Chief Judge Brenda K. Sannes on 11/15/2023. (nmk) (Entered: 11/15/2023) |
| 11/15/2023 | | TEXT NOTICE OF FILING DEFICIENCY as to Kelsey Francemone regarding the 223 Affidavit in Opposition to Motion, **NOTICE IS HEREBY GIVEN** of the following Filing Deficiency: Counsel has submitted documents that are not in compliance with redaction requirements pursuant to Federal and NYND Local Rules 5.2 Personal Privacy Protection and General Order 22, Section 11.2. This document has been TEMPORARILY RESTRICTED. Counsel is directed to make the appropriate redactions to the above referenced document and electronically file the redacted document within 3 days of this notice **using the event CORRECTED DOCUMENT(S) found under Other Filings and reference this case number. Do NOT use any other event to file your corrected document.** Failure to file a redacted document by the deadline will result in the unredacted document referenced above being unrestricted. Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to the Courts full disciplinary power pursuant to NYND Local Rule 5.2.<br><br>Exhibit(s) C - deposition of Edward Flosi page 6 contains personal address<br><br>Notice of Filing Deficiency Deadline 11/20/2023 (egr) (Entered: 11/15/2023) |

| | | |
|---|---|---|
| 11/16/2023 | | CLERK'S CORRECTION OF DOCKET ENTRY re 223 Affidavit in Opposition to Motion, Redacted Exhibit C attached to docket entry. (egr) (Entered: 11/16/2023) |
| 01/05/2024 | 227 | TEXT ORDER REASSIGNING CASE. Case reassigned to US Magistrate Judge Mitchell J. Katz for all further proceedings. US Magistrate Andrew T. Baxter no longer assigned to case. Authorized by Chief Judge Brenda K. Sannes on 1/5/2024. (see) (Entered: 01/05/2024) |
| 04/08/2024 | 228 | TRIAL ORDER: Pretrial Submissions, including motions in limine, are due by 9/9/2024. Responses to motions are due by 9/16/2024. A Final Pretrial Conference is set for 9/23/2024 at 10:00 AM in Syracuse before Chief Judge Brenda K. Sannes. A Jury Trial is set for 10/28/2024 at 09:30 AM in Syracuse before Chief Judge Brenda K. Sannes. Signed by Chief Judge Brenda K. Sannes on 4/8/2024. (nmk) (Entered: 04/08/2024) |
| 04/08/2024 | 229 | TEXT ORDER: The Court has scheduled trial for October 21, 2024, in Case No. 16-cv-929 and trial for October 28, 2024, in Case No. 19-cv-678, taking into account defense counsel's representation that Defendant is unavailable for trial until mid-October. The Court denied Plaintiffs' motions to consolidate, (Dkt. No. 160 in Case No. 16-cv-929 and Dkt. No. 114 in Case No. 19-cv-0678), without prejudice to renew upon the completion ofdiscovery and dispositive motion practice, (Dkt. No. 196 in Case No. 16-cv-929 and Dkt. No. 184 in Case No. 19-cv-678). If Plaintiffs renew the motions to consolidate and the motions to consolidate are granted, the trial in both cases will begin on October 21, 2024. Defendant's 243 request for oral argument in Case No. 16-cv-929, is GRANTED and oral argument will be scheduled in due course. SO ORDERED by Chief Judge Brenda K. Sannes on 4/8/2024. (nmk) (Entered: 04/08/2024) |
| 05/20/2024 | 230 | APPLICATION for Writ of Order and Writ of Habeas Corpus Ad Testificandum re: Carlos Stackhouse for trial by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/20/2024) |
| 05/20/2024 | 231 | APPLICATION for Writ of Order and Writ of Habeas Corpus Ad Testificandum re: Khalil Davis for trial by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/20/2024) |
| 05/31/2024 | 232 | Second MOTION to Consolidate Cases filed by Tanajee Maddox. Response to Motion due by 6/21/2024 Motions referred to Mitchell J. Katz. (Lichtmacher, Fred) (Entered: 05/31/2024) |
| 05/31/2024 | 233 | RESPONSE in Opposition re 232 Motion to Consolidate Cases *due the Court's previous instruction on the appropriate timeline to file a renewed motion to consolidate* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/31/2024) |
| 06/04/2024 | 234 | TEXT ORDER: The Court has reviewed Plaintiffs' letter request for a pre-motion conference/motion for leave to file a motion to consolidate in Case No. 16-cv-929 and Case No. 19-cv-678, (Dkt. No. 246 in Case No. 16-cv-929; Dkt. No. 232 in Case No. 19-cv-678), as well as Defendant's response, (Dkt. No. 247 in Case No. 16-cv-929; Dkt. No. 233 in Case No. 19-cv-678). The Court will hear oral argument on the currently pending motions, (Dkt. Nos. 221, 222, 237 in Case. No. 16-cv-929; Dkt. No. 219 in Case. No. 19-cv-678), on June 27, 2024, at 2:00 p.m. in Syracuse. The Court will discuss a briefing schedule for any motion to consolidate at the hearing. SO ORDERED by Chief Judge Brenda K. Sannes on 6/4/2024. (nmk) (Entered: 06/04/2024) |
| 06/27/2024 | | TEXT Minute Entry for proceedings held before Chief Judge Brenda K. Sannes: Motion Hearing held on 6/27/2024 re 219 Motion in Limine Precluding Defense Expert filed by Tanajee Maddox. Oral argument is heard from counsel. Chief District Judge Sannes RESERVES decision at this time and a written decision will be forthcoming in mid-July. An initial conference |

| | | |
|---|---|---|
| | | will be scheduled and held remotely regarding the outstanding issues in this case and to discuss settlement. Parties should try and narrow the outstanding issues prior to this conference being held. Trial date is firm. APP: Fred Lichmacher, Esq. for Plaintiff. John Powers, Esq., Mary D'Agostino, Esq., and Amanda Nardozza, Esq. for Defendants. Time: 2:30 PM - 4:00 PM. (Court Reporter Jodi Hibbard) (sal) (Entered: 06/27/2024) |
| 06/28/2024 | 235 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial (trial) subpoena re: Peter Valentin submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s))(D'Agostino, Mary) (Entered: 06/28/2024) |
| 06/28/2024 | 236 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of (trial) judicial subpoena submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s))(D'Agostino, Mary) (Entered: 06/28/2024) |
| 06/29/2024 | 237 | RESPONSE in Opposition re 12 Letter Request/Motion, 235 Letter Request/Motion, filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 06/29/2024) |
| 06/29/2024 | 238 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to file reply in further support of request for judicial subpoena to Plaintiff's expert, Peter Valentin (see Dkt. No. 236) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 06/29/2024) |
| 07/01/2024 | 239 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 07/01/2024) |
| 07/09/2024 | 240 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting that one of Officer Francemone's disclosed expert witnesses, Dr. Reisberg, be permitted to testify at trial remotely (FIRST motion in limine) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) A - REDACTED Declaration of Dr. Reisberg)(D'Agostino, Mary) (Additional attachment(s) added on 7/25/2024: # 2 Unredacted Declaration - Restricted as Medical Record) (nmk, ). (Entered: 07/09/2024) |
| 07/10/2024 | 241 | TEXT ORDER: granting 238 Letter requesting permission to file reply in further support of request for judicial subpoena. The reply included at 238 is accepted as filed. SO ORDERED by Chief Judge Brenda K. Sannes on 7/10/2024. (nmk) (Entered: 07/10/2024) |
| 07/11/2024 | 242 | First MOTION to Compel filed by Tanajee Maddox. Response to Motion due by 8/1/2024 Motions referred to Mitchell J. Katz. (Lichtmacher, Fred) (Entered: 07/11/2024) |
| 07/12/2024 | 243 | RESPONSE in Opposition re 242 Motion to Compel *due to opposing counsel's failure to meet-and-confer in good faith* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - efforts to meet-and-confer)(D'Agostino, Mary) (Entered: 07/12/2024) |
| 07/12/2024 | 244 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 07/12/2024) |
| 07/12/2024 | 245 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Defendant's motion to strike in Case No. 16-cv-929, (Dkt. No. 237 ), is GRANTED in part and DENIED in part. It is further ORDERED that Defendant's motion for summary judgment, (Dkt. No. 221 ), is GRANTED. It is further ORDERED that Tennyson's claims in Case No. 16-cv-929 are DISMISSED. It is further ORDERED that Tennyson's Daubert motion, (Dkt. No. 222 in Case No. 16-cv-929), is DENIED as moot. It is further ORDERED that the Clerk of Court is directed to close Case No. 16-cv-929. It is further ORDERED that Porter's Daubert motion, (Dkt. No. 219 in Case No. 19-cv-678), is GRANTED in part and DENIED in part, as set forth herein. |
| | | It is further ORDERED that trial in Case No. 19-cv-678 will begin on October 21, 2024. Signed by Chief Judge Brenda K. Sannes on 7/12/2024. (nmk) (Entered: 07/12/2024) |
| 07/22/2024 | 246 | Letter from Onondaga County Medical Examiner's Office in reference to the subpoenas issued. (sbb) (Entered: 07/23/2024) |
| 07/27/2024 | 247 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of additional judicial (trial) subpoena submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena) (D'Agostino, Mary) (Entered: 07/27/2024) |
| 08/06/2024 | 248 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 8/18/2023 before Judge Baxter.. (Lichtmacher, Fred) (Entered: 08/06/2024) |
| 08/07/2024 | 249 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting the Court to So Order the annexed subpoena submitted to Judge Sannes . (Attachments: # 1 Exhibit(s))(Lichtmacher, Fred) (Entered: 08/07/2024) |
| 08/15/2024 | 250 | JUDICIAL SUBPOENA: Directing Rakeim Days to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 8/15/2024. (nmk) (Entered: 08/15/2024) |
| 08/15/2024 | 251 | JUDICIAL SUBPOENA: Directing Arian Drake to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 8/15/2024. (nmk) (Entered: 08/15/2024) |
| 08/15/2024 | 252 | JUDICIAL SUBPOENA: Directing Medical Examiner's Office Onondaga County Health Department Center for Forensic Sciences to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 8/15/2024. (nmk) (Entered: 08/15/2024) |
| 08/15/2024 | 253 | TEXT ORDER: Defendant's request 240 to permit Dr. Reisberg to testify via remote videoconferencing at trial is GRANTED because Defendant has established "good cause in compelling circumstances" and because the Court has successfully used videoconferencing for other trial witnesses and will ensure that there are "appropriate safeguards." Fed. R. Civ. P. 43(a). SO ORDERED by Chief Judge Brenda K. Sannes on 8/15/2024. (nmk) (Entered: 08/15/2024) |
| 08/15/2024 | 254 | TEXT ORDER: The Court has reviewed Plaintiff's request 242 concerning the deposition exhibits and Defendant's response 243 . The Court expects the parties to resolve matters like this informally. Plaintiff is directed to provide Defendant with a list specifying which deposition exhibits he seeks by 8/22/24. Defendant is directed to respond to that request by 8/29/24. If those dates need to be extended for any reasonable reason the parties are expected to meet and confer in good faith, with professional courtesy to work out an extension of the due dates. SO ORDERED by Chief Judge Brenda K. Sannes on 8/15/2024. (nmk) (Entered: 08/15/2024) |
| 08/16/2024 | 255 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting So Ordered Subpoena submitted to Judge Sannes . (Attachments: # 1 Exhibit(s))(Lichtmacher, Fred) (Entered: 08/16/2024) |
| 08/16/2024 | 256 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of additional judicial (trial) subpoena submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena re: non-party witness Knariana Hoyle)(D'Agostino, Mary) (Entered: 08/16/2024) |

| 08/19/2024 | 257 | JUDICIAL SUBPOENA: Directing Upstate University Hospital to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 8/19/2024. (nmk) (Entered: 08/19/2024) |
|---|---|---|
| 08/19/2024 | 258 | JUDICIAL SUBPOENA: Directing Knariana Hoyle to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 8/19/2024. (nmk) (Entered: 08/19/2024) |
| 08/21/2024 | 259 | TRANSCRIPT of Proceedings: Motion Hearing held on 6/27/2024 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2024. Redacted Transcript Deadline set for 9/23/2024. Release of Transcript Restriction set for 11/19/2024. Notice of Intent to Redact due by 8/26/2024 (jlh, ) (Entered: 08/21/2024) |
| 08/22/2024 | 260 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Carlos Stackhouse 22-B-2415 for October 24, 2024. (Copy served upon Great Meadow CF via regular mail and email.) (nmk) (Entered: 08/22/2024) |
| 08/22/2024 | 261 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Khalil Davis 17-B-2918 for October 24, 2024. (Copy served upon Great Meadow CF via regular mail and email.) (nmk) (Entered: 08/22/2024) |
| 08/27/2024 | 262 | AFFIDAVIT of Service for judicial subpoena (Dkt. No. 250) served on Rakiem Days on 8/27/2024, filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 08/27/2024) |
| 09/06/2024 | 263 | Letter Motion from Ryan M. Poplawski for Kelsey Francemone requesting issuance of additional judicial (trial) subpoena submitted to Judge Brenda K. Sannes . (Poplawski, Ryan) (Entered: 09/06/2024) |
| 09/06/2024 | 264 | Letter Motion from Ryan M. Poplawski for Kelsey Francemone requesting issuance of additional judicial (trial) subpoena submitted to Judge Brenda K. Sannes . (Poplawski, Ryan) (Entered: 09/06/2024) |
| 09/09/2024 | 265 | JUDICIAL SUBPOENA: Directing Conor Dupree to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 9/9/2024. (nmk) (Entered: 09/09/2024) |
| 09/09/2024 | 266 | JUDICIAL SUBPOENA: Directing Matthew Kurimsky to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 9/9/2024. (nmk) (Entered: 09/09/2024) |
| 09/09/2024 | 267 | LETTER BRIEF *Notice of Conventional Filing pursuant to General Order 22 at Paragraph 4.8 ("User shall electronically file a notice of conventional filing indicating that these items have been submitted to the clerk....")* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 268 | USB Drive: Syracuse Clerk's Office received two USB drives (Duplicate) containing digital media - Exhibit A to Officer Francemones Trial Brief and Exhibit G to Officer Francemone's Motions In Limine #1-#10. Not available for public viewing. |

| | | (Filed over SYR Public Counter) (ztc) (Entered: 09/09/2024) |
|---|---|---|
| 09/09/2024 | 269 | PRETRIAL STIPULATION *(joint)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 270 | Exhibit List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 271 | Witness List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 272 | Proposed Jury Instructions by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 273 | PROPOSED VERDICT FORM by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 274 | Court Ordered Voir Dire by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 275 | MOTION in Limine *#01 through Motion in Limine #10* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I, # 11 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 276 | MOTION in Limine # *11 (re: economic damages)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 277 | MOTION in Limine *#12 (re: preclusion of "no show" witnesses)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) Tennyson Rule 26 disclosures, # 3 Exhibit(s) Maddox Rule 26 disclosures, # 4 Exhibit(s) Terry Causey, # 5 Exhibit(s) Camren Franklin, # 6 Exhibit(s) Daquan Madrey, # 7 Exhibit(s) Gregory Odom, # 8 Exhibit(s) Lashonda Sullivan, # 9 Exhibit(s) Luis Reyes, # 10 Exhibit(s) Arthur King, # 11 Memorandum of Law) (D'Agostino, Mary) (Additional attachment(s) added on 9/23/2024: # 12 Corrected Exhibit - Tennyson Rule 26 disclosures) (nmk, ). (Entered: 09/09/2024) |
| 09/09/2024 | 278 | Proposed Voir Dire by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 279 | MOTION in Limine *#13 (re: conscious pain and suffering)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) C, # 3 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 280 | Medical Records filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) Exhibit A to Dkt. No. 279, # 2 Exhibit(s) Exhibit B to Dkt. No. 279)(D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 281 | MOTION in Limine *#14 (preclusion of Lashea Grimes-Smith)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 282 | MOTION in Limine *#15 (preclusion of Casual Brown)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |

| | | |
|---|---|---|
| 09/09/2024 | 283 | MOTION in Limine *#16 (re: preclusion of Rashawn Ford)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 284 | TRIAL BRIEF by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - conventionally filed demonstrative exhibit) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 285 | Proposed Voir Dire by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 286 | Proposed Jury Instructions by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 287 | MOTION in Limine filed by Tanajee Maddox. Motion returnable before Judge Sannes (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Exhibit(s) Letter from Khalil Davis, # 4 Exhibit(s) Excerpt from Ed Flosi Report, # 5 Exhibit(s) Defendant's letter to Plaintiff, # 6 Exhibit(s) Excerpt from Rodriguez Rio Deposition, # 7 Exhibit(s) Excerpt from Days Deposition, # 8 Exhibit(s) Excerpt from Arian Drake Deposition, # 9 Exhibit(s) Excerpt from Luis Zulueta Deposition, # 10 Exhibit(s) Excerpt from Francemone deposition, # 11 Exhibit(s) Excerpt from Casual Brown Deposition, # 12 Exhibit(s) Excerpt from Hall-Rodriguez deposition) (Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 288 | TRIAL BRIEF by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Porter's Bloody Shirt, # 2 Exhibit(s) Francemone Dep excerpts)(Lichtmacher, Fred) (Entered: 09/09/2024) |
| 09/09/2024 | 289 | MOTION in Limine *#17 (re: bloody clothing and autopsy photos)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | 290 | MOTION in Limine *18 through Motion in Limine #24* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Exhibit(s), # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Memorandum of Law) (D'Agostino, Mary) (Entered: 09/09/2024) |
| 09/09/2024 | | TEXT NOTICE OF FILING DEFICIENCY as to Kelsey Francemone regarding the 277 MOTION in Limine *#12 (re: preclusion of "no show" witnesses)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge. **NOTICE IS HEREBY GIVEN** of the following Filing Deficiency: Counsel has submitted documents that are not in compliance with redaction requirements pursuant to Federal and NYND Local Rules 5.2 Personal Privacy Protection and General Order 22, Section 11.2. Counsel has submitted documents that contains DOB. This document has been TEMPORARILY RESTRICTED. Counsel is directed to make the appropriate redactions to the above referenced document and electronically file the redacted document within 3 days of this notice **using the event CORRECTED DOCUMENT(S) found under Other Filings and reference this case number. Do NOT use any other event to file your corrected document.** Failure to file a redacted document by the deadline will result in the unredacted document referenced above being unrestricted. Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to the Courts full disciplinary power pursuant to NYND Local Rule 5.2.<br><br>As for 275 , 287 , and 290 Pursuant to Local Rule 7.1, no Memorandum shall exceed 25 pages in length. |
| | | Clerk notes that counsel submitted a motion to exceed the 25 page length, but these documents were submitted before the motion request. 287 Memorandum was not submitted within that request. Notice of Filing Deficiency Deadline 9/13/2024 (sbb) (Entered: 09/11/2024) |
| 09/10/2024 | 291 | NOTICE by Kelsey Francemone *re: deposition designation of Dana Greely* (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 292 | MOTION in Limine *25 through Motion in Limine #29* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 293 | MEMORANDUM OF LAW re 292 Motion in Limine *re: motions in limine #25 through #29* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 294 | Witness List by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 295 | Exhibit List *(First Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 296 | PROPOSED VERDICT FORM *(First Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/10/2024 | 297 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/10/2024) |
| 09/10/2024 | 298 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to exceed the presumptive 25-page limit that applies to memoranda of law (nunc pro tunc) for Dkt. No. 275-11 (memorandum of law in support of motions in limine #1 through #10) and Dkt No. 290-8 (memorandum of law in support of motions in limine #18 through #24) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 09/10/2024) |
| 09/12/2024 | 299 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting For the court to accept Plaintiff''s over the page limit Motions in Limine submitted to Judge Honorable Judge Sannes . (Lichtmacher, Fred) (Entered: 09/12/2024) |
| 09/12/2024 | 300 | TEXT ORDER: granting 298 Letter requesting leave to file memoranda of law that exceeds the 25-page limit *nunc pro tunc*. The memoranda filed in support of the 275 and 290 Motions in Limine are accepted as filed. SO ORDERED by Chief Judge Brenda K. Sannes on 9/12/2024. (nmk) (Entered: 09/12/2024) |
| 09/15/2024 | 301 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting To file an exhibit under seal submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 302 | RESPONSE to Motion re 275 Motion in Limine, *1-10* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Valentin Dep, # 2 Exhibit(s) Flosi Dep, # 3 Exhibit(s) Med examiners Guide, # 4 Exhibit(s) Drake Dep, # 5 Exhibit(s) Khalil Davis Letter, # 6 Exhibit(s) Letter from Counsel for Defendant, # 7 Declaration)(Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 303 | RESPONSE to Motion re 276 Motion in Limine, *11* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Funeral Bill) (Lichtmacher, Fred) (Additional attachment(s) added on 9/17/2024: # 2 Redacted Exhibit 1) (sbb, ). (Attachment 2 replaced on 9/18/2024) (sbb, ). Modified on 9/18/2024 to replace the unredacted exhibit to reflect proper page amount (sbb). (Entered: 09/15/2024) |
| 09/15/2024 | 304 | RESPONSE to Motion re 277 Motion in Limine,, *12* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s))(Lichtmacher, Fred) (Additional attachment(s) added on 9/17/2024: # 2 Redacted Exhibit 1) (sbb, ). (Attachment 2 replaced on 9/18/2024 to |

| | | match the proper page amount) (sbb, ). (Entered: 09/15/2024) |
|---|---|---|
| 09/15/2024 | 305 | RESPONSE to Motion re 279 Motion in Limine, *13* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Drake Dep, # 2 Exhibit(s) Days Dep, # 3 Exhibit(s) Rodriguez Dep)(Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 306 | RESPONSE to Motion re 281 Motion in Limine, *14* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 307 | RESPONSE to Motion re 282 Motion in Limine, *15* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 308 | RESPONSE to Motion re 283 Motion in Limine, *16* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 309 | RESPONSE to Motion re 289 Motion in Limine, *17* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 310 | RESPONSE in Opposition re 290 Motion in Limine, filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 311 | RESPONSE to Motion re 290 Motion in Limine, *19* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 312 | RESPONSE to Motion re 290 Motion in Limine, *20* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 313 | RESPONSE to Motion re 290 Motion in Limine, *21* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 314 | RESPONSE to Motion re 290 Motion in Limine, *22* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 315 | RESPONSE to Motion re 290 Motion in Limine, *23* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Wilson, # 2 Exhibit(s) Hawkins)(Lichtmacher, Fred) (Additional attachment(s) added on 9/17/2024: # 3 Redacted Exhibits 1 and 2) (sbb, ). (Entered: 09/15/2024) |
| 09/15/2024 | 316 | RESPONSE to Motion re 290 Motion in Limine, *24* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 317 | RESPONSE to Motion re 292 Motion in Limine *25* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 318 | RESPONSE to Motion re 292 Motion in Limine *26* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 319 | RESPONSE to Motion re 292 Motion in Limine *28* filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Drake Dep) (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 320 | RESPONSE to Motion re 292 Motion in Limine *29* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/15/2024 | 321 | RESPONSE to Motion re 292 Motion in Limine *27* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/15/2024) |
| 09/16/2024 | | TEXT NOTICE of Hearing: Due to a change in the court's calendar, the Final Pretrial Conference is RESCHEDULED to 9/30/2024 at 10:00 AM in Syracuse before Chief Judge Brenda K. Sannes. (nmk) (Entered: 09/16/2024) |
| 09/16/2024 | 322 | TEXT ORDER: granting 299 Plaintiff's Letter requesting leave to file a memorandum of law that exceeds the 25-page limit. The memorandum filed in support of the 287 Motion in Limine is accepted as filed. SO ORDERED by Chief Judge Brenda K. Sannes on 9/16/2024. (nmk) (Entered: 09/16/2024) |
| 09/16/2024 | | TEXT NOTICE OF FILING DEFICIENCY regarding the [315-1] and [315-2] Response to Motion, [304-1] Response to Motion, [303-1] Response to Motion. **NOTICE IS HEREBY GIVEN** of the following Filing Deficiency: Counsel has |

| | | submitted documents that are not in compliance with redaction requirements pursuant to Federal and NYND Local Rules 5.2 Personal Privacy Protection and General Order 22, Section 11.2. This document has been TEMPORARILY RESTRICTED. Counsel is directed to make the appropriate redactions to the above referenced document and electronically file the redacted document within 3 days of this notice **using the event CORRECTED DOCUMENT(S) found under Other Filings and reference this case number. Do NOT use any other event to file your corrected document.** Failure to file a redacted document by the deadline will result in the unredacted document referenced above being unrestricted. Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to the Courts full disciplinary power pursuant to NYND Local Rule 5.2.<br><br>Documents contain addresses. Only the attachments that have personal identifiers need to be re-submitted into the corrected documents shell case.<br><br>Notice of Filing Deficiency Deadline 9/18/2024 (sbb) (Entered: 09/16/2024) |
|---|---|---|
| 09/16/2024 | 323 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to exceed the presumptive 25-page limit that applies to memoranda of law for Defendant's forthcoming opposition to Plaintiff's motions in limine submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 09/16/2024) |
| 09/17/2024 | 324 | RESPONSE in Opposition re 287 Motion in Limine,, *Motions in Limine #4 and #11 re: Officer Francemone's sealed Grand Jury testimony* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Memorandum of Law)(D'Agostino, Mary) (Entered: 09/17/2024) |
| 09/17/2024 | 325 | RESPONSE in Opposition re 287 Motion in Limine,, *to Plaintiff's remaining motions in limine not addressed in Dkt. No. 284* filed by Kelsey Francemone. (Attachments: # 1 Declaration)(D'Agostino, Mary) (Entered: 09/17/2024) |
| 09/17/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY re 315 Response to Motion, 304 Response to Motion, 303 Response to Motion: Redacted exhibits have been uploaded and attached to the original entries and are available for public view. The original exhibits will remain restricted. (sbb) (Entered: 09/17/2024) |
| 09/17/2024 | 326 | TEXT ORDER: The Court has reviewed Plaintiff's letter motion 301 . The Court notes that numerous photographs marked confidential have been publicly filed [289-5]. In light of that, Plaintiff is directed to inform the Court whether he seeks to withdraw his letter motion 301 . If Plaintiff does not withdraw his letter motion the parties are directed to meet and confer regarding this photograph. If Defendant seeks to have the photograph filed under seal, Defendant is directed to file an application to seal the photograph, in accord with NDNY Local Rule 5.3, by 10/1/2024. SO ORDERED by Chief Judge Brenda K. Sannes on 9/17/2024. (nmk) (Entered: 09/17/2024) |
| 09/18/2024 | 327 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting that Dkt. No. 277-2 be replaced with Dkt. No. 327-1 submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) A)(D'Agostino, Mary) (Entered: 09/18/2024) |

| 09/18/2024 | 328 | TEXT ORDER: granting 323 Defendant's Letter requesting leave to file a memorandum of law that exceeds the 25-page limit in response to Plaintiff's motions in limine. Defendant may file an oversized response brief to the 287 Motions in Limine. SO ORDERED by Chief Judge Brenda K. Sannes on 9/18/2024. (nmk) (Entered: 09/18/2024) |
|---|---|---|
| 09/18/2024 | 329 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to bring a larger screen television to trial for purposes of assisting the Jury view certain surveillance footage submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 09/18/2024) |
| 09/20/2024 | 330 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/20/2024) |
| 09/20/2024 | 331 | LETTER BRIEF *re motion limine #17 (Dkt. No. 289), related filings, etc*. by Kelsey Francemone. (D'Agostino, Mary) (Entered: 09/20/2024) |
| 09/21/2024 | 332 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Requesting Mediation before the Magistrate Judge submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 09/21/2024) |
| 09/23/2024 | 333 | TEXT ORDER: In light of the 330 Letter brief, the 301 Letter Motion to Seal is withdrawn. SO ORDERED by Chief Judge Brenda K. Sannes on 9/23/2024. (nmk) (Entered: 09/23/2024) |
| 09/23/2024 | 334 | TEXT ORDER: granting the 327 Letter requesting that Dkt. No. 277-2 be replaced with Dkt. No. 327-1. The Clerk is directed to attach the corrected Rule 26 disclosure, Exhibit A, to the 277 Motion in Limine. SO ORDERED by Chief Judge Brenda K. Sannes on 9/23/2024. (nmk) (Entered: 09/23/2024) |
| 09/23/2024 | | TEXT NOTICE of Hearing: The Final Pretrial Conference set for 9/30/2024 is rescheduled in TIME ONLY and will now be held at 02:30 PM in Syracuse before Chief Judge Brenda K. Sannes. (nmk) (Entered: 09/23/2024) |
| 09/23/2024 | 335 | TEXT ORDER: An IN PERSON Settlement Conference is set for 9/30/2024 at 9:30 AM in Syracuse before U.S. Magistrate Judge Mitchell J. Katz. Appropriate representatives with authority to settle for all parties shall be present. If there is insurance, a representative of the insurance carrier must be readily available by phone. To the extent the parties wish to submit settlement statements, they shall email a letter to the Court, marked Confidential, setting forth a brief history regarding the clients, statement of the facts, claims and defense, a summary of the relevant proceedings to date, the relief sought, and the parties position on settlement, including a summary of settlement negotiations to date. The parties are welcome to exchange settlement statements if they wish. The letters sent to the Court will be held in confidence, subject to the provisions of GO 47. The letters shall be sent to kimberly_carrow@nynd.uscourts.gov by 1:00 PM on 9/27/2024. The letters must NOT be electronically filed with the court. SO ORDERED by Magistrate Judge Mitchell J. Katz on 9/23/2024. (kmc) (Entered: 09/23/2024) |
| 09/25/2024 | 336 | TEXT ORDER: granting 332 Letter request to reschedule trial by one-day. The Jury Trial in this case will begin on 10/22/2024 at 09:30 AM in Syracuse before Chief Judge Brenda K. Sannes. SO ORDERED by Chief Judge Brenda K. Sannes on 9/25/2024. (nmk) (Entered: 09/25/2024) |
| 09/26/2024 | 337 | RESPONSE in Opposition re 276 Motion in Limine, *Supplemental Response* filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/26/2024) |

| 09/26/2024 | 338 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting leave to accept supplemental filing submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 09/26/2024) |
|---|---|---|
| 09/26/2024 | 339 | TEXT ORDER: granting 338 Letter requesting leave to file the 337 supplemental response to defendant's # 276 Motion in Limine. The 337 supplemental response is accepted as filed. SO ORDERED by Chief Judge Brenda K. Sannes on 9/26/2024. (nmk) (Entered: 09/26/2024) |
| 09/28/2024 | 340 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to submit supplemental briefing regarding Defendants motion in limine #11 (Dkt. No. 276) due to additional arguments and law raised in Plaintiffs supplemental briefing (Dkt. No. 338) re: "loss of parental guidance" as a component of Plaintiff's waived economic damages submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 09/28/2024) |
| 09/29/2024 | 341 | TRIAL BRIEF *(see Dkt. No. 287) re: new information regarding Khalil Davis* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - to be uploaded, # 2 Exhibit(s) B - to be uploaded, # 3 Exhibit(s) C - to be uploaded, # 4 Exhibit(s) D - certification for recorded calls)(D'Agostino, Mary) (Entered: 09/29/2024) |
| 09/29/2024 | | Clerk's Office received three (3) MFT submissions containing digital media - Exhibits A, B, and C to the 341 Trial Brief. Not available for public viewing. (jel, ) (Entered: 09/30/2024) |
| 09/30/2024 | 342 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 09/30/2024) |
| 09/30/2024 | 343 | LETTER BRIEF *re:Defendant's Supplemental Trial Brief (Dkt. No. 341) and additional recorded calls involving Khalil Davis* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) E - to be uploaded, # 2 Exhibit(s) F - to be uploaded)(D'Agostino, Mary) (Entered: 09/30/2024) |
| 09/30/2024 | | Clerk's Office received two (2) MFT submissions containing digital media - Exhibits E and F to the 343 Supplemental Trial Brief. Not available for public viewing. (jel, ) (Entered: 09/30/2024) |
| 09/30/2024 | 344 | TEXT Minute Entry for Settlement Conference held on 9/30/2024 before U.S. Magistrate Judge Mitchell J. Katz: Case settled. The parties placed the terms of the settlement agreement on the record. Counsel is directed to file a stipulation of dismissal or a status report by 11/15/2024. Appearances: Fred Lichtmacher, Esq. for plaintiff; John Powers, Esq. and Danielle Smith, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 12:36 PM - 12:44 PM.)(kmc) (Entered: 09/30/2024) |
| 09/30/2024 | 345 | TEXT ORDER: In light on the outcome of the settlement conference held before Magistrate Judge Katz, the final pretrial conference for today, the jury trial and all related deadlines are adjourned. A motion to approve the settlement shall be filed by 11/15/2024. SO ORDERED by Chief Judge Brenda K. Sannes on 9/30/2024. (nmk) (Entered: 09/30/2024) |
| 10/03/2024 | 346 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 9/30/2024 before Judge Katz.. (Lichtmacher, Fred) (Entered: 10/03/2024) |
| 10/17/2024 | 347 | TRANSCRIPT of Proceedings: Settlement on the Record held on 9/30/2024 before Judge Mitchell J. Katz, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to |

| | | |
|---|---|---|
| | | Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/7/2024. Redacted Transcript Deadline set for 11/18/2024. Release of Transcript Restriction set for 1/15/2025. Notice of Intent to Redact due by 10/22/2024 (jlh, ) (Entered: 10/17/2024) |
| 10/26/2024 | 348 | Letter Motion from John G. Powers for Kelsey Francemone requesting a telephone status conference with the Court to reset the trial date for this matter, and any related deadlines submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Powers, John) (Entered: 10/26/2024) |
| 10/28/2024 | 349 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial subpoena submitted to Judge Mitchell J. Katz. U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 10/28/2024) |
| 10/28/2024 | 350 | Exhibit List *(Second Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 10/28/2024) |
| 10/29/2024 | | TEXT NOTICE of Hearing: A Telephone Conference is set for 10/30/2024 at 11:30 AM before Chief Judge Brenda K. Sannes. Counsel are directed to dial 315-691-0477 and use ID 125589713# to connect to the conference. (nmk) (Entered: 10/29/2024) |
| 10/30/2024 | 351 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Magistrate Judge Mitchell J. Katz on 10/30/2024.(kmc) (Entered: 10/30/2024) |
| 10/30/2024 | | TEXT Minute Entry for Telephone Conference held on 10/30/2024 before Chief Judge Brenda K. Sannes: The court confirms with counsel that the trial in this matter needs to be reset. Trial is anticipated to last 2-3 weeks. Trial is tentatively set for 5/12/2025. Counsel are directed to confirm the trial date with all parties and witnesses and file a letter regarding availability by 11/5/2024. An in-person hearing on the pending motions in limine is set for 11/8/2024 at 10:00 a.m. in Syracuse. Appearances: Fred Lichtmacher, Esq. for plaintiff; John Powers, Esq. and Mary D'Agostino, Esq. for defendant. (Court Reporter: Eileen McDonough. Time: 11:30 a.m. - 11:49 a.m.) (nmk) (Entered: 10/30/2024) |
| 10/30/2024 | | TEXT NOTICE of Hearing on Pending Motions in Limine: Motion Hearing is set for 11/8/2024 at 10:00 AM in Syracuse before Chief Judge Brenda K. Sannes (nmk) (Entered: 10/30/2024) |
| 11/03/2024 | 352 | RESPONSE to # 306 Response to motion. *In response to Defendant's MIL 14* filed by Tanajee Maddox. (Lichtmacher, Fred) Modified on 11/4/2024 to correct docket text and change event from a motion to a response. (mmg). (Entered: 11/03/2024) |
| 11/04/2024 | 353 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting leave to submit supplemental briefing regarding Defendant's motion in limine #14 (Dkt. No. 281) due to the submissions of Plaintiff's supplemental briefing (Dkt. No. 352) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 11/04/2024) |
| 11/05/2024 | 354 | STATUS REPORT *confirming the parties are available to proceed with trial on May 12, 2025* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/05/2024) |
| 11/05/2024 | 355 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting The Court consider issuing a So Ordered subpoena submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 11/05/2024) |

| | | |
|---|---|---|
| 11/05/2024 | | TEXT NOTICE of Hearing: The Jury Trial is reset for 5/12/2025 at 09:30 AM in Syracuse before Chief Judge Brenda K. Sannes. (nmk) (Entered: 11/05/2024) |
| 11/05/2024 | 356 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting re-issuance of several judicial subpoenas for new trial date submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) Connor Dupree (proposed), # 2 Exhibit(s) Matthew Kurminsky (proposed), # 3 Exhibit(s) Knariana Hoyle (proposed), # 4 Exhibit(s) Rakiem Days (proposed), # 5 Exhibit(s) Arian Drake (proposed))(D'Agostino, Mary) (Entered: 11/05/2024) |
| 11/05/2024 | 357 | APPLICATION for Writ of Order and Writ of Habeas Corpus Ad Testificandum re: Khalil Davis for trial by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/05/2024) |
| 11/05/2024 | 358 | APPLICATION for Writ of Order and Writ of Habeas Corpus Ad Testificandum re: Carlos Stackhouse for trial by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/05/2024) |
| 11/08/2024 | | TEXT Minute Entry for Motion Hearing held on 11/8/2024 before Chief Judge Brenda K. Sannes: The court has a lengthy discussion with counsel regarding the various motions in limine and makes the following rulings on the record: Plaintiff's motions in limine - #1, court reserves; #2 is denied; #3 is denied without prejudice to identification of a specific objection; #4 is denied; #5 court reserves; #6 court reserves; #7 is denied as moot; #8 court reserves; #9 court reserves; #10 court reserves; #11 is denied; #12 is granted to the extent that Defendant's actions at the scene are admissible; #13 is denied as moot; #14 is denied as moot; #15 denied to the extent Defendant may elicit testimony regarding what she knew before she entered the scene and otherwise court reserves; #16 court reserves; #17 is denied as moot; #18 is denied as moot; #19 is granted to the extent that Flosi may not opine on why a gun was not recovered; #20 is denied as moot; #21 court reserves; #22 is denied as moot; #23 is denied; #24 court reserves and directs defense counsel to submit the relevant text messages to the court for review; #25 is denied as moot with respect to evidence that Plaintiff committed a crime because marijuana was in his system and otherwise court reserves for trial; #26 is denied as moot; and #27 is denied as moot; and, as to Defendant's motions in limine - #1 is denied as moot; #2 is denied as moot; #3 is denied; #4 is denied as moot; #5 is denied as moot with respect to theft of $9,200 and granted as to questioning about the grand jury investigation; #6 is denied as moot; #7 is duplicate of plaintiff #3; #8 is denied as moot; #9 is denied as moot; #10 is denied as moot; # 11 court reserves; #12 is denied as moot as to the first 6 witnesses and court reserves as to witness King; #13 court reserves for trial; #14 is denied, a deposition is to be completed; #15 is denied as moot; #16 court reserves; #17 is granted as to the autopsy photos, and the two shirts are to be subpoenaed to be available at the final pretrial conference for inspection; #18 is denied as to the autopsy report and the parties are directed to confer with respect to the medical records; #19 is granted; #20 court reserves; #21 is granted; #22 is denied; #23 is denied; #24 is denied as moot; #25 court reserves for trial; #26 is denied as moot; #27 is duplicative of defense #24; #28 court reserves; and #29 is denied as moot. The court briefly discusses the transcript of plaintiff's deposition, which plaintiff's counsel will pay for in order to receive a copy. The following letter motions are also addressed: #329 is granted; #235 is denied as moot; and #355 is terminated pending plaintiff's determination of whether a HIPPA authorization is needed and submission of a proposed subpoena. The court briefly discusses special interrogatories with counsel. A final pretrial conference will be set closer to the trial date. Counsel were directed to submit any supplemental briefing by 3/3/2025, with responses due by 3/17/2025. Appearances: Fred Lichtmacher, Esq. for plaintiff; John Powers, Esq. and Mary D'Agostino, Esq. for defendant. (Court Reporter: Hannah Cavanaugh. Time: 10:02 a.m. - 10:48 a.m.; 10:54 a.m. - 11:09 a.m.; 11:15 a.m. - 12:00 p.m.; 12:07 p.m. - 1:00 p.m.; 1:47 p.m. - 3:03 p.m.) (nmk) (Entered: 11/12/2024) |

| 11/12/2024 | | TEXT NOTICE of Hearing: A Final Pretrial Conference is set for 4/15/2025 at 10:00 AM in Syracuse before Chief Judge Brenda K. Sannes. (nmk) (Entered: 11/12/2024) |
|---|---|---|
| 11/12/2024 | 359 | LETTER BRIEF *For an Adjournment of the Pretrial Conference* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 11/12/2024) |
| 11/13/2024 | 360 | TEXT ORDER: The Court has reviewed Plaintiff's 359 letter request regarding a conflict with the final pretrial conference. Plaintiff is directed to notify the Court immediately if the state court trial resolves. If the state court trial is resolved by March 17, 2025, the final pretrial conference will be remain on April 15, 2025. If the state court trial is not resolved by March 17, 2025, the final pretrial conference will be adjourned to April 29, 2025 at 10 a.m. SO ORDERED by Chief Judge Brenda K. Sannes on 11/13/2024. (nmk) (Entered: 11/13/2024) |
| 11/13/2024 | 361 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial (trial) subpoena re: Board of Parole records submitted to Judge Mitchell J. Katz. U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 11/13/2024) |
| 11/13/2024 | 362 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial (trial) subpoena re: Peter Valentin submitted to Judge Brenda K. Sannes, Chief U.S. District Judge *(revised based on new trial date)*. (Attachments: # 1 Exhibit(s) proposed judicial trial subpoena re: Peter Valentin)(D'Agostino, Mary) (Entered: 11/13/2024) |
| 11/15/2024 | 363 | TRANSCRIPT REQUEST by Kelsey Francemone for proceedings held on 11/08/2024 before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 11/15/2024) |
| 11/15/2024 | 364 | LETTER BRIEF *as follow-up to the hearing held before the Court on 11/8/2024* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - rap sheet for the decedent)(D'Agostino, Mary) (Entered: 11/15/2024) |
| 11/21/2024 | 365 | JUDICIAL SUBPOENA: Directing Connor Dupree to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
| 11/21/2024 | 366 | JUDICIAL SUBPOENA: Directing Matthew Kurminsky to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
| 11/21/2024 | 367 | JUDICIAL SUBPOENA: Directing Knariana Hoyle to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
| 11/21/2024 | 368 | JUDICIAL SUBPOENA: Directing Rakiem Days to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
| 11/21/2024 | 369 | JUDICIAL SUBPOENA: Directing Arian Drake to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
| 11/21/2024 | 370 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision Board of Parole to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |

| 11/21/2024 | 371 | JUDICIAL SUBPOENA: Directing Peter Valentin to appear in the United States district court to testify at a trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 11/21/2024. (nmk) (Entered: 11/21/2024) |
|---|---|---|
| 11/22/2024 | 372 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A So Ordered Subpoena to obtain the relevant medical records of Witness Khalil Davis submitted to Judge Sannes . (Lichtmacher, Fred) (Additional attachment(s) added on 11/26/2024: # 1 Proposed Sealed Exhibit 1) (nmk, ). (Entered: 11/22/2024) |
| 11/22/2024 | 373 | LETTER BRIEF *re: Plaintiff's request for "So Ordered" subpoena at Dkt. No. 372* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 11/22/2024) |
| 12/03/2024 | 374 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 11/8/2024 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 12/03/2024) |
| 12/04/2024 | 375 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A virtual deposition of a witness who is ill submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 12/04/2024) |
| 12/05/2024 | 376 | RESPONSE in Opposition re 375 Letter Request/Motion filed by Kelsey Francemone. (Powers, John) (Entered: 12/05/2024) |
| 12/05/2024 | 377 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 12/05/2024) |
| 12/07/2024 | 378 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 12/07/2024) |
| 12/09/2024 | 379 | TEXT ORDER: The Court has reviewed the parties' submissions concerning the deposition of LaShea Smith-Grimes 375 , 376 , 377 . After carefully considering all of the submissions and weighing the relevant facts, the Court denies Plaintiff's request that the deposition be taken remotely. See Fed. R. Civ. P. 30(b)(4); Rouviere v. Depuy Orthopaedics, Inc., 471 F. Supp.3d 571, 574 (S.D.N.Y. 2020). Defense counsel is directed to make arrangements for Plaintiff's counsel to appear remotely for the in-person deposition of Ms. Smith if Plaintiff's counsel seeks to participate remotely. To the extent Ms. Smith or the parties need to continue the currently-scheduled date for the deposition, the Court expects that counsel can work together to reach an agreement without the Court's intervention. SO ORDERED by Chief Judge Brenda K. Sannes on 12/9/2024. (nmk) (Entered: 12/09/2024) |
| 12/09/2024 | 380 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting An ex parte phone call with the Court submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 12/09/2024) |
| 12/09/2024 | 381 | LETTER advising that the issue regarding the request in 380 is resolved by Tanajee Maddox. (Lichtmacher, Fred) Modified on 12/9/2024 to clarify docket text. (nmk) (Entered: 12/09/2024) |
| 12/09/2024 | 382 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of a judicial subpoena for certified records from DOCCS submitted to Judge Mitchell J. Katz. U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 12/09/2024) |
| 12/13/2024 | 383 | NOTICE advising that Attorney Jesse Ryder will appear on behalf of witness Lashea Smith-Grimes at her deposition. (Lichtmacher, Fred) Modified on 12/13/2024 to clarify docket text. (nmk) (Entered: 12/13/2024) |

| 12/13/2024 | 384 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Magistrate Judge Mitchell J. Katz on 12/13/2024. (kmc) (Entered: 12/13/2024) |
|---|---|---|
| 12/16/2024 | 385 | TEXT ORDER: The Court has reviewed the parties' submissions regarding Plaintiff's request for a subpoena to obtain the medical records of Khalil Davis 372 , 373 . Plaintiff seeks permission to draft a subpoena and a protective order, for the Court's review, for the medical records of Khalil Davis from 6/19/16 to 6/22/16 at Upstate University Hospital. 372 Plaintiff asserts that "[t]here is compelling evidence that Khalil Davis was in the hospital shortly before, and possibly during" his June 22, 2016 interview with Syracuse police officers and "[c]onfirming whether he was hospitalized during the relevant time" or "impaired by drug use" "is critical to evaluating" his testimony. 372 Defendant takes "no position" on the merits of the request, "including whether good cause has been shown under Fed. R. Civ. P. 16(b) but, if the request is granted, asks that "any records be made returnable to chambers." 373 . Plaintiff's request is GRANTED. Plaintiff may draft a subpoena and a protective order, as described in Plaintiff's letter request 372 , for the Court's review, and the subpoena should direct that the medical records be produced to the Court. The exhibit Plaintiff submitted in connection with his letter motion [372-1] has already been ordered sealed 81 and remains sealed. SO ORDERED by Chief Judge Brenda K. Sannes on 12/16/2024. (nmk) (Entered: 12/16/2024) |
| 12/16/2024 | 386 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A So Ordered subpoena submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 12/16/2024) |
| 12/17/2024 | 387 | TRANSCRIPT of Proceedings: Motion Hearing held on 11/8/2024 before Judge Brenda K. Sannes, Court Reporter: Hannah Cavanaugh, Telephone number: 315-234-8545. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/7/2025. Redacted Transcript Deadline set for 1/17/2025. Release of Transcript Restriction set for 3/17/2025. Notice of Intent to Redact due by 12/23/2024 (hfc, ) (Entered: 12/17/2024) |
| 12/26/2024 | 388 | USB Drive: Syracuse Clerk's Office received a thumb drive containing copies of digital media Trial Exhibits from Plaintiff's Counsel. Not available for public viewing. {With attached Cover Letter and Mailing Envelope} (kck) (Entered: 12/27/2024) |
| 12/27/2024 | 391 | Proposed Subopena re 386 Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting A So Ordered subpoena submitted to Judge Sannes. (ham) (Entered: 01/07/2025) |
| 12/31/2024 | 389 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial subpoena submitted to Judge Brenda K. Sannes, Chief U.S. District Judge or Mitchell J. Katz, U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena to the Syracuse Police Department for the items within BEAST No. 2 for production at the final pretrial conference)(D'Agostino, Mary) (Entered: 12/31/2024) |
| 01/07/2025 | 390 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting amending defendant's proposed subpoena submitted to Judge Honorable Judge Sannes . (Lichtmacher, Fred) (Entered: 01/07/2025) |

| 01/10/2025 | 392 | JUDICIAL SUBPOENA: Directing Upstate University Hospital to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 1/10/2025. (nmk) (Entered: 01/10/2025) |
|---|---|---|
| 01/13/2025 | 393 | JUDICIAL SUBPOENA: Directing Syracuse Police Department to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 1/13/2025. (nmk) (Entered: 01/13/2025) |
| 01/16/2025 | | CLERK'S NOTICE OF RECEIPT OF SUBPOENAED DOCUMENTS: Subpoenaed documents in the above listed matter were received from Upstate University Hospital on 1/16/2025. The documents are available for review by counsel. Counsel are to contact the chambers of Chief Judge Brenda K. Sannes, or the Clerk's office if they wish to review the documents. (mmg). (Entered: 01/16/2025) |
| 01/17/2025 | 394 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Method of Receiving the Medical Records of Khalil Davis submitted to Judge Honorable Brenda Sannes . (Lichtmacher, Fred) (Entered: 01/17/2025) |
| 01/23/2025 | 395 | TEXT ORDER: On January 10, 2025, the Court issued a subpoena to Upstate University Hospital 392 , at Plaintiff's request 372 , and with the understanding that Plaintiff would submit "a protective order prohibiting the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and requiring the return or destruction of the protected health information, including all copies, at the end of the litigation or proceeding" 372 . The Court has not received a proposed protective order. Plaintiff is directed to file a proposed protective order by 2/4/2025. SO ORDERED by Chief Judge Brenda K. Sannes on 1/23/2025. (nmk) (Entered: 01/23/2025) |
| 01/23/2025 | 396 | TEXT ORDER: The Court has received medical records from Upstate University Hospital in response to Plaintiff's subpoena issued January 10, 2025 392 . The medical records produced by Upstate University Hospital included the attached Redisclosure Prohibition Notice. The Court had anticipated disclosing the subpoenaed records to counsel for the Plaintiff and counsel for the Defendant, in accordance with a protective order prohibiting the parties from using or disclosing the protected health information for any purpose other than the litigation in Maddox v. Francemone, Case No. 19-678, and requiring the return or destruction of the protected health information, including all copies, at the end of the litigation or proceeding. However, in an abundance of caution, and in light of the attached Redisclosure Prohibition Notice, the Court has scheduled a hearing and will issue a subpoena to General Counsel at Upstate University Hospital to appear in Court on February 7, 2025 and 12:00 p.m. to address whether the contemplated redisclosure of the medical records produced in response to the subpoena is barred. The Court will accept, in lieu of counsel's presence at a hearing, an affidavit from Counsel responding to this issue by 2/3/2025. Plaintiff's counsel is directed to serve the subpoena on General Counsel for Upstate University Hospital and shall file proof of service by 1/24/2025. SO ORDERED by Chief Judge Brenda K. Sannes on 1/23/2025. (nmk) (Entered: 01/23/2025) |
| 01/23/2025 | 397 | JUDICIAL SUBPOENA: Directing General Counsel, Office of General Counsel at Upstate University Hospital to appear in the United States district court to testify at a hearing in this civil action set for 2/7/2025 at 12:00 PM in Syracuse. Signed by Chief Judge Brenda K. Sannes on 1/23/2025. (nmk) (Entered: 01/23/2025) |
| 01/28/2025 | 398 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 01/28/2025) |

| | | |
|---|---|---|
| 01/28/2025 | 399 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Add an exhibit Plaintiff's Exhibit 60 submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 01/28/2025) |
| 01/29/2025 | 400 | AFFIDAVIT of Service for Subpoena served on General Counsel for Upstate on 1/28/2025, filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 01/29/2025) |
| 01/29/2025 | 401 | LETTER BRIEF *In support of release at least in part of the John Doe medical record* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 01/29/2025) |
| 01/31/2025 | 402 | TEXT ORDER: The Court has reviewed Plaintiff's counsel's submission, "in support of the release, for limited purposes, of the medical records of the 'John Doe' witness," and requesting that "John Doe" "be so informed" of the 2/7/25 hearing "and be given the opportunity to respond and/or appear," and that Plaintiff's counsel "be permitted to appear, preferably via telephone." 401 . The Court notes that the purpose of the 2/7/25 hearing is to determine whether the redisclosure prohibitions as articulated in the Redisclosure Prohibition Notice apply to the particular records at issue, not to comply with the procedure to release these records under 42 C.F.R. ¶ 2.64. Accordingly, the Court grants Plaintiff's counsel's request to appear by telephone at the hearing on 2/7/25 but otherwise denies the motion as premature. The Courtroom Deputy will coordinate with counsel regarding his telephone appearance. SO ORDERED by Chief Judge Brenda K. Sannes on 1/31/2025. (nmk) (Entered: 01/31/2025) |
| 01/31/2025 | 403 | LETTER BRIEF *setting forth Officer Francemone's positions re: Plaintiffs recent filings with the Court at Dkt. No. 399 [designation of Plaintiffs Trial Exhibit 60] and Dkt. No. 401 [limited release of certain medical records, denied as premature by the Court at Dkt. No. 402]* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 01/31/2025) |
| 02/06/2025 | 404 | Amended Attorney Affidavit filed by SUNY Upstate Medical University. (nmk) (Entered: 02/06/2025) |
| 02/06/2025 | | TEXT NOTICE: In light of the 404 Affidavit, the hearing set for 2/7/2025 is adjourned. A Telephone Conference is set for 2/12/2025 at 02:00 PM before Chief Judge Brenda K. Sannes. Counsel are directed to dial 315-691-0477 and use ID 304891537# to connect to the call. (nmk) (Entered: 02/06/2025) |
| 02/12/2025 | | TEXT Minute Entry for Telephone Conference held on 2/12/2025 before Chief Judge Brenda K. Sannes: The court briefly discusses the medical records received from Upstate Medical University and directs plaintiff's counsel to draft a revised protective order before the records are disclosed to counsel. Plaintiff's revised protective order is to be filed by 2/26/2025. Counsel were reminded that any supplemental briefing is due by 3/3/2025, with responses due by 3/17/2025. Appearances: Fred Lichtmacher, Esq. for plaintiff; John Powers, Esq. and Mary D'Agostino, Esq. for defendant. (Court Reporter: Jodi Hibbard. Time: 1:58 p.m. - 2:10 p.m.) (nmk) (Entered: 02/12/2025) |
| 02/16/2025 | 405 | Exhibit List *(Third Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 02/16/2025) |
| 02/16/2025 | 406 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial subpoenas submitted to Judge Brenda K. Sannes, Chief U.S. District Judge or Mitchell J. Katz, U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena re: updated jail calls, # 2 Exhibit(s) Evidence Custodian at Syracuse Police Department, # 3 Exhibit(s) Records Custodian at Syracuse Police Department, # 4 Exhibit(s) Onondaga County Crime Analysis Center)(D'Agostino, Mary) (Entered: 02/16/2025) |

| | | |
|---|---|---|
| 02/18/2025 | 407 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the materials noted herein. Signed by Chief Judge Brenda K. Sannes on 2/18/2025. (kck) (Entered: 02/18/2025) |
| 02/18/2025 | 408 | JUDICIAL SUBPOENA: Directing the Custodian of Physical Evidence at the Syracuse Police Department to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the materials noted herein. Signed by Chief Judge Brenda K. Sannes on 2/18/2025. (kck) (Entered: 02/18/2025) |
| 02/18/2025 | 409 | JUDICIAL SUBPOENA: Directing the Records Custodian at the Syracuse Police Department to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the materials noted herein. Signed by Chief Judge Brenda K. Sannes on 2/18/2025.(kck) (Entered: 02/18/2025) |
| 02/18/2025 | 410 | JUDICIAL SUBPOENA: Directing the Records Custodian at the Onondaga County Crime Analysis Center to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the materials noted herein. Signed by Chief Judge Brenda K. Sannes on 2/18/2025. (kck) (Entered: 02/18/2025) |
| 02/21/2025 | 411 | USB Drive: Syracuse Clerk's Office received a thumb drive containing copies of digital media Trial Exhibits from Plaintiff's Counsel. Not available for public viewing. {With attached Cover Letter and Mailing Envelope}. (mmg). (Entered: 02/21/2025) |
| 02/22/2025 | 412 | Letter Motion from Fred Lichtmacher-proposed Protective Order for Tanajee Maddox requesting For the court to So Order the Protective Order submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 02/22/2025) |
| 02/23/2025 | 413 | RESPONSE in Opposition re 412 Letter Request/Motion *re: inclusion of language regarding a new expert two years after the expiration of the expert disclosure deadline* filed by Kelsey Francemone. (Attachments: # 1 Proposed Order/Judgment redline) (D'Agostino, Mary) (Entered: 02/23/2025) |
| 02/23/2025 | 414 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 02/23/2025) |
| 02/25/2025 | 415 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting an extension to file supplemental pre-trial briefing (to March 7, 2025) and responsive pre-trial briefing (to March 21, 2025) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 02/25/2025) |
| 02/26/2025 | 416 | TEXT ORDER: The Court has reviewed the proposed protective order 412 and the parties' submissions regarding the proposed protective order 413 , 414 . The Court will sign the proposed protective order in order to permit the parties, if necessary to consult with a medical expert about medical terms in the documents. To the extent that counsel seek to introduce medical terms unfamiliar to a jury, the Court would anticipate that counsel could reach agreement on the meaning of medical terms. Any motion for leave to alter the Court's discovery scheduling order regarding experts must establish good cause, see Fed. R. Civ. P. 16(b)(4), and must be filed by 3/17/25. SO ORDERED by Chief Judge Brenda K. Sannes on 2/26/2025. (nmk) (Entered: 02/26/2025) |
| 02/26/2025 | 417 | PROTECTIVE ORDER: Setting forth the terms and conditions on the exchange and disclosure of specific medical records. Signed by Chief Judge Brenda K. Sannes on 2/26/2025. (Records provided to counsel.) (nmk) (Entered: 02/26/2025) |

| 02/27/2025 | 418 | TEXT ORDER: granting 415 Letter requesting an extension of time. Any supplemental briefing is due by 3/7/2025, with responses due by 3/21/2025. SO ORDERED by Chief Judge Brenda K. Sannes on 2/27/2025. (nmk) (Entered: 02/27/2025) |
|---|---|---|
| 02/28/2025 | 419 | Exhibit List *(Fourth Proposed) - including stipulations following September 2024 and February 2025 meet-and-confers between Attorney Powers and Attorney Lichtmacher* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 02/28/2025) |
| 02/28/2025 | 420 | MOTION in Limine *#30 re: admissibility of three summary exhibits at trial* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F) (D'Agostino, Mary) (Entered: 02/28/2025) |
| 03/01/2025 | 421 | Exhibit List *(CORRECTED Fourth Proposed) - including stipulations following September 2024 and February 2025 meet-and-confers between Attorney Powers and Attorney Lichtmacher* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/01/2025) |
| 03/03/2025 | 422 | MEMORANDUM OF LAW re 420 Motion in Limine, *re: motion in limine #3 (re: Rule 1006 exhibits)* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/03/2025) |
| 03/07/2025 | 423 | Exhibit List *(Fifth Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/07/2025 | 424 | MOTION in Limine *#31 (re: additional sanctions due to Plaintiff's discovery misconduct)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I, # 11 Exhibit(s) J, # 12 Memorandum of Law) (D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/07/2025 | 425 | RESPONSE in Opposition re 287 Motion in Limine,, *Defendant's Supplemental Briefing re: Plaintiff's Motion in Limine #24* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A -OCAC Heroin Packet Stamp List, # 2 Exhibit(s) B -glassine heroin bags/envelopes , # 3 Exhibit(s) C - Cellebrite Report , # 4 Exhibit(s) D - Notice of Conventional Filing, # 5 Exhibit(s) E - bank statements, # 6 Exhibit(s) F - employment records, # 7 Memorandum of Law)(D'Agostino, Mary) Modified on 3/10/2025 to correct Exhibit titles in docket text. (mmg). (Entered: 03/07/2025) |
| 03/07/2025 | 426 | RESPONSE in Opposition re 287 Motion in Limine,, *Defendant's Supplemental Briefing re: Plaintiff's Motion in Limine #6* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/07/2025 | 427 | MOTION in Limine filed by Tanajee Maddox. Motion returnable before Judge Sannes (Attachments: # 1 Exhibit(s) Attorney Declaration, # 2 Exhibit(s) 1, # 3 Exhibit(s) 2, # 4 Exhibit(s) 3, # 5 Exhibit(s) 4, # 6 Exhibit(s) 5, # 7 Exhibit(s) 6, # 8 Exhibit(s) 7, # 9 Exhibit(s) 8, # 10 Exhibit(s) 9, # 11 Exhibit(s) 12) (Lichtmacher, Fred) (Additional attachment(s) added on 3/21/2025: # 12 Exhibit 11a, # 13 Exhibit 11b, # 14 Exhibit 11c, # 15 Exhibit 11d, # 16 Exhibit 11f, # 17 Exhibit 11h, # 19 Exhibit 11j, # 20 Exhibit 11l, # 21 Exhibit 11m, # 22 Exhibit 11n, # 23 Exhibit 11o, # 24 Exhibit 11p, # 25 Exhibit 11q, # 26 Exhibit 11r, # 27 Exhibit 11s, # 28 Exhibit 11t, # 29 Exhibit 11u, # 30 Exhibit 11v, # 31 Exhibit 11w, # 32 Exhibit 11x, # 33 Exhibit 11y, # 34 Exhibit 11z, # 35 Exhibit 11aa, # 36 Exhibit 11bb, # 37 Exhibit 11cc) pursuant to the 440 Order. (nmk) (Entered: 03/07/2025) |
| 03/07/2025 | 428 | LETTER BRIEF *Re Plaintiff's Exhibits 10 and 11* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 03/07/2025) |

| 03/07/2025 | 429 | LETTER BRIEF by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 03/07/2025) |
|---|---|---|
| 03/07/2025 | 430 | RESPONSE in Opposition re 287 Motion in Limine,, *Defendant's Supplemental Briefing re: Plaintiff's Motion in Limine #5, 9, and 21* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Memorandum of Law)(D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/07/2025 | 431 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting that the Court direct Plaintiff to either file Exhibit 11 (see Dkt. No. 427) on the public docket or submit an appropriate application to seal, with the requisite legal justification under Lugosch, so that Defendant may respond to the application in due course submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/07/2025 | 432 | MEMORANDUM OF LAW re 276 Motion in Limine, *Defendant's Supplemental Briefing re: Defendant's Motion in Limine #11* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/07/2025) |
| 03/10/2025 | | Docket Annotation: Clerk's Office received video files via MFT on 3/7/2025. Exhibits A,B,C,D,E to the # 424 Motion in Limine, Exhibit D to the # 425 Response, and Exhibit G to the # 430 Response. Not available for public viewing. (mmg). (Entered: 03/10/2025) |
| 03/10/2025 | | CLERK'S CORRECTION OF DOCKET ENTRY re # 425 Response in Opposition to Motion: Counsel has called Clerks office in regards to the Named of Attachment 1, 2, and 3. Clerk has corrected the labeling of exhibit A, B, and C. (mmg). (Entered: 03/10/2025) |
| 03/11/2025 | 433 | USB Drive: Syracuse Clerk's Office received a USB drive containing digital media - Exhibit 10 & 11 to the number # 427 Motion in Limine. Not available for public viewing. (mmg). (Entered: 03/11/2025) |
| 03/14/2025 | 434 | TEXT ORDER: The Court has reviewed the letters filed by the parties regarding Plaintiff's submission of "Exhibits 10 and 11." 428 , 429 , 431 . Exhibits 10, 11e, 11g, 11i and 11k are videos. It appears that Plaintiff seeks to file the remainder of Exhibit 11 under seal in connection with the pending motions in limine. [427-1 at 2, 427 at 7]. To the extent Plaintiff seeks to file the remainder of Exhibit 11 under seal for the Court's consideration in connection with the pending motions in limine, Plaintiff must file an application to seal in accord with NDNY Local Rule 5.3, "setting forth the reason(s) that the referenced material should be sealed under the governing legal standard. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-27) (2d Cir. 2006)." Defendant states that Exhibit 11 comprises approximately thirty of Defendant's trial exhibits and that "the overwhelming majority of these exhibits consist of social media posts that are, or were publicly accessible." (Dkt. No. 431 ). Any sealing must be "narrowly tailored" and justified with "specific, on-the-record findings that sealing is necessary to preserve higher values." Lugosch, 435 F.3d at 124. Plaintiff must file any application to seal in accord with Local Rule 5.3 and Lugosch by 3/21/25. SO ORDERED by Chief Judge Brenda K. Sannes on 3/14/2025. (nmk) (Entered: 03/14/2025) |
| 03/17/2025 | 435 | LETTER MOTION by Tanajee Maddox. (Lichtmacher, Fred) Modified on 3/17/2025 to change event type and update docket text. (mmg). (Entered: 03/17/2025) |
| 03/17/2025 | | CLERK'S CORRECTION OF DOCKET ENTRY re # 435 Letter Request/Motion: Clerk has changed the event type from Letter Brief to Letter Motion and updated the docket text to reflect the correction. (mmg). (Entered: 03/17/2025) |

| 03/17/2025 | 436 | MOTION in Limine *Response to Defendant's Supplemental Briefings* filed by Tanajee Maddox. Motion returnable before Judge Sannes (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Memorandum of Law Opposition to Defendant's Supplemental Briefing) (Lichtmacher, Fred) (Entered: 03/17/2025) |
|---|---|---|
| 03/17/2025 | 437 | RESPONSE to Motion re 424 Motion in Limine, filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Memorandum of Law Response to Sanctions Motion)(Lichtmacher, Fred) (Entered: 03/17/2025) |
| 03/17/2025 | 438 | RESPONSE to Motion re 435 Letter Request/Motion filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/17/2025) |
| 03/20/2025 | 439 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting an extension to March 26 (or March 24 if the Court prefers) to file Defendant's supplemental briefing (without opposition by Plaintiff's counsel) submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 03/20/2025) |
| 03/21/2025 | 440 | TEXT ORDER: The court clerk is respectfully requested to file the documents in Plaintiff's Exhibit 11, in support of the 427 Motion, on the public docket, in light of Plaintiff's representation 435 that he only offered them under seal because the Defendant had marked the documents "confidential," and the Defendant's responses 431 , 438 that " the overwhelming majority of these exhibits consist of social media posts that are, or were, publicly accessible" and "Defendant does not seek to maintain the confidentiality status" of the exhibit. SO ORDERED by Chief Judge Brenda K. Sannes on 3/21/2025. (nmk) (Entered: 03/21/2025) |
| 03/21/2025 | 441 | TEXT ORDER: granting the 439 Letter requesting an extension to file Defendant's supplemental briefing. Defendant's response to Plaintiff's 427 supplemental briefing is due by 3/26/2025. SO ORDERED by Chief Judge Brenda K. Sannes on 3/21/2025. (nmk) (Entered: 03/21/2025) |
| 03/26/2025 | 442 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Carlos Stackhouse Din: 22-B-2415 for May 21, 2025. (Copy served upon Upstate CF via regular mail and email.) (nmk) (Entered: 03/26/2025) |
| 03/26/2025 | 443 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Khalil Davis DIN: 17-B-2918 for May 21, 2025. (Copy served upon Sing Sing CF via regular mail and email.) (nmk) (Entered: 03/26/2025) |
| 03/26/2025 | 444 | RESPONSE in Opposition re 427 Motion in Limine,,, *Defendant's Response to Plaintiff's Supplemental Motion in Limine Briefing* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - orders of protection, # 2 Exhibit(s) B - reports giving rise to the orders of protection, # 3 Exhibit(s) C - police report from 6/21/2016, # 4 Exhibit(s) D - excerpt referencing status of predicate felon, # 5 Memorandum of Law)(D'Agostino, Mary) (Entered: 03/26/2025) |
| 03/30/2025 | 445 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Permission to file a Reply submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 03/30/2025) |
| 03/31/2025 | 446 | RESPONSE in Opposition re 445 Letter Request/Motion filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 03/31/2025) |
| 03/31/2025 | 447 | STATUS REPORT by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 03/31/2025) |
| 03/31/2025 | 448 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting The Court So Order a Subpoena for the Defendant to testify at trial submitted to Judge Sannes . (Attachments: # 1 Exhibit(s) Subpoena)(Lichtmacher, Fred) (Entered: 03/31/2025) |

| 04/02/2025 | 449 | Proposed Jury Instructions by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/02/2025) |
|---|---|---|
| 04/03/2025 | 450 | TEXT ORDER: Plaintiff's letter motion 445 is granted. Any reply, which may be no longer than three pages, is due by 4/10/25. SO ORDERED by Chief Judge Brenda K. Sannes on 4/3/2025. (nmk) (Entered: 04/03/2025) |
| 04/04/2025 | 451 | TEXT ORDER: The parties are directed to work together to submit, by April 21, 2025, a joint brief synopsis of the Plaintiff's claim and the Defendant's defense to be read to the jury before voir dire. See Trial Order [228 at 4]. SO ORDERED by Chief Judge Brenda K. Sannes on 4/4/2025. (nmk) (Entered: 04/04/2025) |
| 04/06/2025 | 452 | RESPONSE in Opposition re 445 Letter Request/Motion filed by Tanajee Maddox. (Attachments: # 1 Declaration Fred Lichtmacher, # 2 Exhibit(s) Exhibit 1 T Maddox dep excerpts)(Lichtmacher, Fred) (Entered: 04/06/2025) |
| 04/07/2025 | 453 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting So Ordered Subpoenas submitted to Judge Sannes . (Attachments: # 1 Exhibit(s) Khalil Davis Subpoena, # 2 Exhibit(s) Carlos Stackhouse Subpoena)(Lichtmacher, Fred) (Entered: 04/07/2025) |
| 04/07/2025 | | TEXT NOTICE of Hearing: The Final Pretrial Conference is reset for 4/29/2025 at **09:30 AM** in Syracuse before Chief Judge Brenda K. Sannes. (nmk) (Entered: 04/07/2025) |
| 04/09/2025 | 454 | CERTIFICATE OF SERVICE by Kelsey Francemone re 371 Order on Letter Request *re: personal service of Plaintiff's expert Peter Valentin* (D'Agostino, Mary) (Entered: 04/09/2025) |
| 04/09/2025 | 455 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Defendant's motion in limine #11, with respect to precluding Plaintiff from recovering damages for loss of parental guidance, (Dkt. No. 276 ), is GRANTED. Signed by Chief Judge Brenda K. Sannes on 4/9/2025. (nmk) (Entered: 04/09/2025) |
| 04/16/2025 | 456 | Witness List by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/16/2025) |
| 04/17/2025 | 457 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of judicial subpoenas submitted to Judge Brenda K. Sannes, Chief U.S. District Judge or Mitchell J. Katz, U.S. Magistrate Judge . (Attachments: # 1 Exhibit(s) proposed judicial subpoena re: Khalil Davis, # 2 Exhibit(s) proposed judicial subpoena re: Carlos Stackhoue)(D'Agostino, Mary) (Entered: 04/17/2025) |
| 04/17/2025 | 458 | AMENDED DOCUMENT by Kelsey Francemone. Amendment to 420 MOTION in Limine *#30 re: admissibility of three summary exhibits at trial* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge *re: Dkt. No. 420-5.* (Attachments: # 1 Exhibit(s) Defendant's Trial Exhibit 16 (revised and updated))(D'Agostino, Mary) (Entered: 04/17/2025) |
| 04/18/2025 | 459 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 4/18/2025. (nmk) (Entered: 04/18/2025) |
| 04/18/2025 | 460 | JUDICIAL SUBPOENA: Directing New York State Department of Corrections and Community Supervision to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 4/18/2025. (nmk) (Entered: 04/18/2025) |

| 04/18/2025 | 461 | Witness List by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/18/2025) |
|---|---|---|
| 04/18/2025 | 462 | Exhibit List *(SIXTH proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/18/2025) |
| 04/18/2025 | 463 | NOTICE OF APPEARANCE by Amanda C. Nardozza on behalf of Kelsey Francemone (Nardozza, Amanda) (Entered: 04/18/2025) |
| 04/19/2025 | 464 | STATUS REPORT *re: Defendant's motion in limine #12 and motion in limine #18* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/19/2025) |
| 04/21/2025 | 465 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting So Order subpoenas or Judicial Notice of Convictions submitted to Judge Sannes . (Attachments: # 1 Exhibit(s) subpoena, # 2 Exhibit(s) subpoena, # 3 Exhibit(s) Dept of Corrections Printout of convictions)(Lichtmacher, Fred) (Entered: 04/21/2025) |
| 04/21/2025 | 466 | LETTER BRIEF *re: joint brief synopsis (Dkt. No. 451)* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) Preliminary Statement)(D'Agostino, Mary) (Entered: 04/21/2025) |
| 04/21/2025 | 467 | Witness List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 04/21/2025) |
| 04/21/2025 | 468 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting No burden of proof be suggested in the preliminary statement submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 04/21/2025) |
| 04/21/2025 | 469 | Exhibit List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 04/21/2025) |
| 04/21/2025 | 470 | STATUS REPORT *re: Defendant's motion in limine #11* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/21/2025) |
| 04/22/2025 | 471 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting issuance of a judicial subpoena for non-party witness Evelyn Tennyson submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) A - proposed judicial subpoena)(D'Agostino, Mary) (Entered: 04/22/2025) |
| 04/23/2025 | 472 | JUDICIAL SUBPOENA: Directing Kelsey Francemone Voggel s/h/a Kelsey Francemone to appear in the United States district court to testify at a hearing or trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 4/23/2025. (nmk) (Entered: 04/23/2025) |
| 04/23/2025 | 473 | JUDICIAL SUBPOENA: Directing New York State Division of Criminal Justice Services to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 4/23/2025. (nmk) (Entered: 04/23/2025) |
| 04/23/2025 | 474 | JUDICIAL SUBPOENA: Directing New York State Division of Criminal Justice Services to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material noted herein. Signed by Chief Judge Brenda K. Sannes on 4/23/2025. (nmk) (Entered: 04/23/2025) |
| 04/23/2025 | 475 | JUDICIAL SUBPOENA: Directing Evelyn Tennyson to appear in the United States district court to testify at a hearing or trial in this civil action. Signed by Chief Judge Brenda K. Sannes on 4/23/2025. (nmk) (Entered: 04/23/2025) |
| 04/24/2025 | 476 | NOTICE OF APPEARANCE by Mirela Kucevic on behalf of Tanajee Maddox (Kucevic, Mirela) (Entered: 04/24/2025) |

| 04/25/2025 | 477 | Exhibit List *Plaintiff's Updated Exhibit List* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 04/25/2025) |
|---|---|---|
| 04/26/2025 | 478 | Witness List by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/26/2025) |
| 04/27/2025 | 479 | STATUS REPORT *re: Defendant's motion in limine #16 (and other related pending motions)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 04/27/2025) |
| 04/29/2025 | 480 | TRANSCRIPT REQUEST *for final pretrial conference* by Kelsey Francemone for proceedings held on 4/29/2025 before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 04/29/2025) |
| 04/29/2025 | 481 | STATUS REPORT *re: physical evidence under DR#16-334526 and designated as BEAST Item No. 2 for trial* by Kelsey Francemone. (Attachments: # 1 Exhibit(s))(D'Agostino, Mary) (Entered: 04/29/2025) |
| 04/29/2025 | | TEXT Minute Entry for Final Pretrial Conference held on 4/29/2025 before Chief Judge Brenda K. Sannes: 9:31 a.m. - Court begins and counsel request to inspect the deceased's clothing before the conference continues. 9:32 a.m. - Court is in recess for clothing inspection. 9:48 a.m. - Court resumes. Clothing inspection is discussed with counsel. Plaintiff may use the shirt as an exhibit at trial and the remaining items of clothing will be shown via a photo exhibit. Court inquires as to plaintiff's added witness, Rashawn Ford. Counsel are directed to submit briefing regarding plaintiff's proffer as to loss of enjoyment of life. Defendant's submission is due by 5/5/2025; and plaintiff's submission is due by 5/9/2025. The Court questions counsel as to witness Smith-Grimes. Defendant's #31 Motion in Limine, Dkt. No. 424 , is granted in part and denied in part; defendant's request to preclude Ms. Smith-Grimes from testifying is denied, but the videos produced by the witness are precluded. The court discusses Motion in Limine 30, Dkt. No. 420 , regarding exhibits D14 and D16, which counsel consent to, as redacted, and which portions of the dispatch call will be played. Defendant's #30 Motion in Limine, Dkt. No. 420 , is granted as redacted. Plaintiff's Motion in Limine, Dkt. No. 287 is discussed and court reserves decision. After a lengthy discussion regarding Mr. Porter's prior convictions, the court reserves and will issue a written decision on Plaintiff's #6 Motion in Limine, Dkt. No. 287 , and Defendant's #28 Motion in Limine, Dkt. No. 292 . The Court discusses trial exhibits with counsel, including the proposed gang evidence videos and photos. Defense counsel withdraws the video exhibits D-20, D-22, D-24 and D-26, will re-evaluate and will propose new redacted versions of these exhibits. 11:57 a.m. - Court is in recess. 12:11 p.m. - Court resumes. Defendant's Motion in Limine # 12, Dkt. No. 277 , is terminated as moot, and Motions in Limine # 18, 20 (Dkt. No. 290 ), and 25, are resolved as moot. The Court discussed Plaintiff's request to add P60 to the exhibit list, Dkt. No. 399 . Plaintiff may include that exhibit on its list but it does not appear to be admissible as former testimony under Fed. R. Evid. 804(b)(1)(B). Court reviews the proposed statement submitted by the parties and the preliminary instruction for the jury. Court discusses voir dire and other housekeeping matters. Trial is anticipated to last 2-3 weeks. 12:53 p.m. - Court is in recess. 1:34 p.m. - Court resumes. Court reviews witness lists with counsel. Additional housekeeping matters are discussed. Any stipulations by the parties are due by 5/9/2025. Counsel are directed to report at 9:00 a.m. on 5/12/2025 for trial. 2:07 p.m. - Court is adjourned. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq. and Mary DAgostino, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 04/30/2025) |
| 04/30/2025 | | Clerk's Office received Defendant Deposition Transcript via MFT on April 30, 2025 from Defense Counsel. Not available for public viewing. (jel, ) (Entered: 04/30/2025) |
| 04/30/2025 | | Clerk's Office received Trial Exhibits via MFT on 4/30/2025 from Plaintiff's Counsel. Not available for public viewing. (tll) (Entered: 04/30/2025) |

| 05/01/2025 | 482 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Carlos Stackhouse Din: 22-B-2415 for May 20, 2025. (Copy served upon Lakeview CF via email and regular mail.) (nmk) (Entered: 05/01/2025) |
|---|---|---|
| 05/01/2025 | 483 | ORDER and Writ of Habeas Corpus ad Testificandum Issued as to Khalil Davis DIN: 17-B-2918 for May 20, 2025. (Copy served upon Sing Sing CF via regular mail and email.) (nmk) (Entered: 05/01/2025) |
| 05/02/2025 | 484 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 4/29/2025 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 05/02/2025) |
| 05/02/2025 | 485 | TRANSCRIPT of Proceedings: Final Pretrial Conference held on 4/29/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/31/2025. Notice of Intent to Redact due by 5/7/2025 (jlh, ) (Entered: 05/02/2025) |
| 05/02/2025 | 486 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Plaintiff's motion in limine, (Dkt. No. 287-1), seeking to exclude evidence of Mr. Porter's prior convictions is GRANTED in part, and Defendant's motion in limine, (Dkt. No. 293 ), seeking to introduce evidence of the convictions is DENIED in part, as set forth herein, and a final ruling is reserved until trial. Signed by Chief Judge Brenda K. Sannes on 5/2/2025. (nmk) (Entered: 05/02/2025) |
| 05/03/2025 | 487 | STATUS REPORT *re: upload of transcripts through the Court's MFT link* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/03/2025) |
| 05/03/2025 | 488 | Exhibit List *Updated pursuant to the Ct's Orders* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/03/2025) |
| 05/05/2025 | | Clerk's Office received Defendant Deposition Transcripts via MFT on May 3, 2025 from Defense Counsel. Not available for public viewing. (tll) (Entered: 05/05/2025) |
| 05/05/2025 | 489 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting The response to a subpoena defendant served submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/05/2025) |
| 05/05/2025 | 490 | RESPONSE to Motion re 489 Letter Request/Motion *re: transmission of documents received in response to subpoenas* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - Syracuse Housing Authority, # 2 Exhibit(s) B - City of Syracuse Department of Public Works, # 3 Exhibit(s) C - O'Connell Electric)(D'Agostino, Mary) (Entered: 05/05/2025) |
| 05/05/2025 | 491 | Witness List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/05/2025) |
| 05/05/2025 | 492 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Unseal the Grand Jury minutes of the Defendants submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/05/2025) |

| 05/05/2025 | 493 | MEMORANDUM OF LAW re 290 Motion in Limine, *supplemental briefing of "loss of enjoyment life" damages and related issues* filed by Kelsey Francemone. (Attachments: # 1 Declaration, # 2 Exhibit(s) A - receipt of exhibits, # 3 Exhibit(s) B - Plaintiff's Exhibit 47, # 4 Exhibit(s) D - The American Journal of Public Health, # 5 Exhibit(s) E - The Review of Economics and Statistics., # 6 Exhibit(s) G - Jamesville Correctional Facility Record, # 7 Exhibit(s) H - Scientifica)(D'Agostino, Mary) (Entered: 05/05/2025) |
|---|---|---|
| 05/05/2025 | 494 | Medical Records filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/05/2025) |
| 05/05/2025 | 495 | MOTION in Limine *#32 through #38* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s)) (D'Agostino, Mary) (Entered: 05/05/2025) |
| 05/06/2025 | | Clerk's Office received Trial Exhibits 1-8(1), 10-44, 47-57, 61, 63 and 64-1 via MFT on 5/5/2025 from Plaintiff's Counsel. Not available for public viewing. (tll) (Entered: 05/06/2025) |
| 05/06/2025 | 496 | AFFIDAVIT in Support re 290 MOTION in Limine *18 through Motion in Limine #24* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge *re: hedonic damages* filed by Kelsey Francemone. (Attachments: # 1 Exhibit(s) I - Dr. Taff Report re: life expectancy)(D'Agostino, Mary) (Entered: 05/06/2025) |
| 05/06/2025 | 497 | CERTIFICATE OF SERVICE by Kelsey Francemone re 368 Order *re: Rakiem Days* (D'Agostino, Mary) (Entered: 05/06/2025) |
| 05/06/2025 | 498 | CERTIFICATE OF SERVICE by Kelsey Francemone re 369 Order on Letter Request *re: Arian Drake* (D'Agostino, Mary) (Entered: 05/06/2025) |
| 05/06/2025 | 499 | Exhibit List *(Seventh Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/06/2025) |
| 05/07/2025 | 500 | Exhibit List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/07/2025) |
| 05/07/2025 | 501 | AMENDED DOCUMENT by Kelsey Francemone. Amendment to 425 Response in Opposition to Motion,, *Dkt. No. 425-3 [Exhibit C - Cellebrite Report].* (D'Agostino, Mary) (Entered: 05/07/2025) |
| 05/07/2025 | 502 | TEXT ORDER: The Court has reviewed Plaintiff's renewed motion to unseal Defendant's grand jury testimony 492 , which states that State Court Judge Westlake has denied Plaintiff's request. Plaintiff, however, has not provided Judge Westlake's decision. Plaintiff is directed to file any written decision by Judge Westlake by May 12, 2025. The Court is aware that on February 21, 2018, the Onondaga County District Attorney's Office objected to the unsealing of Defendant's grand jury testimony in the case of Tennyson v. Francemone, Case No. 16-cv-929 (Dkt. No. 324-3). To the extent the Onondaga County District Attorney's Office seeks to submit an objection to the unsealing of Defendant's grand jury testimony, any objection is due by May 13, 2025. SO ORDERED by Chief Judge Brenda K. Sannes on 5/7/2025. (nmk) (Entered: 05/07/2025) |
| 05/07/2025 | 503 | LETTER BRIEF *Plaintiff submits Judge Westlake's D&O re GJ minutes* by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/07/2025) |
| 05/07/2025 | | Clerk's Office received Trial Exhibits from the Defendant's Counsel via MFT on 5/7/25 and 5/8/25. Not available for public viewing. (tll) (Entered: 05/08/2025) |

| | | |
|---|---|---|
| 05/08/2025 | 504 | STATUS REPORT *re: Defendant's stipulated exhibits uploaded to MFT* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/08/2025) |
| 05/08/2025 | | Clerk's office received Defendant's Exhibit 97 b-d via MFT on 5/8/2025. Not for public viewing. (tll) (Entered: 05/08/2025) |
| 05/09/2025 | 505 | RESPONSE in Opposition re 495 Motion in Limine filed by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/09/2025) |
| 05/09/2025 | | Clerk's office received from Defendant's counsel files marked "Evidence" filed via MFT on 5/9/2025. Not available for public viewing. (tll) (Entered: 05/09/2025) |
| 05/09/2025 | 506 | RESPONSE in Opposition re 492 Letter Request/Motion *re: release of previous Grand Jury testimony* filed by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/09/2025) |
| 05/09/2025 | 507 | AMENDED DOCUMENT by Kelsey Francemone. Amendment to 506 Response in Opposition to Motion . (Attachments: # 1 Exhibit(s) A - Defendant's opposition in state court)(D'Agostino, Mary) (Entered: 05/09/2025) |
| 05/10/2025 | 508 | Witness List by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/10/2025) |
| 05/10/2025 | 509 | Exhibit List *(Eighth Proposed)* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/10/2025) |
| 05/10/2025 | 510 | MOTION in Limine #39 *re the scope of the opinions to be offered by Plaintiff's expert (Peter Valentin)* filed by Kelsey Francemone. Motion returnable before Judge Brenda K. Sannes, Chief U.S. District Judge (Attachments: # 1 Declaration, # 2 Exhibit(s) A - expert report, # 3 Exhibit(s) B - Plaintiff's witness list, # 4 Exhibit(s) C - deposition transcript) (D'Agostino, Mary) (Entered: 05/10/2025) |
| 05/11/2025 | 511 | Proposed Jury Instructions by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/11/2025) |
| 05/12/2025 | 512 | MOTION to Quash filed by Onondaga County District Attorney's Office. Motions referred to Mitchell J. Katz. (tll) (Entered: 05/12/2025) |
| 05/12/2025 | | Clerk received Defendant's Exhibits D10, D11, D20, D86a, D92 and D107 via MFT on 5/11/2025. Not available for public viewing. (tll) (Entered: 05/12/2025) |
| 05/12/2025 | 513 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting re: Defendant's stipulated exhibits for purposes of the record submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 05/12/2025) |
| 05/12/2025 | 514 | STATUS REPORT *re: Plaintiff's witnesses for May 13, 2025* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) A - affidavit of non-service provided by Plaintiff's counsel)(D'Agostino, Mary) (Entered: 05/12/2025) |
| 05/12/2025 | | TEXT Minute Entry for Day 1 of Jury Trial held on 5/12/2025 before Chief Judge Brenda K. Sannes: 9:00 a.m. - Court is in session with counsel to discuss preliminary matters. Court discusses defendant's 495 Motions in Limine #32-38 and makes rulings on the record. The court rules that plaintiff may proceed with loss of enjoyment of life damages, but the life expectancy tables are excluded. 10:06 a.m. - Court is in recess. 10:19 a.m. - Court resumes. Jury panel enters courtroom. Judge Sannes makes introductory remarks and introduces case. 10:27 a.m. - Jury panel is sworn and seated. Judge Sannes and counsel conduct voir dire examination of prospective jurors. Special concerns of certain jurors are addressed in chambers. 12:15 p.m. - Jury panel is excused from the courtroom. Court addresses housekeeping matters with counsel. 12:19 p.m. - Court is in recess. |
| | | 1:30 p.m. - Court resumes. Voir dire examination of prospective jurors continues. 2:47 p.m. - Court is in recess. 2:49 p.m. - Court resumes to address special concern of a juror in chambers with counsel. 2:54 p.m. - Court is in recess. 3:24 p.m. - Judge Sannes meets with the parties outside the presence of the jury panel. Parties exercise challenges for cause and peremptory challenges. 3:54 p.m. - Court resumes with jury panel. Jury is selected and sworn. 3:57 a.m. - Judge gives preliminary charge to the jury. 4:13 p.m. - Court is in recess. 4:23 p.m. - Court resumes. Opening statement by Mr. Lichtmacher. 4:46 p.m. - Opening statement by Mr. Powers. 5:33 p.m. - Jury is excused for the day. Judge briefly discusses the motion to quash with counsel. 5:37 p.m. - Court is in recess until May 13, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/13/2025) |
| 05/13/2025 | | Clerk received Defendant's Exhibit 109 via MFT on 5/12/2025. Not available for public viewing. (tll) (Entered: 05/13/2025) |
| 05/13/2025 | | TEXT NOTICE of Hearing re 512 MOTION to Quash filed by Onondaga County District Attorney's Office: An in-person Motion Hearing is set for 5/19/2025 at 08:30 AM in Syracuse before Chief Judge Brenda K. Sannes. (Copy served upon Onondaga County District Attorney's Office via email.) (nmk) (Entered: 05/13/2025) |
| 05/13/2025 | 515 | AFFIDAVIT in Opposition re 492 Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Unseal the Grand Jury minutes of the Defendants submitted to Judge Sannes filed by Onondaga County District Attorney's Office. (tll) (Entered: 05/13/2025) |
| 05/13/2025 | 516 | NOTICE by Kelsey Francemone *re: deposition designation of Knariana Hoyle* (D'Agostino, Mary) (Entered: 05/13/2025) |
| 05/13/2025 | 517 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting For the Court to So Order a Subpoena submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/13/2025) |
| 05/13/2025 | | TEXT Minute Entry for Day 2 of Jury Trial held on 5/13/2025 before Chief Judge Brenda K. Sannes: 8:50 a.m. - Court is in session with counsel to discuss the 512 motion to quash and witnesses, including plaintiff's request to read deposition transcripts into the record. 9:09 a.m. - Jury returns to courtroom. P1, 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 26, 27, 28, 29, 31, 32, 33, 36, 37, 39, 41; and D1, 2, 3, 4, 5, 6, 12, 14, 16, 17, 19, 20-a (pages 2, 5, 9, and 16), 22-a (pages 18 and 27); 27, 28-a, 28-b, c, 29, 29-a, 30, 31, 31-a, 31-b, c, d, e, f, g; 32-a, b, c, 33, 34, 34-a, b, 35, 37, 38, 39, 40, 41, 42, 56-a, b, 61, 62, 63-a, 67, 67-a, b, 68-a, b, d, e, f, h, I, j, k, l, m, n, o, p, q, r, s, t, u, x, y, z, aa, bb, cc, 69-a, b, c, d, e, f, g, h, I, j, k, l, m, n, o, p, q, r, 70, 71-a, b, c, d, 72-a, c, d, e, f, g, h, I, j, k, n, 73, 73-a, b, c, e, f, g, h, I, 74-a, b, c, d, e, 77-a, 81-a, c, d, 82, 84-a, b, 86-g, 87-a, 91-b, 97-b, 97-c, 97-d are admitted into evidence. 9:18 a.m. - Mr. Lichtmacher calls Peter Valentin who is placed under oath and testifies. 10:23 a.m. - Jury is excused from the courtroom. Court discusses objections related to witness Valentin's testimony with counsel. 10:28 a.m. - Court is in recess. 10:39 a.m. - Court resumes. Testimony of Peter Valentin continues. P25 and 40 are admitted. 12:17 p.m. - Jury is excused from the courtroom. 12:21 p.m. - Court is in recess. 1:19 p.m. - Court resumes with counsel to discuss housekeeping matters. 1:25 p.m. - Jury returns to the courtroom. Ms. Kucevic calls Fred Lamberton who is placed under oath and testifies. 1:50 p.m. - Ms. Kucevic calls John Nye who is placed under oath and testifies. D48 admitted. 2:06 p.m. - Ms. Kucevic calls Steven Kilburn who is placed under oath and testifies. 2:25 p.m. - Jury is excused from the courtroom. Court discusses exhibits with counsel. 2:28 p.m. - Court is in recess. 2:46 p.m. - Court resumes. Video deposition of Dana Greely is played for the jury. 4:40 p.m. - Jury is excused for the day. Court discusses scheduling and housekeeping matters with counsel. 4:55 p.m. - Court is in recess until May 14, 2025 at 9:00 a.m. |

| | | Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary DAgostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/14/2025) |
|---|---|---|
| 05/14/2025 | 518 | JUDICIAL SUBPOENA: Directing Onondaga County District Attorney to produce the documents, electronically stored information or objects, and to permit inspection, copying, testing or sampling of the material as noted herein. Signed by Chief Judge Brenda K. Sannes on 5/14/2025. (nmk) (Entered: 05/14/2025) |
| 05/14/2025 | | TEXT Minute Entry for Day 3 of Jury Trial held on 5/14/2025 before Chief Judge Brenda K. Sannes: 8:58 a.m. - Court is in session with counsel to discuss housekeeping matters. 9:05 a.m. - Jury returns to courtroom. Mr. Lichtmacher calls Robert Stoppacher who is placed under oath and testifies. P64-5, 65, D80 and D110 are admitted. 10:28 a.m. - Jury is excused from the courtroom. Court discusses exhibits and scheduling with counsel. 10:30 a.m. - Court is in recess. 10:46 a.m. - Court resumes. Deposition transcript of Knariana Hoyle is read for the jury. 11:44 a.m. - Mr. Lichtmacher calls Tayshira Rodriguez-Rijo who is placed under oath and testifies. P43 and 49 are admitted. 12:19 p.m. - Jury is excused from the courtroom. Court briefly discusses exhibits with counsel. 12:21 p.m. - Court is in recess. 1:26 p.m. - Court resumes. Testimony of Tayshira Rodriguez-Rijo continues. D76a, 84d, 86a, and 86d are admitted. 3:04 p.m. - Jury is excused from the courtroom. Court discusses scheduling with counsel. 3:05 p.m. - Court is in recess. 3:19 p.m. - Court resumes. Ms. Kucevic calls Zhasheyl Hall Rodriguez who is placed under oath and testifies. P50, 54, 55 are admitted. 4:18 p.m. - Court is in recess. 4:19 p.m. - Court resumes with counsel to discuss scheduling. 4:21 p.m. - Jury returns to courtroom. Testimony of Zhasheyl Hall Rodriguez continues. D24 is admitted. 5:04 p.m. - Jury is excused for the day. Court discusses scheduling with counsel. Plaintiff's counsel moves for a mistrial, which the Court denies. 5:11 p.m. - Court is in recess until May 15, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/15/2025) |
| 05/15/2025 | | TEXT Minute Entry for Day 4 of Jury Trial held on 5/15/2025 before Chief Judge Brenda K. Sannes: 8:50 a.m. - Court is in session with counsel to discuss housekeeping matters. 9:05 a.m. - Jury returns to the courtroom. Mr. Lichtmacher calls Arian Drake who is placed under oath and testifies. 10:35 a.m. - Jury is excused from the courtroom. Court discusses scheduling with counsel. 10:36 a.m. - Court is in recess. 10:51 a.m. - Court resumes. Testimony of Arian Drake continues. 11:00 a.m. - Ms. Kucevic calls Tanajee Maddox who is placed under oath and testifies. D91A is admitted. 11:57 a.m. - Court is in recess. 1:17 p.m. - Court resumes. Testimony of Tanajee Maddox continues. D57a, b, and 77b are admitted. 2:10 p.m. - Mr. Lichtmacher calls Tasheonna Days who is placed under oath and testifies. 2:53 p.m. - Jury is excused from the courtroom. Court discusses exhibit 91f, and the inmate witnesses with counsel. 2:59 p.m. - Court is in recess. 3:12 p.m. - Court resumes. Testimony of Tasheonna Days continues. 3:15 p.m. - Ms. Kucevic calls Lashea Smith who is placed under oath and testifies. D100 and 106 are admitted. 4:12 p.m. - Jury is excused for the day. Court discusses scheduling and exhibits with counsel. 4:17 p.m. - Court is in recess until May 16, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/16/2025) |
| 05/16/2025 | 519 | LETTER BRIEF *scope of prior convictions for Khalil Davis and Carlos Stackhouse* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/16/2025) |

| | | |
|---|---|---|
| 05/16/2025 | 520 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Plaintiff's renewed motion in limine, (Dkt. No. 492), seeking to unseal Defendant's Criminal Court Grand Jury Minutes is DENIED. Signed by Chief Judge Brenda K. Sannes on 5/16/2025. (nmk) (Entered: 05/16/2025) |
| 05/16/2025 | | TEXT Minute Entry for Day 5 of Jury Trial held on 5/16/2025 before Chief Judge Brenda K. Sannes: 8:53 a.m. - Court is in session with counsel to discuss scheduling and witnesses. 8:56 a.m. - Jury returns to courtroom. Mr. Lichtmacher calls Kelsey Francemone Voggel who is placed under oath and testifies. P51 and 52 are admitted. 10:18 a.m. - Jury is excused from the courtroom. Court discusses P20 with counsel. 10:27 a.m. - Court is in recess. 10:36 a.m. - Court resumes with counsel to continue discussing P20. 10:46 a.m. - Jury returns to courtroom. Testimony of Kelsey Francemone Voggel continues. D44 is admitted. 12:26 p.m. - Court is in recess. 1:32 p.m. - Court resumes. Testimony of Kelsey Francemone Voggel continues. 2:08 p.m. - Plaintiff rests. Jury is excused for the day. Defendant makes a Rule 50 motion. The court grants that motion related to pecuniary damages, funeral expenses, hospital or medical expenses, with the consent of the plaintiff, but reserves as to the remainder of the motion. Court discusses witness schedule with counsel. 2:28 p.m. - Court is in recess until May 19, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/16/2025) |
| 05/18/2025 | 521 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Plaintiff be allowed to the damages motion on Wednesday submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/18/2025) |
| 05/18/2025 | 522 | NOTICE by Kelsey Francemone *re: deposition designations of Rakiem Days* (D'Agostino, Mary) (Entered: 05/18/2025) |
| 05/18/2025 | 523 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting To offer excerpts from the Rakiem Days Deposition submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/18/2025) |
| 05/18/2025 | 524 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting hearing on the motion to quash be cancelled as moot submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 05/18/2025) |
| 05/18/2025 | 525 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 5/16/2025 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 05/18/2025) |
| 05/18/2025 | 526 | Proposed Jury Instructions by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/18/2025) |
| 05/19/2025 | 527 | TEXT ORDER: granting the 524 Letter requesting the motion to quash be cancelled as moot. The Motion Hearing set for 5/19/2025 is cancelled. SO ORDERED by Chief Judge Brenda K. Sannes on 5/19/2025. (nmk) (Entered: 05/19/2025) |
| 05/19/2025 | 528 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Defendant's motion to admit Davis' testimony, (Dkt. No. 134 ), is GRANTED if Davis refuses to testify at trial. It is further ORDERED that Plaintiff's first motion in limine to exclude Stackhouse's grand jury testimony from being admitted, (Dkt. No. 287-1), is DENIED. Signed by Chief Judge Brenda K. Sannes on 5/19/2025. (nmk) (Entered: 05/19/2025) |
| 05/19/2025 | 529 | NOTICE by Kelsey Francemone (Attachments: # 1 Declaration, # 2 Exhibit(s) A - deposition transcript excerpts, # 3 Exhibit(s) B - e-mail re: accepting subpoena, # 4 Exhibit(s) C - e-mail re: local address, # 5 Exhibit(s) D - Westlaw PeopleMap, # 6 Exhibit(s) E - affidavit of non-service)(D'Agostino, Mary) (Additional attachment(s) added on 5/19/2025: # 7 Unredacted Exhibit C, # 8 Unredacted Exhibit D) Exhibits are restricted as they contain personal identifiers. (nmk) (Entered: 05/19/2025) |

| 05/19/2025 | | Clerk received Defendant's Trial Exhibits C and D via MFT on 5/19/2025. Not for public viewing. (tll) (Entered: 05/19/2025) |
|---|---|---|
| 05/19/2025 | 530 | STATUS REPORT *re: Defendant's remaining witnesses* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/19/2025) |
| 05/19/2025 | 531 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting to renew motion to strike any testimony given during the second deposition of Khalil Davis submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) A - second deposition transcript for Khalil Davis)(D'Agostino, Mary) (Entered: 05/19/2025) |
| 05/19/2025 | | TEXT Minute Entry for Day 6 of Jury Trial held on 5/19/2025 before Chief Judge Brenda K. Sannes: 8:47 a.m. - Court resumes with counsel to discuss Defendant's Rule 50 motion from 5/16/2025 regarding conscious pain and suffering, and pre-impact terror. 8:56 a.m. - Jury returns to courtroom. P-66 is admitted and presented to the jury. 9:01 a.m. - Deposition transcript of Rakiem Days is read for the jury. 9:34 a.m. - Ms. D'Agostino calls Sean Ryan who is placed under oath and testifies. 9:54 p.m. - Mr. Poplawski calls Connor Dupree who is placed under oath and testifies. 10:24 a.m. - Jury is excused from the courtroom. P67 is admitted. 10:25 a.m. - Court is in recess. 10:40 a.m. - Court resumes. Testimony of Connor Dupree continues. 10:49 a.m. - Ms. D'Agostino calls Shawn Hahn who is placed under oath and testifies. 11:05 a.m. - Ms. D'Agostino calls Joseph Taylor who is placed under oath and testifies. 11:14 a.m. - Jury is excused from the courtroom. Court discusses scheduling with counsel. 11:20 a.m. - Jury returns to the courtroom. Mr. Powers calls Thomas Glauberman who is placed under oath and testifies. D45 and 46 are admitted. 12:05 p.m. - Court is in recess. 1:10 p.m. - Court resumes. Testimony of Thomas Glauberman continues. D66a, b, 68c, g, dd, ee, 72b, L and 72m are admitted. 2:27 p.m. - Jury is excused from the courtroom. Court discusses exhibit D66a with counsel. 2:28 p.m. - Court is in recess. 2:44 p.m. - Court resumes. Mr. Poplawski calls Matthew Fraher who is placed under oath and testifies. 3:02 p.m. - Mr. Powers calls Mark Rusin who is placed under oath and testifies. D64c, d, e are admitted. 4:10 p.m. - Mr. Poplawski calls Matthew Kurimsky who is placed under oath and testifies. 4:59 p.m. - Jury is excused for the day. Court discusses scheduling with counsel, including the anticipated testimony of Sarah Pierce. Defense counsel provides additional authority regarding the pre-impact terror rule 50 motion. 5:19 p.m. - Court is in recess until May 20, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/20/2025) |
| 05/20/2025 | 532 | LETTER BRIEF *re: proposed redactions relative to Defendant's Trial Exhibit 66-B* by Kelsey Francemone. (Attachments: # 1 Exhibit(s) Defendant's Trial Exhibit 66)(D'Agostino, Mary) (Entered: 05/20/2025) |
| 05/20/2025 | 533 | Refusal to be Physically Present at Court signed by Khalil Davis on 5/20/2025. (nmk) (Entered: 05/20/2025) |
| 05/20/2025 | 534 | AMENDED DOCUMENT by Kelsey Francemone. *Defendant's Trial Exhibit D-88-B (with additional redactions re: scope of damages suggested by the Court on 5/20/2025).* (D'Agostino, Mary) (Entered: 05/20/2025) |
| 05/20/2025 | 535 | Proposed Jury Instructions by Tanajee Maddox. (Lichtmacher, Fred) (Entered: 05/20/2025) |
| 05/20/2025 | | TEXT Minute Entry for Day 7 of Jury Trial held on 5/20/2025 before Chief Judge Brenda K. Sannes: 8:55 a.m. - Court is in session with counsel to discuss witnesses and exhibits. Additional pages of 20a and 22a, and 24a are admitted. 9:19 a.m. - Court is in recess. 9:24 a.m. - Court resumes with jury present. Deposition transcript of Evelyn Tennyson is read for the jury. 10:08 a.m. - Jury is excused from the courtroom. Court discusses witnesses Davis and Stackhouse with counsel, including any convictions that may be presented. 10:20 a.m. - Court is in recess. 10:26 a.m. - Court resumes. Prior Testimony of Khalil Davis is read for the jury. 1:53 a.m. - Jury is excused from the courtroom. Court discusses witness Khalil Davis' testimony. 12:09 |

| | | p.m. - Court is in recess. 1:03 p.m. - Court resumes with counsel to discuss Khalil Davis' and Carlos Stackhouse's testimony. D94d and e are admitted. 1:20 p.m. - Jury returns to courtroom. Mr. Powers calls Carlos Stackhouse who is placed under oath and testifies. Exhibits 95d and e are admitted. 2:10 p.m. - Additional testimony of Khalil Davis is read for the jury. 2:17 p.m. - Court is in recess. 2:35 p.m. - Court resumes. Mr. Poplawski calls Joseph Coolican who is placed under oath and testifies. 3:02 p.m. - Mr. Powers calls Jacob Breen who is placed under oath and testifies. D95l is admitted. 3:37 p.m. - Mr. Powers recalls Fred Lamberton who is placed under oath and testifies. D95d and e are admitted. 3:49 p.m. - Mr. Powers calls Thomas Skardinski who is placed under oath and testifies. 4:05 p.m. - Court is in recess. 4:16 p.m. - Court resumes. Mr. Powers calls Jeremy Merola who is placed under oath and testifies. 4:34 p.m. - Jury is excused for the day. D111 is admitted. Court discusses scheduling and housekeeping matters with counsel. 4:55 p.m. - Court is in recess until May 21, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/21/2025) |
|---|---|---|
| 05/21/2025 | 536 | Proposed Jury Instructions by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/21/2025) |
| 05/21/2025 | 537 | LETTER BRIEF *re: arrests, convictions, and periods of confinement* by Kelsey Francemone. (D'Agostino, Mary) (Entered: 05/21/2025) |
| 05/21/2025 | | TEXT Minute Entry for Day 8 of Jury Trial held on 5/21/2025 before Chief Judge Brenda K. Sannes: 8:56 a.m. - Court resumes with counsel to discuss exhibits and proposed stipulation with counsel. 9:03 a.m. - Jury returns to courtroom. Mr. Powers calls Edward Flosi who is placed under oath and testifies. D65a is admitted. 10:25 a.m. - Jury is excused from the courtroom. Court discusses exhibit D71e with counsel. D71e is admitted. Court discusses scheduling with counsel. 10:35 a.m. - Court is in recess. 10:48 a.m. - Court resumes. Testimony of Edward Flosi continues. 12:02 p.m. - Court is in recess. 1:01 p.m. - Court resumes. Mr. Poplawski calls George Hack who is placed under oath and testifies. 1:15 p.m. - Mr. Powers calls Daniel Reisberg who is placed under oath and testifies via video. 2:39 p.m. - Jury is excused for the day. Court discusses housekeeping matters with counsel. 2:41 p.m. - Court is in recess. 3:25 p.m. - Charge conference with counsel. Admitted exhibits are confirmed with counsel. 4:27 p.m. - Court is in recess until May 22, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/21/2025) |
| 05/21/2025 | 538 | AMENDED DOCUMENT by Kelsey Francemone. Amendment to 537 LETTER BRIEF *re: additional information with respect to conviction date and supporting information for periods of confinement.* (Attachments: # 1 Exhibit(s) A - state confinement, # 2 Exhibit(s) B - local confinement)(D'Agostino, Mary) (Entered: 05/21/2025) |
| 05/22/2025 | | TEXT Minute Entry for Day 9 of Jury Trial held on 5/22/2025 before Chief Judge Brenda K. Sannes: 8:54 a.m. - Court is in session with counsel to discuss a potential juror issue. 9:12 a.m. - Court is in recess. 9:15 a.m. - Court resumes with jury present. Mr. Poplawski calls Micheal Primeau who is placed under oath and testifies. 10:21 a.m. - Jury is excused from the courtroom. Court discusses scheduling with counsel. 10:22 a.m. - Court is in recess. 10:36 a.m. - Court resumes. Ms. D'Agostino plays portions of D14 for the jury. 10:46 p.m. - Defendant rests. Court reads stipulations for the jury. 10:52 a.m. - Judge charges the Jury and reviews verdict sheet. 11:28 p.m. - Jury is excused from the courtroom. 11:29 a.m. - Court is in recess. 12:48 p.m. - Court resumes. Closing argument by Mr. Lichtmacher. 1:51 p.m. - Jury is excused from the courtroom. D111 is withdrawn. 1:52 p.m. - Court is in recess. 1:59 p.m. - Court resumes. Closing argument by Mr. Powers. 3:26 p.m. - Rebuttal argument by Mr. Lichtmacher. 3:30 p.m. - Courtroom Security Officers sworn. Jury retires for deliberations. 3:31 p.m. - Court is in recess. 4:14 p.m. - Court resumes. The court has received a note from the jury. Jury note is marked as court exhibit |

| | | #1. 4:15 p.m. - Jury returns to courtroom to address the note. Jury retires to continue deliberations. 4:16 p.m. - Court is in recess. 5:13 p.m. - Court resumes with the jury. Jury is excused for the day. 5:15 p.m. - Court is in recess until May 23, 2025 at 9:00 a.m. Appearances: Fred Lichtmacher, Esq. and Mirela Kucevic, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/23/2025) |
|---|---|---|
| 05/22/2025 | 539 | Plaintiff's Exhibit List completed at trial. (nmk) (Entered: 05/23/2025) |
| 05/22/2025 | 540 | Defendant's Exhibit List completed at trial. (nmk) (Entered: 05/23/2025) |
| 05/22/2025 | 541 | Jury Instructions. (nmk) (Entered: 05/23/2025) |
| 05/23/2025 | | TEXT Minute Entry for Day 10 of Jury Trial held on 5/23/2025 before Chief Judge Brenda K. Sannes: 9:11 a.m. - Court is in session with counsel. The court has received two notes from the jury. Jury notes are marked as court exhibit #2 and #3. 9:14 a.m. - Jury returns to courtroom to address the notes. 9:16 a.m. - Jury is excused to continue deliberations. 9:18 a.m. - Court is in recess. 9:49 a.m. - Court resumes with jury present. The court has received two more notes from the jury. Jury notes are marked as court exhibit #4 and #5. Deposition testimony of Evelyn Tennyson is read back for the jury. D6 is shown to the jury. 10:07 a.m. - Jury is excused to continue deliberations. Court is in recess. 10:30 a.m. - Court resumes with jury present. Requested portions of the testimony of Kelsey Francemone is read back for the jury. 11:32 a.m. - Jury is excused to continue deliberations. Court is in recess. 11:45 a.m. - Court resumes with jury present. Remainder of the requested portions of the testimony of Kelsey Francemone is read back for the jury. 11:53 a.m. - Jury is excused to continue deliberations. Court is in recess. 3:45 p.m. - Court resumes. Jury returns a verdict in favor of Plaintiff. Jury is polled. 3:49 p.m. - Judge charges the jury and reviews the special interrogatories. 3:51 p.m. - Jury is excused to continue deliberations. Court is in recess. 4:01 p.m. - Court resumes. The court accepts the special interrogatories. 403 p.m. - Jury is excused with the thanks of the court. Post-trial motion deadlines and appeal rights explained. Exhibits returned to counsel. 4:05 p.m. - Court is adjourned. Appearances: Fred Lichtmacher, Esq. for plaintiff; John Powers, Esq., Mary D'Agostino, Esq. and Ryan Poplawski, Esq. for defendant. (Court Reporter: Jodi Hibbard.) (nmk) (Entered: 05/23/2025) |
| 05/23/2025 | 542 | Jury Notes #1 - #5. (nmk) (Entered: 05/23/2025) |
| 05/23/2025 | 543 | JURY VERDICT. (nmk) (Entered: 05/23/2025) |
| 05/23/2025 | 544 | Supplemental Jury Instructions. (nmk) (Entered: 05/23/2025) |
| 05/23/2025 | 545 | SPECIAL INTERROGATORIES. (nmk) (Entered: 05/23/2025) |
| 05/27/2025 | 546 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Until June 24 to submit papers submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 05/27/2025) |
| 05/30/2025 | 547 | TEXT ORDER: Plaintiff's letter motion 546 is granted, and the Court sets the following briefing schedule. Any post-trial motions are due by June 24, 2025, any responses are due by July 15, 2025, and any replies are due by July 22, 2025. SO ORDERED by Chief Judge Brenda K. Sannes on 5/30/2025. (nmk) (Entered: 05/30/2025) |
| 06/02/2025 | 548 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting clarification of the deadline for qualified immunity briefing based on the Jury's response to special interrogatories submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 06/02/2025) |

| 06/03/2025 | 549 | TEXT ORDER: The Court's scheduling order 547 applies to all post-trial motions including the Defendant's letter brief seeking qualified immunity. SO ORDERED by Chief Judge Brenda K. Sannes on 6/3/2025. (nmk) (Entered: 06/03/2025) |
|---|---|---|
| 06/09/2025 | 550 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Plaintiff Opening Statement) held on 5/12/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 551 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Defense Opening Statement) held on 5/12/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 552 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Peter Valentin) held on 5/13/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 553 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Tayshira Rodriguez-Rijo) held on 5/14/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must |

| | | |
|---|---|---|
| | | electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 554 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Zhasheyl Hall Rodriguez) held on 5/14/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 555 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Arian Drake) held on 5/15/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 556 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Tanajee Maddox) held on 5/15/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for |
| | | 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 557 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Tasheonna Days) held on 5/15/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 558 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Lashea Smith) held on 5/15/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 559 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Kelsey Francemone Voggel) held on 5/16/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 560 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Carlos Stackhouse) held on 5/20/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice |

| | | | |
|---|---|---|---|
| | | | of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 561 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Edward Flosi) held on 5/21/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 562 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Cross-Examination of Daniel Reisberg) held on 5/21/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/30/2025. Redacted Transcript Deadline set for 7/10/2025. Release of Transcript Restriction set for 9/8/2025. Notice of Intent to Redact due by 6/16/2025 (jlh, ) (Entered: 06/09/2025) |
| 06/09/2025 | 563 | TRANSCRIPT REQUEST *For the testimony of Khalil Davis* by Tanajee Maddox for proceedings held on 5/20/2025 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 06/09/2025) |
| 06/17/2025 | 564 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 5/22/2025 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 06/17/2025) |
| 06/21/2025 | 565 | MOTION for Extension of Time to File *papers re qualified immunity EMERGENCY APPLICATION* filed by Tanajee Maddox. Response to Motion due by 7/14/2025 Motions referred to Mitchell J. Katz. (Lichtmacher, Fred) (Entered: 06/21/2025) |

| | | | |
|---|---|---|---|
| 06/22/2025 | 566 | TRANSCRIPT REQUEST by Tanajee Maddox for proceedings held on 5/12/2025 before Judge Sannes.. (Lichtmacher, Fred) (Entered: 06/22/2025) |
| 06/24/2025 | 567 | TEXT ORDER: granting the 565 Letter requesting an extension of time. Any post-trial motions are due by July 1, 2025; any responses are due by July 22, 2025, and any replies are due by July 29, 2025. SO ORDERED by Chief Judge Brenda K. Sannes on 6/24/2025. (nmk) (Entered: 06/24/2025) |
| 06/25/2025 | 568 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Reading of Prior Testimony and Interview of Khalil Davis) held on 5/20/2025 before Judge Brenda K. Sannes, Court Reporter/Transcriber: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/16/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/23/2025. Notice of Intent to Redact due by 6/30/2025 (jlh, ) (Entered: 06/25/2025) |
| 06/25/2025 | 569 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Cross-Examination of Michael Primeau) held on 5/22/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/16/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/23/2025. Notice of Intent to Redact due by 6/30/2025 (jlh, ) (Entered: 06/25/2025) |
| 06/25/2025 | 570 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Jury Selection) held on 5/12/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. <u>Read this policy carefully.</u> If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/16/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/23/2025. Notice of Intent to Redact due by 6/30/2025 (jlh, ) (Entered: 06/25/2025) |

| 06/25/2025 | 571 | TRANSCRIPT REQUEST by Non-Party for proceedings held on 5/13/2025 (testimony of Peter Valentin) before Judge Brenda K. Sannes. (jlh, ) (Entered: 06/25/2025) |
|---|---|---|
| 07/01/2025 | 572 | Letter Motion from Fred Lichtmacher for Tanajee Maddox requesting Permission to submit longer brief submitted to Judge Sannes . (Lichtmacher, Fred) (Entered: 07/01/2025) |
| 07/01/2025 | 573 | First MOTION for New Trial filed by Tanajee Maddox. Motion returnable before Judge Sannes Response to Motion due by 7/22/2025. Reply to Response to Motion due by 7/29/2025 (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Exhibit(s) Table of Contents, # 4 Exhibit(s) Table of Authorities) (Lichtmacher, Fred) (Entered: 07/01/2025) |
| 07/01/2025 | 574 | MEMORANDUM OF LAW re 545 Jury Verdict *in support of Defendant's request for qualified immunity* filed by Kelsey Francemone. (Attachments: # 1 Declaration, # 2 Exhibit(s) A - Defendant's Exhibit 12, # 3 Exhibit(s) B - timeline, # 4 Exhibit(s) C - figure from Valentin's report, # 5 Exhibit(s) D - Hoyle excerpt)(D'Agostino, Mary) (Entered: 07/01/2025) |
| 07/02/2025 | 575 | TEXT ORDER: granting the 572 letter requesting permission to submit a longer brief. Plaintiff's post-trial motion may contain an oversized brief, not to exceed 30 pages in length. SO ORDERED by Chief Judge Brenda K. Sannes on 7/2/2025. (nmk) (Entered: 07/02/2025) |
| 07/11/2025 | 576 | TRANSCRIPT REQUEST by Kelsey Francemone before Chief Judge Brenda K. Sannes. (D'Agostino, Mary) Modified on 7/14/2025 (hmr). (Entered: 07/11/2025) |
| 07/14/2025 | | CLERK'S CORRECTION OF DOCKET ENTRY re 576 Transcript Request: Clerk removed "Jodi Hibbard" and added "Chief Judge Brenda K. Sannes" to correct the docket entry. (hmr) (Entered: 07/14/2025) |
| 07/14/2025 | 577 | TRANSCRIPT REQUEST *to Jodi Hibbard* by Kelsey Francemone before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 07/14/2025) |
| 07/21/2025 | 578 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Testimony of Robert Stoppacher) held on 5/14/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2025. Redacted Transcript Deadline set for 8/21/2025. Release of Transcript Restriction set for 10/20/2025. Notice of Intent to Redact due by 7/28/2025 (jlh, ) (Entered: 07/21/2025) |
| 07/21/2025 | 579 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Summations) held on 5/22/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of |
| | | Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2025. Redacted Transcript Deadline set for 8/21/2025. Release of Transcript Restriction set for 10/20/2025. Notice of Intent to Redact due by 7/28/2025 (jlh, ) (Entered: 07/21/2025) |
| 07/21/2025 | 580 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Charge Conference) held on 5/21/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2025. Redacted Transcript Deadline set for 8/21/2025. Release of Transcript Restriction set for 10/20/2025. Notice of Intent to Redact due by 7/28/2025 (jlh, ) (Entered: 07/21/2025) |
| 07/21/2025 | 581 | TRANSCRIPT of Proceedings: Jury Trial Excerpt (Jury Verdict/Special Interrogatories) held on 5/23/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2025. Redacted Transcript Deadline set for 8/21/2025. Release of Transcript Restriction set for 10/20/2025. Notice of Intent to Redact due by 7/28/2025 (jlh, ) (Entered: 07/21/2025) |
| 07/21/2025 | 582 | TRANSCRIPT REQUEST by Kelsey Francemone before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 07/21/2025) |
| 07/21/2025 | 583 | TRANSCRIPT REQUEST by Kelsey Francemone before Judge Brenda K. Sannes, Chief U.S. District Judge.. (D'Agostino, Mary) (Entered: 07/21/2025) |
| 07/22/2025 | 584 | RESPONSE re 574 MEMORANDUM OF LAW re 545 Jury Verdict in support of Defendant's request for qualified immunity filed by Tanajee Maddox. (Attachments: # 1 Exhibit(s) Table of Authorities, # 2 Exhibit(s) Table of Contents) (Lichtmacher, Fred) Modified on 7/24/2025 to clarify docket text. (kmc) (Entered: 07/22/2025) |
| 07/22/2025 | 585 | RESPONSE in Opposition re 573 Motion for New Trial, filed by Kelsey Francemone. (Powers, John) (Entered: 07/22/2025) |

| 07/22/2025 | 586 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to exceed the presumptive 25-page limit for memorandum of law submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 07/22/2025) |
|---|---|---|
| 07/24/2025 | 587 | CLERK'S CORRECTION OF DOCKET ENTRY re 584 RESPONSE re 574 MEMORANDUM OF LAW re 545 Jury Verdict in support of Defendant's request for qualified immunity filed by Tanajee Maddox: Plaintiff's counsel inadvertently filed 584 as a motion, which set response and reply deadlines. The Clerk modified the docket text to reflect that it is a response and terminated the response and reply deadlines. (kmc) (Entered: 07/24/2025) |
| 07/24/2025 | 588 | TEXT ORDER: Granting 586 Letter requesting leave to file memoranda of law that exceeds the 25-page limit *nunc pro tunc*. The memoranda filed in opposition of the 573 Motion for New Trial is accepted as filed. SO ORDERED by Chief Judge Brenda K. Sannes on 7/24/2025. (kmc) (Entered: 07/24/2025) |
| 07/29/2025 | 589 | REPLY to Response to Motion re 584 Motion for New Trial, filed by Kelsey Francemone. (Attachments: # 1 Declaration, # 2 Exhibit(s) E, # 3 Exhibit(s) F, # 4 G)(D'Agostino, Mary) (Entered: 07/29/2025) |
| 07/29/2025 | 590 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to exceed the presumptive limit that applies to reply memoranda submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (D'Agostino, Mary) (Entered: 07/29/2025) |
| 07/29/2025 | 591 | Plaintiff's REPLY MEMORANDUM in Further Support of 573 filed by Tanajee Maddox. (Lichtmacher, Fred) Modified on 7/30/2025 to correct docket text (tll). (Entered: 07/29/2025) |
| 07/30/2025 | | CLERK'S CORRECTION OF DOCKET ENTRY re 591 Plaintiff's REPLY MEMORANDUM. Plaintiff's counsel inadvertently filed 591 as a motion, which set response and reply deadlines. The Clerk modified the docket text to reflect that it is a reply memorandum in support of 573 and terminated the response and reply deadlines. (tll) (Entered: 07/30/2025) |
| 07/30/2025 | 592 | Letter Motion from Mary L. D'Agostino for Kelsey Francemone requesting permission to substitute a corrected version of the memorandum of law in place of the originally filed document [Dkt. No. 589] submitted to Judge Brenda K. Sannes, Chief U.S. District Judge . (Attachments: # 1 Exhibit(s) corrected memorandum of law [Dkt. No. 589])(D'Agostino, Mary) (Entered: 07/30/2025) |
| 07/30/2025 | 593 | TEXT ORDER: granting the 590 Letter requesting leave to file a reply memoranda of law that exceeds the 10-page limit *nunc pro tunc*. The 589 reply is accepted as filed. Further, defendant's 592 Letter requesting permission to substitute a corrected version of the memorandum of law in place of the originally filed # 589 is granted. The reply filed at #592-1 is accepted in place of the reply at # 589 . SO ORDERED by Chief Judge Brenda K. Sannes on 7/30/2025. (nmk) (Entered: 07/30/2025) |
| 08/27/2025 | 594 | TRANSCRIPT of Proceedings: Jury Trial held on 5/12/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 595 | TRANSCRIPT of Proceedings: Jury Trial held on 5/13/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 596 | TRANSCRIPT of Proceedings: Jury Trial held on 5/14/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 597 | TRANSCRIPT of Proceedings: Jury Trial held on 5/15/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 598 | TRANSCRIPT of Proceedings: Jury Trial held on 5/16/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business |

| | | |
|---|---|---|
| | | days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 599 | TRANSCRIPT of Proceedings: Jury Trial held on 5/19/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 600 | TRANSCRIPT of Proceedings: Jury Trial held on 5/20/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 601 | TRANSCRIPT of Proceedings: Jury Trial held on 5/21/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 602 | TRANSCRIPT of Proceedings: Jury Trial held on 5/22/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the |

| | | |
|---|---|---|
| | | Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 08/27/2025 | 603 | TRANSCRIPT of Proceedings: Jury Trial held on 5/23/2025 before Judge Brenda K. Sannes, Court Reporter: Jodi L. Hibbard, Telephone number: (315) 234-8547. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/25/2025. Notice of Intent to Redact due by 9/2/2025 (jlh, ) (Entered: 08/27/2025) |
| 09/17/2025 | 604 | MEMORANDUM-DECISION AND ORDER: It is hereby ORDERED that Defendant's request for judgment on the defense of qualified immunity, (Dkt. No. 574 ), is GRANTED. It is further ORDERED that Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, (Dkt. No. 573 ), is DENIED in its entirety. It is further ORDERED that the Clerk is directed to enter judgment against Plaintiff and in favor of Defendant. Signed by Chief Judge Brenda K. Sannes on 9/17/2025. (nmk) (Entered: 09/17/2025) |
| 09/17/2025 | 605 | JUDGMENT: in favor of Kelsey Francemone against Tanajee Maddox. (nmk) (Entered: 09/17/2025) |
| 10/15/2025 | 606 | NOTICE OF APPEAL as to 605 Judgment by Tanajee Maddox. Filing fee $ 605, receipt number ANYNDC-7328637. (Attachments: # 1 Exhibit(s) Judgment)(Lichtmacher, Fred) (Entered: 10/15/2025) |
| 10/17/2025 | 607 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 606 Notice of Appeal. (dpk) (Entered: 10/17/2025) |
| 10/27/2025 | 608 | NOTICE OF CROSS APPEAL as to 605 Judgment by Kelsey Francemone Filing fee $ 605, receipt number ANYNDC-7342591.. (D'Agostino, Mary) (Entered: 10/27/2025) |
| 11/03/2025 | 609 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 608 Notice of Cross Appeal. (dpk) (Entered: 11/03/2025) |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TANAJEE MADDOX as Administratrix of the Estate of
GARY TERRANCE PORTER,

                                                    5:19-cv-00678 (BKS/MJK)

                                    Plaintiff,

v.

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE, sued herein in her capacity as an
individual,

                                    Defendant.

**Appearances:**

*For Plaintiff:*
Fred B. Lichtmacher
The Law Office of Fred Lichtmacher P.C.
Attorneys for Plaintiff
159 West 25th Street, Room 510
New York, New York 10001

*For Defendant:*
John G. Powers
Mary L. D'Agostino
Ryan M. Poplawski
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

Susan Katzoff
Corporation Counsel for the City of Syracuse
Todd M. Long
City of Syracuse Law Department
233 E. Washington Street
300 City Hall
Syracuse, New York 13202

1

## MEMORANDUM-DECISION AND ORDER

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## I.    INTRODUCTION

Plaintiff Tanajee Maddox, as Administratrix of the Estate of Gary Terrance Porter,

brought this action under 42 U.S.C. § 1983 against Defendant Syracuse Police Officer Kelsey

Francemone asserting a claim for excessive force, in violation of the Fourth Amendment. (Dkt.

No. 1, at ¶¶ 1, 4). The case proceeded to a jury trial, which began on May 12, 2025. (Dkt. No.

594). On May 23, 2025, the jury returned a verdict in favor of Plaintiff on her Fourth

Amendment claim against Defendant and awarded Plaintiff $10,000 in compensatory damages

for conscious pain and suffering. (Dkt. No. 543). The jury subsequently answered three special

interrogatories. (Dkt. No. 545). Presently before the Court is Defendant's request for judgment

on the defense of qualified immunity. (Dkt. No. 574). The request is fully briefed. (Dkt. Nos.

574, 584, 592-1). Also before the Court is Plaintiff's motion for a new trial pursuant to Rule 59

of the Federal Rules of Civil Procedure. (Dkt. No. 573). That motion is also fully briefed. (Dkt.

Nos. 573-1, 585, 591). For the reasons that follow, the Court finds that Defendant is entitled to

qualified immunity, and Plaintiff's motion for a new trial is denied.

## II.    TRIAL EVIDENCE[1]

Plaintiff Tanajee Maddox is the daughter of the decedent, Gary Terrence Porter, and is the

administratrix of his estate. (Dkt. No. 269, at 1). On June 19, 2016, Porter attended a Father's

Day barbecue that occurred in a courtyard at the James Geddes Housing Project, located between

Otisco Street to the north, Tully Street to the south, and Skiddy Park to the west. (*Id.* at 2).

---

[1] The Court includes only the facts relevant to the pending motions. These facts are drawn from the evidence presented to the jury at trial, including the facts stipulated to by the parties in their pretrial stipulations, which were read to the jury. (*See* Dkt. Nos. 269; 602, at 64-67). The Court indicates where facts are disputed.

Defendant Police Officer Kelsey Francemone testified that she received an "officer safety" intelligence communication several days prior to the barbecue, (Dkt. No. 598, at 98), which indicated that the Father's Day event had "a potential for violence from other groups." (Def. Trial Ex. D-012).

Porter arrived at the Father's Day event in a black Chevrolet Malibu, which parked in the Stone Court parking lot off of Tully Street in the James Geddes Housing Project. (Dkt. No. 269, at 2). The event was attended by several hundred people and continued late into the evening. (*Id.*). At some point after 11:00 P.M., gunfire involving multiple shooters occurred "in the vicinity of the Father's Day Barbecue." (*Id.*). The parties agree that at least some of the gunfire occurred in the Stone Court parking lot, (*see, e.g.*, Dkt. Nos. 596, at 70; 598, at 121), and that Porter was in the Stone Court parking lot after the gunfire began, near the Malibu. (Dkt. Nos. 596, at 101; 597, at 49-52; 600, at 30-31).

The jury heard police radio traffic from the night of the barbecue. (*See* Dkt. No. 598, at 106; Def. Trial Ex. D-16). At 11:12 P.M., Defendant declared, "I got shots fired!" over the radio. (Dkt. No. 598, at 115; Def. Trial Ex. D-16, at 1). Defendant ran south from Otisco Street toward the gunfire in the Stone Court parking lot. (Dkt. No. 269, at 2-3). The parties do not dispute that, at some point after Defendant reached the Stone Court parking lot, Defendant shot Porter in the back as he was running away from her. (*See* Dkt. Nos. 598, at 6, 38, 140-41; 269, at 3). However, at trial the parties disputed whether Porter had a gun and whether he was participating in the gunfire before he was shot.

Defendant testified that, as she approached the Stone Court parking lot, she saw three men shooting guns by the Malibu. (Dkt. No. 598, at 125-26). Defendant believed that the men were firing their weapons toward the southeast, and that Porter was one of the shooters. (*Id.* at

13, 51, 126). She discharged her weapon toward the shooters near the Malibu, but her gun malfunctioned, and she took a knee to fix it. (*See* Dkt. No. 598, at 20, 127-30, 132). Defendant said that she and Porter were both "very close" to the Malibu at the time of the malfunction. (*Id.* at 21). Defendant testified that she then perceived Porter shooting at her from "about three feet from [her] head[.]" (*Id.* at 133, 136, 178). Defendant said that she stood up and "backpedaled" along a fence parallel to Porter, who was pointing a gun at her, and that Porter continued to turn and point the gun over his shoulder at her as he began running to the west. (*See id.* at 133, 137). Defendant testified that she "could see the gun in his hand the entire time." (*Id.* at 137). Defendant said she gave Porter "numerous commands to drop the gun," but she did not see Porter drop or throw the gun at any time. (*Id.* at 36, 137).

The jury heard prior testimony from another witness, Khalil Davis, who also testified that Porter was one of the people shooting on the night of the barbecue. (Dkt. No. 600, at 66-67). Davis testified that he saw Porter run toward a police officer with a gun in his hand, that the officer told Porter repeatedly to drop the gun, and that Porter started running west. (*Id.* at 70). According to Davis, Porter turned toward the officer and threw the gun, which skidded through the grass. (*Id.*). Davis said it was dark, and that he didn't think that the officer had seen Porter throw the gun. (*Id.* at 70-71). According to Davis, another man picked up the gun and ran off with it. (*Id.* at 70).[2]

The jury heard from defense witness Carlos Stackhouse, who attended the Father's Day barbecue when he was twelve years old. (Dkt. No. 600, at 149-150). Stackhouse testified that he saw a police officer shoot Porter, "the man in the lime green shirt," in the back. (*Id.* at 163). He

---

[2] The jury also heard that Davis was a convicted felon, (*id.* at 127-28), and that, at a later deposition, Davis refused to answer any questions and stated he "was tricked into answering" questions when he was younger, (*id.* at 183-185).

said that he saw the man in the lime green shirt throw "something" to the ground, but he didn't

know if it was a gun. (*Id.* at 160). But the jury also heard that, in July of 2016, Stackhouse

testified under oath that he saw a man in a lime green shirt with a gun in his hand run past

Defendant. (*Id.* at 158-59).[3] In 2016, Stackhouse testified that the man in the lime green shirt

"took out his gun and was shooting," and then threw his gun to the ground before he was shot in

the back. (*Id.* at 160). At trial, however, Stackhouse testified that he was "told to help the police"

by his parents, and that he didn't see Porter firing a gun. (*Id.* at 174, 180).

Plaintiff's witnesses at trial testified that they did not see Porter with a gun at the

barbecue, or at any point during the gunfire in the Stone Court parking lot. (Dkt. Nos. 596, at 71,

114, 133, 137; 597, at 20, 28, 167). The jury heard portions of the deposition of Porter's

goddaughter, Knariana Hoyle, who stated that Porter "stayed with [her] at the time of the

shooting" by the Malibu as it was being struck by bullets, and that he never had a gun. (Dkt. No.

596, at 70-71). Arian Drake, who testified that he knew Porter very well, (Dkt. No. 597, at 14),

also stated that he "was with [Porter] the whole day[,]" that they were both by the Malibu during

the gunfire, and that Porter didn't have a gun at any point, (*id.* at 20, 23-27). Two of the

witnesses who attempted to render aid to Porter, Tayshira Rodriguez-Rijo and Zhayshel Hall

Rodriguez, testified that they saw him running before he was shot, and that there was no gun in

his hands as he ran or when he fell, but neither had seen what he was doing in the parking lot.

(Dkt. No. 596, at 133, 186-88, 271-73). Tasheonna Days also testified that she saw Porter

running just before Defendant shot him, and that she also didn't see anything in his hands as he

was moving his arms. (Dkt. No. 597, at 167-68, 199).

---

[3] The Court instructed the jury that Stackhouse's police interview from 2016 was "not admissible for the truth of what Mr. Stackhouse said during the interview," only "to consider whether he [was] telling the truth on the witness stand." (Dkt. No. 600, at 175). The jury also heard that Stackhouse, like Davis, was a convicted felon. (*Id.* at 181).

After Porter was shot, the parties agree that he "came to rest on the ground in an adjacent courtyard[.]" (Dkt. No. 269, at 3). Defendant testified that, just after she shot Porter, she ordered him to show her his hands, and he pulled his left hand out from underneath him. (Dkt. No. 598, at 146). Defendant said she touched his left hand, while two of the women tending to Porter testified that Defendant touched his right hand. (*See* Dkt. Nos. 596, at 246, 260; 597, at 212; 598, at 43-44). Defendant testified that there was a "crowd of people behind" her, "trying to attack" her, and that she was "ripped right off of [Porter]." (Dkt. No. 598, at 147). The jury saw two videos of the scene that surrounded Porter after he was shot, which showed Defendant "on [her] knees" being tackled and pushed by a crowd. (Dkt. No. 598, at 155, 159; Def. Trial Exs. D-061, D-062).

Three of Plaintiff's witnesses testified that they attempted to render aid to Porter after he was shot: Tayshira Rodriguez-Rijo, Zhayshel Hall Rodriguez, and LaShea Smith. (*See* Dkt. Nos. 596, at 138, 246-48; 597, at 211-13). Tayshira Rodriguez-Rijo testified that she was right behind Defendant and Porter as they left the Stone Court parking lot, that Porter was alive when she reached him, and that "you could tell he was trying to speak[.]" (Dkt. No. 596, at 137, 142-44). Rodriguez-Rijo said that Porter looked "like he was in pain and in anguish, his facial expressions, just how tense his body was." (*Id.* at 152-53). Zhayshel Hall Rodriguez, said Porter had no expression on his face, that "his eyes were huge[,]" and that he was grunting, sweating profusely, turning gray, breathing, but that he "wasn't responsive to anything." (*Id.* at 252-53). LaShea Smith also said Porter was breathing heavily, but he never sat up or rolled over. (Dkt. No. 597, at 209-10).

At 11:18 P.M., an ambulance driven by paramedic Conor Dupree was en route to Porter. (Def. Trial Ex. D-063-A; Dkt. No. 599, at 64). Dupree testified that, when he arrived, he was

"impeded by people and vehicles," and that people were "screaming" and pulling at him. (Dkt. No. 599, at 65). The paramedics reached Porter at 11:23 P.M. (Def. Trial Ex. D-063-A, at 2). Dupree testified that Porter was not conscious or responsive at that point, and that Porter had the lowest possible value on the Glasgow Coma Scale.[4] (Dkt. No. 599, at 69-70, 76). Porter was transported to the hospital and died as a result of his gunshot wound. (Dkt. No. 269, at 3). He was pronounced dead at the hospital at 11:58 P.M. on June 19, 2016. (Pl. Trial Ex. 1, at 1).

During the incident, Defendant discharged her service weapon a total of seven times. (Dkt. No. 269, at 3). It was undisputed that Defendant discharged five shots toward the Malibu in the Stone Court parking lot and two shots toward Porter. (*See*, *e.g.*, Def. Trial Ex. D-070; Dkt. No. 602 at 137 ("The experts agree that Officer Francemone's first five shots were directed at the rear of the Malibu where there was an active shooter.") *id.* at 101, 136 (referring to last two shots at Porter). Shell casings recovered in the Stone Court parking lot, which "were forensically tested[,]" revealed  that there were "three other weapons that were fired in the vicinity of the parking lot . . . that were different from the rounds fired by Officer Francemone's service weapon." (Dkt. No. 269, at 3).

The jury heard expert testimony from Dana Greely, who performed a gunshot residue analysis on samples lifted from Porter's hands. (Dkt. No. 595, at 181; Greely Dep., at 32). Greely explained that her analysis detected gunshot residue in the sample from Porter's right hand, and not his left hand. (Greely Dep., at 75). According to Greely, an individual with residue on their hands "could have fired a weapon, could have been near a fired weapon or could have just come

---

[4] Dupree testified that the Glasgow Coma Scale "is a rough diagnostic [ ] to help determine how conscious somebody is." (Dkt. No. 599, at 76). Dupree also testified that the lowest value means there "will be no spontaneous eye opening, no response to painful stimuli. Literally, there's no—there's no response from anything." (*Id.*).

in contact with another item with gunshot residue on it[,]" but that her analysis could not allow her to determine which of these three possible scenarios was the most likely cause. (*Id.* at 32-33).

### III.    JURY VERDICT AND SPECIAL INTERROGATORIES

Following the close of proof, the Court instructed the jury regarding excessive force. (Dkt. No. 541, at 20-21). The Court instructed the jury, inter alia, that "[a] law enforcement official may only employ the amount of force reasonably necessary under the circumstances," and "[t]he use of deadly force to prevent escape is unreasonable unless the Defendant had probable cause to believe that Mr. Porter posed a significant threat of death or serious injury to the Defendant or others. (*Id.*).

The jury returned a verdict finding that Plaintiff proved her Fourth Amendment claim under 42 U.S.C. § 1983. (Dkt. No. 543, at 2). The jury awarded $10,000 in compensatory damages for conscious pain and suffering, and found Plaintiff was not entitled to damages for loss of enjoyment of life or an award of punitive damages. (*Id.* at 2-3).

After the jury returned its verdict for Plaintiff, the Court gave the jury three special interrogatories; the Court directed that the Defendant had the burden of proving facts by a preponderance of the evidence, and that their answers to the questions must be unanimous (Dkt. No. 544, at 2). The special interrogatories asked the jury:

Did Defendant Kelsey Francemone prove by a preponderance of the evidence:

(1) that Mr. Porter had a firearm at some point during the incident?

(2) that she had a reasonable, even if mistaken, belief that Mr. Porter was one of the individuals discharging a weapon near the black Chevrolet Malibu in the Stone Court Parking Lot?

(3) that she had a reasonable, even if mistaken, belief that Mr. Porter had a firearm on his person before she discharged her last two shots?

(Dkt. No. 545, at 2). The jury answered "Yes" to all three special interrogatories. (*Id.*).

8

## IV.    QUALIFIED IMMUNITY

### A.    Standard

"Qualified immunity protects government officials from civil damages liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jones v. Treubig*, 963 F.3d 214, 224 (2d Cir. 2020) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "The qualified immunity standard is an objective standard, asking not whether the defendant officer acted in good faith or what [they themselves] knew or believed, but rather what would have been known to or believed by a reasonable officer in the defendant's position." *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018). Even after a jury has found that an officer used excessive force, "the doctrine of qualified immunity will shield that officer from liability for damages if [their] 'conduct d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 366 (citation omitted). Qualified immunity is an affirmative defense that a defendant bears the burden of proving. *Id.* at 367.

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what [they are] doing violates that right.'" *Radwan v. Manuel*, 55 F.4th 101, 114 (2d Cir. 2022) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "The Supreme Court has explained that the 'clearly established right,' particularly in excessive force cases, 'must be defined with specificity.'" *Jones*, 963 F.3d at 224 (quoting *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019)). "Although the Supreme Court 'do[es] not require a case directly on point, [ ] existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

"[P]ursuant to the two-step framework articulated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), when an official raises qualified immunity as a defense, the court must consider whether: (1) [ ] the official violated a statutory or constitutional right, and (2) [ ] the right was 'clearly established' at the time of the challenged conduct." *Jones*, 963 F.3d at 224 (quoting *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016)) (internal quotations omitted). "As it relates to the second step, the focus is 'whether it would be clear to a reasonable officer that [their] conduct was unlawful in the situation [they] confronted.'" *Id.* (quoting *Saucier*, 533 U.S. at 202)." "Because the 'use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness,' . . . the two [ ] inquiries may 'ultimately converge on one question in excessive force cases: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed was lawful[.]'" *Weather v. City of Mount Vernon*, 474 F. App'x 821, 822 (2d Cir. 2012) (first quoting *Saucier*, 533 U.S. at 202, then *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 n.7 (2d Cir. 2003)).

"The Supreme Court has made clear that '[t]he protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Jones*, 963 F.3d at 230 (quoting *Pearson*, 555 U.S. at 231). "However, qualified immunity only protects 'reasonable mistakes.'" *Id.* (quoting *Saucier*, 533 U.S. at 206). "A mistake of fact, [ ] in the absence of an additional jury finding that the mistake was reasonable (when there are disputed material facts on that question) is insufficient to support an officer's claim that [they are] entitled to qualified immunity[.]" *Id.* at 228. "[I]f there are unresolved factual issues which prevent an early disposition of the defense [of qualified immunity], the jury should decide these issues on special interrogatories." *Id.* at 225 (quoting *Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990)). "Once the jury has resolved any

disputed facts that are material to the qualified immunity issue . . . the court then may 'make the ultimate legal determination of whether qualified immunity attaches *on those facts*.'" *Walker v. Schult*, 45 F.4th 598, 618 (2d Cir. 2022) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)). "'The court is not permitted to find as a fact a proposition that is contrary to a finding made by the jury,' or 'findings that were implicit in the jury's verdict.'" *Id.* (quoting *Zellner*, 494 F.3d at 371).

## B.     Analysis

Defendant asserts that "qualified immunity is appropriately granted" because the jury found that Porter "was armed at some point during the brief encounter," and that Defendant reasonably believed both (1) that Porter "was an active participant in the gunfight she witnesse[d]," and (2) Porter was "still armed at the time she discharged her last two shots[.]" (Dkt. No. 574, at 6-7) (citing *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985)). Defendant argues that "no Second Circuit precedent[,]" nor any Supreme Court case law, "existed prior to June 2016 and . . . addressed circumstances comparable to those confronted by Officer Francemone, *i.e.* an armed individual whom she reasonably believed had participated in a gunfight and remained armed at the time she discharged her final two shots, that would have clearly established that the use of deadly force in such a situation was unconstitutional." (*See id.* at 12).

In opposition, Plaintiff argues that the Defendant's case law is distinguishable because "the plaintiffs in those instances had a weapon and [were] considered dangerous[.]" (Dkt. No. 584, at 2). Plaintiff asserts that there "is absolutely no credible testimony that Mr. Porter ever shot at Francemone and no gun was ever found on Mr. Porter[,]" and therefore the cases cited by Defendant "cannot apply to determine reasonableness[.]" (*Id.*). Plaintiff also asserts that the

11

special interrogatories "are vague in terms of timing as to when the jury believed that Mr. Porter was in possession of a firearm." (*Id.* at 4).

### 1.    The Special Interrogatories

Plaintiff's vagueness argument is based on the word "before" in the third interrogatory. (Dkt. No. 584, at 4). That interrogatory asked the jury whether Defendant proved "by a preponderance of the evidence that she had a reasonable, even if mistaken, belief that Mr. Porter had a firearm on his person **before** she discharged her last two shots?" (Dkt. No. 584, at 4-5). Plaintiff suggests that "before" could be "referring to before Mr. Porter arrived at the party, could be referring to when Mr. Porter was in Stone Court parking lot or even referring to before Mr. Porter allegedly tossed the gun." (*Id.* at 5). Plaintiff cites to *Romano v. Howarth* in support of his argument. *See* 998 F.2d 101, 104 (2d Cir. 1993) (noting Second Circuit "will reverse a judgment entered upon answers to questions which mislead and confuse the jury or which inaccurately frame the issues to be resolved by the jury." (quoting *Cann v. Ford Motor Co.*, 658 F.2d 54, 58 (2d Cir. 1981)).

As a preliminary matter, "[t]he 'failure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection.'" *Morse v. Fusto*, 804 F.3d 538, 552 (2d Cir. 2015) (quoting *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 56 (2d Cir. 2002)) (holding that, having failed to object to the form of the verdict sheet or jury instructions, party could not "now complain that it is impossible to know whether the verdict would have been different"). Plaintiff did not object to the special interrogatories, nor the verdict, before the jury was discharged. In any event, the Court agrees with Defendant that it is "simply not a reasonable assumption" that the jury read "before" to mean something other than *just* before. (Dkt. No. 592-1, at 17-18). Given that the third interrogatory refers specifically to Francemone's "last two

shots," and that the evidence at trial established that Defendant discharged her weapon five times

near the Stone Court parking lot before she discharged her last two shots toward Porter, (*see,*

*e.g.,* Dkt. No. 598, at 20, 127-30; Def. Trial Ex. D-070), the jury would have reasonably

understood "before" to mean just before. *See also Carroll v. Trump*, 683 F. Supp. 3d 302, 325

n.71 (S.D.N.Y. 2023), *aff'd,* 124 F.4th 140 (2d Cir. 2024) ("The court must search for a

reasonable way to read the verdicts as expressing a coherent view of the case[.]"). Plaintiff's

citation to *Romano v. Howarth* is inapposite; in *Romano*, the Second Circuit reversed a district

court on plain error review because it found that the jury instructions improperly explained the

law, and it was "apparent that the jury was utterly confused by both forms." 998 F.2d at 107.

Plaintiff does not challenge the jury instructions in this case, and she cites to no evidence of jury

confusion.

### 2.      Clearly Established Right

Here, the first step of the qualified immunity analysis—the existence of a constitutional

violation—was established by the jury verdict holding Defendant liable for use of excessive

force against Porter.[5] *See Weather v. City of Mount Vernon*, No. 08-cv-192, 2011 WL 1046165, at

*9, 2011 U.S. Dist. LEXIS 29297, at *23 (S.D.N.Y. Mar. 22, 2011) (holding first element of

qualified immunity analysis established by the jury verdict finding defendant liable for excessive

force), *aff'd,* 474 F. App'x 821 (2d Cir. 2012); *see also Matusak v. Daminski*, 755 F. Supp. 3d

325, 334 (W.D.N.Y. 2024) ("Where, as here, the existence of a constitutional violation is

established by a jury verdict imposing liability against defendants for use of excessive force, the

---

[5] The Court is aware that that "the reasonableness of a mistake of fact regarding the use of force does not pertain to
the ultimate qualified immunity determination, but rather whether there was a constitutional violation in the first
instance[.]" *Jones*, 963 F.3d at 231. However, during the trial the parties did not address or discuss what effect a
reasonable mistake of fact by Defendant would have on the question of her liability. Further, Defendant has not
challenged the sufficiency of the evidence to support the jury's liability verdict. As such, the Court does not review
the jury's determination that Plaintiff established the existence of a constitutional violation.

remaining task 'is to determine whether the right at issue was clearly established—that is, whether it was objectively reasonable for [defendants] to believe [their] acts did not violate those rights.'" (quoting *Jones*, 963 F.3d at 225)).

The Court therefore must determine whether the right the jury found Defendant to have violated was "clearly established" at the time of her conduct. *See Jones*, 963 F.3d at 224. Plaintiff appears to argue that the Court should make its qualified immunity determination under the assumption that Porter was not armed during the incident. (*See* Dkt. No. 584, at 2 ("Mr. Porter never had a gun as no gun was ever found and no credible evidence exists that he did have a gun.")). But the jury specifically found that Porter "had a firearm at some point during the incident[,]" (Dkt. No. 545, at 2), and the Court is "not permitted to find as a fact a proposition that is contrary to a finding made by the jury," *see Walker*, F.4th at 618 (quoting *Zellner*, 494 F.3d at 371). For the purposes of determining whether Defendant is entitled to qualified immunity, the Court must accept that Porter had a firearm at some point during the incident, that Defendant had a reasonable, even if mistaken, belief that Mr. Porter was one of the individuals discharging a weapon near the Malibu in the Stone Court parking lot, and that she had a reasonable, even if mistaken, belief that Porter had a firearm "on his person before she discharged her last two shots[.]" (Dkt. No. 545, at 2).

Thus, the question is whether it was clearly established on June 19, 2016 that a police officer could not lawfully use deadly force where the officer, after responding to gunfire in a public parking lot, had a reasonable (even if mistaken) belief that an individual—who was in fact armed at some point during the incident—was discharging a weapon in a public parking lot, and the officer had a reasonable (even if mistaken) belief that the individual had a firearm on his person before she shot him in the back. Plaintiff has cited no authority, and the Court is aware of

14

none, holding that it would be clear to any reasonable officer that such conduct was unlawful under these circumstances. *See Jones*, 963 F.3d at 224 (quoting *Saucier*, 533 U.S. at 202). Defendant accurately observes that "the case law *supports* the constitutionality of Officer Francemone's actions rather than clearly establishing the opposite[,]" (Dkt. No. 574, at 8), and cites numerous cases from the Second Circuit, Supreme Court, and other Circuits in support of this proposition. (*See generally id.* at 8-21 (citing, inter alia, *Scott v. City of Rochester*, No. 17-cv-6311, 2019 WL 4016165, at *5, 2019 U.S. Dist. LEXIS 144452, at *12 (W.D.N.Y. Aug. 26, 2019) ("[I]n most of the cases where a fleeing suspect possessed a firearm, courts have found officer shootings to be reasonable." (citation omitted)); *Jackson v. Dinkins*, No. 95-cv-3003, 1998 WL 27124, at *2, 1998 U.S. Dist. LEXIS 643, at *5-6 (S.D.N.Y. Jan. 26, 1998) (granting summary judgment on excessive force claim in favor of defendant police officers; officers who shot fleeing suspect "had every good reason to believe the exiting passenger was armed"); *Greenwald v. Town of Rocky Hill*, No. 09-cv-211, 2011 WL 4915165, at *11, 2011 U.S. Dist. LEXIS 119331, at *31 (D. Conn. Oct. 17, 2011) (granting defendant police officers summary judgment on excessive force claim where "reasonable officers would agree that [the defendant] had an objectively reasonable belief that [the plaintiff] was an immediate threat to his own life and the lives of others and that he reacted reasonably to that threat"); *Kisela v. Hughes*, 584 U.S. 100, 105-06 (2018) (holding that, even assuming officer violated Fourth Amendment when he used deadly force, officer was entitled to qualified immunity; circumstances were "far from an obvious case in which any competent officer would have known that shooting [the respondent] would violate the Fourth Amendment"))).

Plaintiff cites two cases in her argument to the contrary, (*see* Dkt. No. 584, at 7-8), but both cases were decided after June of 2016, and "a reasonable officer is not required to foresee

15

judicial decisions that do not yet exist in instances where the requirements of the Fourth Amendment are far from obvious[,]" *see Kisela*, 584 U.S. at 107. In any event, both cases are inapposite. *See Thomas v. Wellenreuther*, No. 21-1400, 2022 WL 1026047, at *1, 2022 U.S. App. LEXIS 9209, at *3 (2d Cir. Apr. 6, 2022) (affirming judgment of district court finding defendant police officer liable for excessive force; at time of second gunshot, defendant "knew that whatever weapon [the plaintiff] had was thrown away from [the plaintiff] and was not in [the plaintiff]'s possession" and defendant therefore knew that plaintiff was unarmed); *Jones*, 963 F.3d at 234 (reversing district court finding that defendant officer was entitled to qualified immunity in excessive force case where jury had not been asked whether officer's mistaken belief was reasonable, and therefore answers to special interrogatories were "insufficient to shield [the defendant] with qualified immunity"; officer's "subjective mistake of fact, like a mistake of law, must be reasonable").[6]

Plaintiff asserts that this case differs from the caselaw cited by Defendant in support of her request for qualified immunity, because "no gun was ever found on Mr. Porter." (Dkt. No. 584, at 2). But the Court has to accept the jury's findings that Mr. Porter had a firearm at some point during the incident, and that Defendant had "a reasonable, even if mistaken, belief" that he was one of the individuals discharging a weapon near the Malibu, and that she had "a reasonable,

---

[6] Plaintiff also argues that "if the [C]ourt chooses to believe the fact that Mr. Porter was armed as he was running away and choosing to take into account the jury's answer to the special interrogatories given to them, then essentially the [C]ourt is giving importance to not only Francemone's testimony but Davis's testimony as well." (Dkt. No. 584, at 3-4). Defendant correctly observes that it "is unclear as to what Plaintiff means" when he "refers to Mr. Davis's 'second version' of the events." (Dkt. No. 592-1, at 10 n.4). In any event, the jury was free to credit or discredit any portion of Francemone or Davis's testimony. *See Hoyte v. Nat'l R.R. Passenger Corp.*, No. 04-cv-5297, 2006 WL 2053383, at *3 n.2, 2006 U.S. Dist. LEXIS 50308, at *8 n.2 (S.D.N.Y. July 24, 2006) ("[I]t is fully within the jury's fact-finding discretion to credit portions of a witness's testimony and discredit others."). Further, as noted above, the Court does not *choose* to take into account the jury's answers to the special interrogatories; the Court is "not permitted to find as a fact a proposition that is contrary to a finding made by the jury." *See Walker*, F.4th at 618.

even if mistaken, belief" that he had a firearm on his person before she discharged her last two shots. (Dkt. No. 545, at 2).

In light of the jury's answers to the special interrogatories, and because Plaintiff has cited no caselaw to the contrary, the Court cannot conclude that Defendant violated a "clearly established" right within the meaning of the qualified immunity case law, such that it would be clear to any reasonable officer that Defendant's conduct was unlawful in the situation she confronted. *See Jones*, 963 F.3d at 224; *see also Ekukpe v. Santiago*, 823 F. App'x 25, 30 (2d Cir. 2020) ("The inquiry is 'whether *any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could* have determined that the challenged action was lawful.'" (quoting *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016))). Accordingly, the Court finds that Defendant is entitled to qualified immunity on Plaintiff's claim for excessive force. *See also Matusak*, 755 F. Supp. 3d at 344 (finding, after jury verdict for plaintiff on excessive force claim, that defendants were entitled to qualified immunity "[b]ecause reasonable officers could disagree as to whether the force used by [defendants] was constitutionally excessive").

## V.    RULE 59 MOTION

Although the Court has found that Defendant is entitled to qualified immunity, the Court has considered and decided, in the alternative, Plaintiff's motion for a new trial.

### A.    Standard

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court may "grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." In determining whether to grant a new trial under Rule 59, the Court must consider whether "the jury has reached a seriously erroneous result or [its] verdict is a miscarriage of

17

justice." *See Stampf v. Long Island R.R.*, 761 F.3d 192, 202 (2d Cir. 2014) (alteration in original) (quoting *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir. 2005)). "A court considering a Rule 59 motion for a new trial must bear in mind . . . that the court should only grant such a motion when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (quoting *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992)). In general, "on a Rule 59 motion the court 'may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner.'" *Echevarria v. Insight Med., P.C.*, 72 F. Supp. 3d 442, 466 (S.D.N.Y. 2014) (quoting *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 99 (2d Cir. 2014)). However, "a judge should rarely disturb a jury's evaluation of a witness's credibility and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (citation and internal quotation marks omitted).

### B.    Analysis

Prior to arguing that Plaintiff is entitled to a new trial, Plaintiff appears to ask the Court to disregard the testimony of certain defense witnesses as not credible. (*See* Dkt. No. 573-1, at 2-5 (arguing that Khalil Davis's testimony "must be completely disregarded"), 11-13 (summarizing inconsistencies between Plaintiff's witnesses' testimony and Francemone's testimony), 13-17 (asserting that Defendant's expert "was manipulated by counsel by not being given adequate information")). But it was "fully within the jury's fact-finding discretion to credit portions of a witness's testimony and discredit others." *See Hoyte*, 2006 WL 2053383, at *3 n.2, 2006 U.S. Dist. LEXIS 50308, at *8 n.2. Further, the Second Circuit has observed that where "a verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should

18

not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent a miscarriage of justice." *Raedle*, 670 F.3d at 418-19. The Court does not find this to be an egregious case.

### 1.     Improper Compromise

Plaintiff argues that a new trial is warranted because "the jury in this case made an improper compromise[.]" (Dkt. No. 573-1, at 17-18). First, Plaintiff asserts that the fact the jury returned "only $10,000" for Plaintiff "can only indicate the jury improperly compromised." (*Id.* at 18). Second, Plaintiff argues that "the findings of the jury on the Special Interrogatories [are] entirely inconsistent with the verdict." (*Id.*).[7] Defendant disagrees, arguing that Plaintiff never objected to any inconsistency prior to the release of the jury, that there is no inconsistency between the general verdict and the special interrogatories, and that Plaintiff cannot "meet her burden of justifying a new trial based on the contention that the $10,000 damages verdict was insufficiently low." (Dkt. No. 585, at 6-11).

"For a court to conclude that a jury's verdict reflects an impermissible compromise, 'the record itself viewed in its entirety must clearly demonstrate the compromise character of the verdict.'" *Buchwald v. Renco Grp.*, 539 B.R. 31, 57 (S.D.N.Y. 2015) (quoting *Ajax Hardware Mfg. Corp. v. Indus. Plants Corp.,* 569 F.2d 181, 184 (2d Cir.1977)), *aff'd sub nom. Matter of Magnesium Corp. of Am.*, 682 F. App'x 24 (2d Cir. 2017). A verdict must be "inconsistent with the facts adduced at trial if the reviewing court is to reverse it [because] of an improper compromise of the jury." *Id.* (quoting *Maher v. Isthmian Steamship Co.*, 253 F.2d 414, 416-17 (2d Cir. 1958)). "A substantial reduction in damages, out of keeping with the evidence and

---

[7] Plaintiff also asks the Court again, if it "is inclined to do so, to merely reject the jury's answers to the special interrogatories." (Dkt. No. 573-1, at 18). But as explained above, the Court "is not permitted to find as a fact a proposition that is contrary to a finding made by the jury." *See Walker*, 45 F.4th at 618. Plaintiff cites no authority to the contrary.

despite a finding of liability, is a common feature of compromise verdicts, although even substantially reduced damages in conflict with the theory of liability offered at trial are not enough; there must also be 'other indicia' of compromise such as 'a close question of liability' or difficult injury deliberations." *Id.* (citing *Atkins v. New York City*, 143 F.3d 100, 104 (2d Cir.1998); *Diamond D Enters. USA, Inc. v. Steinsvaag,* 979 F.2d 14, 17 (2d Cir.1992)).

### a.      Damages Award

Plaintiff states that she "is not looking for an additur," but rather "an entirely new trial[.]" (Dkt. No. 573-1, at 18). Plaintiff argues that "it is impossible to reconcile an award of $10,000 in an action premised on the use of excessive force, which is what the jury found, with the death of a 41-year-old male with no serious medical history." (*Id.* at 19). However, Plaintiff fails to acknowledge that she waived "any claim for economic damages, including any claim for loss of Mr. Porter's future wages, loss of Mr. Porter's earning capacity, loss of financial support for Mr. Porter's children, loss of economic gifts or benefits Mr. Porter's children would have expected to receive from him, and any other out-of-pocket loss to the Estate." (Dkt. No. 541, at 23).[8] The jury was specifically instructed that Plaintiff was "limited to recovery for damages sustained from the conscious pain and suffering experienced by Mr. Porter from the moment of his physical injury to the moment of death, and damages for loss of enjoyment of life." (Dkt. No. 541, at 23). As Defendant correctly observes, Plaintiff "*waived* most categories of damages before the [j]ury even deliberated[,]" and the $10,000 award is based on "the exceedingly narrow categories of damages they were presented to consider." (Dkt. No. 585, at 13-14).

---

[8] During the trial, the Court also granted Defendant's Rule 50 motion to dismiss Plaintiff's request for "pecuniary damages of funeral expenses and hospital or medical expenses[,]" which Plaintiff agreed he could not maintain. (Dkt. No. 598, at 187).

The jury was also instructed that compensatory damages "must be based on the evidence presented at trial[,]" and that "[c]onscious pain and suffering means pain and suffering of which there is some level of awareness by Mr. Porter[,]" (Dkt. No. 541, at 23). Plaintiff's evidence of Porter's conscious pain and suffering was limited to the testimony of the three witnesses who attempted to render aid to Porter after he was shot. Their testimony was mixed; one witness testified that Porter was alive when she reached him, that "you could tell he was trying to speak," (Dkt. No. 596, at 142-44), and that he looked "like he was in pain and in anguish[.]" (*id.* at 152-53). But another witness said Porter had no expression on his face and that he "wasn't responsive to anything," (*id.* at 252-53), and the third witness also testified that Porter was not moving at all, (*see* Dkt. No. 597, at 209-10). Moreover, the undisputed evidence at trial showed that the duration of Porter's suffering would have been limited: the parties agree that the gunfire in Stone Court parking lot began at some point "after 11 P.M," (Dkt. No. 269, at 2), and by the time paramedics reached Porter at 11:23 P.M, (Def. Trial Ex. D-063-A, at 2), Porter was not conscious or responsive, (Dkt. No. 599, at 69-70, 76). Porter was pronounced dead at the hospital at 11:58 P.M, (Pl. Trial Ex. 1, at 1) and there was no evidence that he regained consciousness at any point in the interim.

Plaintiff has cited to no case law demonstrating higher awards in comparable cases, as might indicate that the damages award in this case was unreasonably low.[9] In light of the evidence that Porter was unconscious very shortly after he was shot, and the very limited evidence that he was in any pain or suffering while he was still conscious, the Court does not

---

[9] Plaintiff does not seek an additur or a new trial limited to damages. As such, the Court does not conduct an inquiry into awards granted in comparable cases to determine whether the award in this case was appropriate. *See White v. New York State Off. of Child. & Fam. Servs.*, No. 11-cv-309, 2021 WL 282561, at *3, 2021 U.S. Dist. LEXIS 16061, at *5 (N.D.N.Y. Jan. 28, 2021) ("To decide what an appropriate award should be, the court must consider awards granted in comparable cases, while recognizing that 'no two cases are exactly alike[.]'" (quoting *Dotson v. City of Syracuse*, No. 04-cv-1388, 2011 WL 817499, *14, 2011 U.S. Dist. LEXIS 20374, at *36 (N.D.N.Y. Mar. 2, 2011) (additional internal citations omitted))).

find that the $10,000 award for conscious pain and suffering was inconsistent with the facts adduced at trial. *See Buchwald*, 539 B.R. at 57.[10] The Court therefore does not find that the verdict represents "a substantial reduction in damages, out of keeping with the evidence and despite a finding of liability," as would indicate the verdict was a result of an improper compromise. *See id.*[11]

### b. Inconsistency Between Verdict and Special Interrogatories

Plaintiff argues that "[f]or the jury to have found, correctly, that the defendant used excessive force, but incorrectly that the decedent had a gun is entirely inconsistent." (Dkt. No. 573-1, at 19). Defendant accurately observes that Plaintiff never explains why the jury's findings are inconsistent. (Dkt. No. 585, at 8). Further, Defendant argues that Plaintiff never objected to any purported inconsistency prior to the release of the jury, and that in any event there is no inconsistency between the general verdict and the special interrogatories. (*Id.* at 5-10).[12]

"It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 46 (2d Cir. 2015) (quoting *Kosmynka v. Polaris Indus., Inc.,* 462 F.3d 74, 83 (2d Cir.2006)). "The timely objection requirement is 'not merely a technicality'—it serves 'to give the court and the opposing party the opportunity to correct an

---

[10] Defendant notes that Plaintiff does not challenge the jury's decision not to award damages for loss of enjoyment of life, and Defendant argues that the evidence of this category of damages was "similarly lacking." (Dkt. No. 585 at 22). Since Plaintiff has not challenged this award, the Court has not considered it.

[11] Moreover, the Court could not set the verdict aside even if the Court found that the jury had compromised on the amount of damages awarded to Plaintiff, because Plaintiff would also need to demonstrate "other indicia of compromise." *Buchwald*, 539 B.R. at 57 (internal quotations and citation omitted); *see also Fox v. City Univ. of New York*, 187 F.R.D. 83, 93 (S.D.N.Y. 1999) ("[A] verdict can be set aside if the jurors compromise on the question of liability, but not if they compromise on the amount of damages."). For the reasons discussed below, Plaintiff has not demonstrated any other such indicia. (*See* discussion *infra* Section V.B.1.b.).

[12] Because the Court decides there is no inconsistency between the verdict and the special interrogatories, the Court does not reach Defendant's third argument—i.e., that even if the verdict was inconsistent with the special interrogatories, "the Court should nonetheless enter Judgment in favor of Officer Francemone on the special interrogatories." (Dkt. No. 585, at 10).

error in the conduct of the trial.'" *Id.* at 46, 49 (finding that district court erred in reaching the merits of party's argument regarding the inconsistency of jury verdict and ordering a new trial on that ground; party waived its inconsistency argument by raising it for the first time in its post-trial motion papers).

Here, Plaintiff's counsel asserts that his client "was so distraught" after the verdict was announced that "she wanted [them] at that time to take no action and to let the case go away[,]" and they therefore "made no objection at that time" to the allegedly contradictory verdict and special interrogatories. (Dkt. No. 573-1, at 19-20). While the Court is sympathetic to counsel's position, "counsel's duty to preserve issues trumps any discomfort counsel may experience in voicing a timely objection." *See Anderson Grp., LLC*, 805 F.3d at 48 (citations omitted) (rejecting counsel's argument that it could not voice an objection without interrupting the district judge; "hesitancy to incur the judge's displeasure" was not a reason to overlook failure to timely object).

Plaintiff's citation to *Hundley v. District of Columbia* is inapposite; in *Hundley*, a case from the D.C. Circuit, the plaintiffs "repeatedly objected at trial to the proposed written interrogatory." 494 F.3d 1097, 1103 (D.C. Cir. 2007). Here, Plaintiff did not object to either the verdict form or the proposed jury instructions. (Dkt. No. 601, at 187-88, 191). Plaintiff made "one suggestion" with respect to the special interrogatories, but the suggestion did not relate to any potential for inconsistency in the event of a liability verdict. (*See id.* at 204-05). Plaintiff's failure to object to the special interrogatories, and to object to the alleged inconsistency after the verdict was read, supports the Court's finding of waiver in this case. *See also In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 552 (S.D.N.Y. 2011) (holding that plaintiff waived objection to alleged inconsistency by failing to argue that the proposed verdict form

23

might produce inconsistent findings, and by failing to object after the verdict was read and before jury was discharged), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016).

Even if Plaintiff had not waived her inconsistency argument, it would fail on the merits. The Second Circuit has held that, "[w]hen confronted with a potentially inconsistent jury verdict, the court must adopt a view of the case, if there is one, that resolves any seeming inconsistency. Before a court may set aside a special verdict as inconsistent and remand the case for a new trial, it must make every attempt to reconcile the jury's findings, by exegesis if necessary." *Ferreira v. City of Binghamton*, 975 F.3d 255, 277 (2d Cir.) (quoting *Turley v. Police Dep't of New York*, 167 F.3d 757, 760 (2d Cir.1999)), *certified question accepted,* 35 N.Y.3d 1105 (2020), and *certified question answered,* 38 N.Y.3d 298 (2022); *see also Henry v. Dinelle*, 929 F. Supp. 2d 107, 121 (N.D.N.Y. 2013) ("It must be remembered that, '[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.'" (quoting *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd*., 369 U.S. 355, 364 (1962))). "In looking for consistency," a court must "bear in mind that the jury was entitled to believe some parts and disbelieve other parts of the testimony of any given witness." *Ferreira*, 975 F.3d at 277 (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)).

Here, the Court finds no irreconcilable inconsistency. As Defendant notes, the jury "could have made its determination of reasonableness on a myriad of different conclusions or factual findings[.]" (Dkt. No. 585, at 8). As one example: given that the jury found that Porter "had a firearm at some point during the incident[,]" (Dkt. No. 545, at 2), the jury could have credited Khalil Davis's testimony that Porter threw the gun as he was running, and another man picked it up and ran off with it, (Dkt. No. 600, at 70)—which would explain why Defendant did not find a gun underneath Porter at the scene, (*see* Dkt. No. 598, at 53), and why witnesses who saw Porter

24

running did not see a weapon in his hands, (*see, e.g.,* Dkt. Nos. 596, at 133, 272; 597, at 199). The jury could have therefore found that Defendant was reasonably mistaken in her belief that Porter had a firearm on his person before she shot him. *C.f. Ali v. Kipp*, 891 F.3d 59, 66 (2d Cir. 2018) ("The law is clear that the jurors were not required to accept the entirety of either side's account, but were free to accept bits of testimony from several witnesses and to make reasonable inferences from whatever testimony they credited." (internal quotations and citation omitted)).

To the extent Plaintiff suggests that the liability verdict is inconsistent with a determination that Defendant is entitled to qualified immunity, that argument fails; if an officer proves the facts that show they are entitled to qualified immunity, "judgment must be entered in [their] favor, notwithstanding [their] having violated the plaintiff's rights and caused damages." *See Aczel v. Labonia*, 584 F.3d 52, 57 (2d Cir. 2009). Because the verdict is not inconsistent, and because Plaintiff has pointed to no other indicia of improper compromise, a new trial is not warranted. *See In re Vivendi Universal*, 765 F. Supp. 2d at 554; *Buchwald*, 539 B.R. at 57.

### 2.      Racial Bias

Plaintiff asserts that the Court "indulged defense counsels['] repeated efforts to elicit 'evidence' of the out of control crowd after Porter was shot[,]" and this evidence "aroused fear of violent minorities," which "contributed to the jury, with virtually no credible evidence Porter had a gun, placing a gun in Porter's hands[.]" (Dkt. No. 573-1, at 21). Plaintiff argues that events that unfolded after Porter was shot "are totally irrelevant to why he was shot[,]" and that while "the Court may have envisioned a scenario in which the events after the shooting were relevant, certainly no such relevant evidence was elicited at trial." (*Id.* at 21-22). Defendant disagrees, noting that Plaintiff fails to "identify any specific statements by Defendant's counsel (either in opening statements, closing arguments, or witness examination) that were purportedly designed

to inflame racial prejudices among jurors." (Dkt. No. 585, at 23). Defendant also notes that Plaintiff repeatedly placed the events immediately following Porter's shooting in dispute at trial, and that Plaintiff stipulated to the evidence she now challenges. (Dkt. No. 585, at 22-33).

A trial court has considerable discretion in determining whether evidence is admissible. *See Barrett v. Orange Cnty. Hum. Rts. Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999). "Where there has been an objection, a new trial is warranted if the [c]ourt's evidentiary ruling was 'clearly prejudicial to the outcome of the trial,' taking into account 'the record as a whole.'" *Graham v. City of N.Y.*, 128 F. Supp. 3d 681, 705 (E.D.N.Y. 2015) (quoting *Johnson v. Strive E. Harlem Emp Grp.*, 990 F. Supp. 2d 435, 450 (S.D.N.Y. 2014)). "But where [the moving party] did not object, a new trial is warranted only for plain error 'so serious and flagrant that it goes to the very integrity of the trial.'" *Johnson*, 990 F. Supp. 2d at 450 (quoting *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005)).

Here, Plaintiff has not cited to an evidentiary objection made at trial, nor has she identified any specific evidentiary ruling that she contends was erroneous. As such, a new trial would be warranted only for plain error. *See id.* The Court finds no such error. Not only did Plaintiff fail to object to the two videos shown to the jury of the scene that surrounded Porter after he was shot, which showed Defendant "on [her] knees" being tackled and pushed by a crowd, (Dkt. No. 598, at 155-59; Def. Trial Exs. D-061, D-062), but Plaintiff *stipulated* to their admission, (Dkt. No. 595, at 20).[13] *See Oliver v. New York State Police*, No. 15-cv-00444, 2023 WL 246698, at *3, 2023 U.S. Dist. LEXIS 8233, at *10 (N.D.N.Y. Jan. 18, 2023) (rejecting as

---

[13] Prior to trial, Plaintiff filed two motions in limine, arguing that "Defendant's testimony that she was 'beat up' after she shot Porter must not be offered into evidence[,]" and that defense counsel "should be precluded from entering evidence of alleged rioting after Porter was shot. (Dkt. No. 287-1, at 19, 29). Later, in her supplemental briefing, Plaintiff specifically objected to Defendant's Exhibit 62 as irrelevant and prejudicial. (*See* Dkt. No. 427, at 20). At the final pretrial conference, Defendant noted that Plaintiff had stipulated to Exhibit 62, and Plaintiff agreed that Exhibit 62 was admissible. (Dkt. No. 485, at 84-85).

meritless plaintiff's argument that the court's evidentiary rulings were unfair; "[n]ot only did [the p]laintiff fail to object to any of [the d]efendants' exhibits, but [the p]laintiff stipulated to the admission into evidence of all [of the d]efendants' thirty-nine exhibits"), *aff'd sub nom. Oliver v. D'Amico*, No. 22-979, 2024 WL 2013670, 2024 U.S. App. LEXIS 11099 (2d Cir. May 7, 2024). Plaintiff also repeatedly asked witnesses whether they saw Defendant attempt to render aid to Porter after he was shot, putting Defendant's actions after the shooting at issue. (*See, e.g.,* Dkt. No. 596, at 138, 212, 248). Finally, the state of the scene after Porter's shooting was relevant to Defendant's theory as to why no gun was recovered. (*See, e.g.,* Dkt. Nos. 598, at 53; 599, at 43-44). Therefore, Plaintiff's motion for a new trial on the basis that the Court improperly admitted evidence of the scene after Porter's shooting is denied.

### 3. Defense Counsel's Closing Argument

Plaintiff next argues that defense counsel "created" two "brand new alleged 'facts'[,]" with no supporting evidence or testimony, during closing argument: that Porter jumped over a fence when he left Stone Court parking lot, and that Porter was "firing a revolver which would not expel shell casings." (Dkt. No. 573-1, at 22-23). Defendant argues that these statements were "inferences drawn from multiple previously established facts and/or inferences[,]" and that defense counsel was permitted to argue these inferences "during summation to reconcile other pieces of evidence[.]" (Dkt. No. 585, at 35-37).

"[A] party seeking a new trial on the basis of opposing counsel's improper statements to the jury faces a heavy burden, as '[r]arely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal.'" *Marcic*, 397 F.3d at 124 (quoting *Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 271 (2d Cir.1999). "In particular, where the jury's verdict finds substantial support in the evidence, counsel's improper statements will frequently be *de*

27

*minimis* in the context of the entire trial." *Id.* (quoting *Pappas v. Middle Earth Condo. Ass'n,* 963 F.2d 534, 540 (2d Cir.1992)). Where the moving party failed to raise an objection during closing argument at trial, the court reviews only for plain error. *See Coan v. Dunne*, No. 15-cv-00050, 2022 WL 369012, at *4, 2022 U.S. Dist. LEXIS 22062, at *10 ((D. Conn. Feb. 8, 2022), *aff'd,* No. 21-2012, 2023 WL 7103275, 2023 U.S. App. LEXIS 28592 (2d Cir. Oct. 27, 2023). On review for plain error, "a new trial will be granted only for error that was so serious and flagrant that it goes to the very integrity of the trial." *Marcic*, 397 F.3d at 124 (internal quotations and citation omitted). The Second Circuit has "warned that the plain error exception should only be invoked with extreme caution in the civil context." *FIH, LLC v. Barr*, No. 20-489, 2021 WL 5286659, at *5, 2021 U.S. App. LEXIS 33752, at *14 (2d Cir. Nov. 15, 2021) (quoting *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996)).

Here, Plaintiff made no objection during closing and did not request a curative instruction at any point. As such, Plaintiff must demonstrate plain error "so serious and flagrant that it goes to the very integrity of the trial" in seeking a new trial. *See Marcic*, 397 F.3d at 124. The single paragraph Plaintiff dedicates to this argument in her brief does not meet this heavy burden. Plaintiff's citation to *Lee v. City of Troy* is factually distinct and not applicable here. *See* 339 F.R.D. 346, 364-71 (N.D.N.Y. 2021) (ordering new trial where defense counsel repeatedly told jury that critical video evidence was fabricated by plaintiff, where there was "no discernible support in the record" for such assertion, and defense counsel also invoked improper regional bias in closing argument).

The Court has considered the record as a whole, as well as Defendant's explanation of the facts supporting these inferences, and does not find that defense counsel made any statements during closing that would entitle Plaintiff to a new trial. Defendant has provided a detailed

explanation of the trial evidence from which a jury could infer that Porter jumped over a fence when he left Stone Court parking lot, and that Porter was firing a revolver. (*See* Dkt. No. 585, at 35-37). Defense counsel was "entitled to broad latitude" in the inferences they could suggest to the jury during closing arguments, so long as counsel did not misstate the evidence. *See Porter v. United States*, No. 08-CV-1497, 2008 WL 5451011, at *4, 2008 U.S. Dist. LEXIS 105206, at *14 (E.D.N.Y. Dec. 31, 2008) (quoting *United States v. Smith,* 778 F.2d 925, 929 (2d Cir.1985)). And the verdict here was rendered after a two-week trial, in which the parties introduced substantial testimony and physical evidence in support of their arguments. *See Marcic*, 397 F.3d at 127-28 ("To the extent that [ ] counsel's statements were improper, they were not objected to, and occurred in the context of a summation spanning thirty-seven pages of trial transcript, at the end of a week-long trial in which voluminous evidence was introduced that sufficed to support the jury's verdict."). On this record there is no plain error warranting a new trial.

### 4.    Batson Challenges

Plaintiff argues that the Court erred when it allowed Defendant to strike two people of color, Jurors Nos. 0089 and 0115, over Plaintiff's objection.[14] (Dkt. No. 573-1, at 23-27). Defendant disagrees, asserting that counsel met its burden in articulating a race-neutral reason for striking these jurors. (Dkt. No. 585, at 40-41). [15]

"When a party raises a *Batson* challenge, the trial court uses a three-part burden-shifting framework to assess whether the challenged peremptory strike is based on an impermissible

---

[14] The Court notes that Jurors 0089 and 0115 were not struck for "cause[,]" as Plaintiff suggests; both jurors were struck as part of Defendant's peremptory challenges. (Dkt. No. 594, at 196, 199).
[15] Plaintiff also argues that another juror, Juror No. 0114, should have been struck for cause. (Dkt. No. 573-1, at 27). But Juror No. 0114 was not selected for the jury, because he was struck as one of Plaintiff's peremptory challenges. (Dkt. No. 594, at 196). Defendant notes that Plaintiff "provides no argument, authority, nor justification for how she is even aggrieved by this decision, let alone why it would justify a new trial." (Dkt. No. 585, at 42-43 (citing, inter alia, *Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004) ("[E]ven if the district court had erred by refusing to dismiss a biased juror for cause, Cruz's claim would likely fail, because Cruz has not sufficiently alleged that he was injured by such an error.")). The Court agrees, and will not grant a new trial on this basis.

discriminatory motive." *United States v. Martinez*, 621 F.3d 101, 108 (2d Cir. 2010) (citing *Batson v. Kentucky*, 476 U.S. 79, 93-98 (1986)). "First, the objecting party must make a prima facie case that opposing counsel exercised a peremptory challenge on the basis of a protected class." *Id.* "Second, if a prima facie case is established, the burden shifts to the challenged party to present a nondiscriminatory reason for striking the jurors in question." *Id.* at 109. "This race-neutral explanation need not be 'persuasive, or even plausible' for the non-movant to meet [their] obligation at step two of the *Batson* procedure and thereby advance the inquiry to the third step." *Messiah v. Duncan*, 435 F.3d 186, 195 (2d Cir. 2006). "Finally, if a valid reason is articulated, the trial court considers the totality of the circumstances to determine whether the objecting party has carried its burden of proving purposeful discrimination by a preponderance of the evidence." *Martinez*, 621 F.3d at 109. *See also Shabazz v. Howard*, No. 23-6471, 2024 WL 2952351, at *2, 2024 U.S. App. LEXIS 14250, at *5 (2d Cir. June 12, 2024) ("While the district judge is required to 'explicitly adjudicate the credibility of the non-moving party's race neutral explanations for peremptorily striking potential jurors,' no 'talismanic recitation of specific words' is required." (quoting *Messiah*, 435 F.3d at 198)).

Plaintiff makes no new legal argument in asserting that the Court erred in allowing Defendant to strike Juror Nos. 0089 and 0115. When Plaintiff's counsel originally objected to the strikes, Defense counsel responded with race-neutral explanations for striking the jurors in question. (*See* Dkt. No. 594, at 197 ("[T]he reason that we are striking [Juror No. 0089] is because two of his family members have been shot and several of his family members have been arrested."), 200 ("[Juror No. 0115] has had several family members who have been the victims of shooting, she's had family members who have been arrested. And again, anything that's going to establish an emotional connection between the family of Mr. Porter and the jurors is of

30

potential concern to me.")). The Court held that Defense counsel had articulated a race-neutral explanation for both strikes. (*Id.* at 198, 201-02). With no new argument from Plaintiff, there is no basis for a new trial because of the denial of Plaintiff's Batson challenges.

In sum, Plaintiff has failed to show that she is entitled to a new trial.[16] The Court is not otherwise persuaded that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice. Accordingly, Plaintiff's motion for a new trial is denied.

## VI.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's request for judgment on the defense of qualified immunity, (Dkt. No. 574), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, (Dkt. No. 573), is **DENIED** in its entirety; and it is further

**ORDERED** that the Clerk is directed to enter judgment against Plaintiff and in favor of Defendant, in accordance with the above.

**IT IS SO ORDERED.**

Dated: September 17, 2025
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[16] Plaintiff makes two additional arguments in the final two pages of his brief: (1) the Court erred in denying Plaintiff's motion to unseal Defendant's grand jury testimony, (*see* Dkt. No. 520), and (2) a certain letter from Khalil Davis should have been allowed into evidence "without conditions[,]" (Dkt. No. 573-1, at 28-29). Both of these arguments are made in two sentences each, with no citation to legal authority. "The Court need not, and will not, consider arguments raised in such a 'perfunctory manner.'" *See Frommer v. MoneyLion Techs. Inc.*, No. 23-cv-6339, 2024 WL 2158589, at *6, 2024 U.S. Dist. LEXIS 86769, at *22 (S.D.N.Y. May 14, 2024) (quoting *Tolbert*, 242 F.3d at 75).

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TANAJEE MADDOX as Administratrix of the Estate of
GARY TERRANCE PORTER,

                                                              5:19-cv-00678 (BKS/MJK)

                                            Plaintiff,

v.

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE, sued herein in her capacity as an
individual,

                                            Defendant.

**Appearances:**

*For Plaintiff:*
Fred B. Lichtmacher
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
159 West 25th Street, Room 510
New York, New York 10001

*For Defendant:*
John G. Powers
Mary L. D'Agostino
Ryan M. Poplawski
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

Susan Katzoff,
Corporation Counsel for the City of Syracuse
Todd M. Long
City of Syracuse Law Department
233 E. Washington Street
300 City Hall
Syracuse, New York 13202

## MEMORANDUM-DECISION AND ORDER

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## I.    INTRODUCTION

Plaintiff Tanajee Maddox, as Administratrix of the Estate of Gary Terrance Porter, brings this action under 42 U.S.C. § 1983 against Defendant Syracuse Police Officer Kelsey Francemone asserting a claim for excessive force, in violation of the Fourth Amendment. (Dkt. No. 1, at ¶¶ 1, 4). Presently before the Court is Plaintiff's renewed motion to unseal Defendant's grand jury testimony. (Dkt. Nos. 287, 287-1, 492). Defendant opposed the original motion, (Dkt. No. 324), and opposes the renewed motion, (Dkt. No. 506). The Onondaga County District Attorney's Office has also filed an affirmation in opposition to Plaintiff's motion. (Dkt. No. 515). The Court heard oral argument on the motion at the pretrial conferences on November 8, 2024 and on April 29, 2025.

## II.    BACKGROUND

Plaintiff filed her original motion to unseal Defendant's grand jury testimony on September 9, 2024. (*See* Dkt. No. 287-1, at 11-15). Defendant opposed the motion, noting that Plaintiff's counsel had previously unsuccessfully moved to unseal Defendant's grand jury testimony in state court and in this Court in the case of *Tennyson v. Francemone*, No. 16-cv-929 (N.D.N.Y. filed July 27, 2016).[1] In *Tennyson*, Plaintiff's request was denied by State Court Judge Thomas J. Miller, (Dkt. No. 324-2), and then denied by Magistrate Judge Baxter, (Dkt. No. 324-5). The Onondaga County District Attorney's Office also opposed the unsealing of Defendant's grand jury testimony at that time. (Dkt. No. 324-3). Defendant opposed the Plaintiff's motion in this case because Plaintiff had not yet filed her request with the court that supervised the grand

---

[1] *See also Tennyson v. Francemone*, No. 16-cv-929, 2024 WL 3398364, 2024 U.S. Dist. LEXIS 122512 (N.D.N.Y. July 12, 2024).

jury. (Dkt. 324-9, at 3). The Court agreed. At the November 8, 2024 hearing on the parties'

motions in limine, the Court denied Plaintiff's motion on the grounds that Plaintiff had not first

petitioned the state court to unseal the grand jury testimony. (Dkt. No. 387, at 21-22).

On May 5, 2025, Plaintiff advised the Court that Supreme Court Justice Jean Marie

Westlake denied Plaintiff's request to unseal the grand jury testimony, (*see* Dkt. No. 503), and

therefore requested that her motion "be deemed renewed[,]" (Dkt. No. 492). On May 7, 2025, the

Court directed that any objection from the Onondaga County District Attorney's Office to the

unsealing of Defendant's grand jury testimony was due by May 13, 2025. (Dkt. No. 502). The

District Attorney's Office filed an affirmation in opposition to the unsealing on May 13, 2025.

(Dkt. No. 515).

## III.   DISCUSSION

Plaintiff argues that Defendant "has provided sworn statements that are materially

inconsistent with numerous other witnesses[,]" and "the grand jury minutes may contain

testimony that is vital for understanding the full scope of these inconsistencies[.]" (Dkt. No. 287-

1, at 13). Defendant argues that Plaintiff has failed to meet "the standard necessary to overcome

the presumption of sealing" because Plaintiff has not sufficiently "demonstrate[d] a

particularized need" for the testimony. (Dkt. No. 324-9, at 6, 10). (*See also* Dkt. No. 506, at 3–

4)). The Onondaga County District Attorney's office also opposes Plaintiff's motion, arguing that

Plaintiff "fails to meet the burden required for release of grand jury minutes" because Plaintiff

"offers nothing more" than "the allegation that [Defendant's] testimony will be different than that

of other witnesses." (Dkt. No. 515, at 4, 6).

"Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret

and may not be disclosed except by court order." *Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577

(S.D.N.Y. 2017). "It is well settled that '[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy.'" *Frederick v. New York City*, No. 11-cv-469, 2012 WL 4947806, at *11, 2012 U.S. Dist. LEXIS 150223, at *34 (S.D.N.Y. Oct. 11, 2012) (quoting *Wilson v. City of New York,* 06-cv-229, 2007 WL 4565138 at *1, 2007 U.S. Dist. LEXIS 97490, at *4 (E.D.N.Y. Dec. 21, 2007)). "It is equally well settled, however, that a federal court is 'not bound by state law protecting the secrecy of state grand jury proceedings.'" *Id.* (quoting *Cherry v. Rodenburg,* 04-cv-1902, 2008 WL 4610302 at *2, 2008 U.S. Dist. LEXIS 81611, at *6 (E.D.N.Y. Oct.15, 2008)).

"[B]ecause 'a federal court is not bound by state law protecting the secrecy of state grand jury proceedings', the federal court presiding over the federal civil lawsuit must then make 'an independent determination of whether the grand jury transcripts should be released' if the state court denies the request and the party seeking disclosure challenges that decision before the federal court." *Anilao v. Spota*, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013) (quoting *Frederick*, 2012 WL 4947806, at *11, 2012 U.S. Dist. LEXIS 150223, at *34). A federal court may authorize the disclosure of sealed state grand jury proceedings, even after a state court has declined to do so, upon "a showing of particularized need outweighing the need for secrecy." *Ross v. City of New York*, No. 16-cv-0813, 2017 WL 455410, at *1, 2017 U.S. Dist. LEXIS 15051, at *2 (E.D.N.Y. Feb. 2, 2017) (quoting *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009)). "[I]n evaluating applications to unseal state grand jury minutes, federal courts have required the same demonstrations of 'particularized need' required for the unsealing of federal grand jury minutes." *Myers v. Phillips*, No. 04-cv-4365, 2007 WL 2276388, at *2, 2007 U.S. Dist. LEXIS 57496, at *4 (E.D.N.Y. Aug. 7, 2007). "The court called upon to determine whether

4

grand jury transcripts should be disclosed is imbued with wide discretion." *Anilao*, 918 F. Supp. 2d at 174.

Under the *Douglas Oil* standard, "parties seeking the unsealing of grand jury minutes 'must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *Baynes*, 234 F. Supp. 3d at 577-78 (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)). "The burden of demonstrating that the need for disclosure is greater than the public interest in secrecy is a heavy one, and it rests with the party seeking disclosure." *Anilao*, 918 F. Supp. 2d at 173. "Thus, a party seeking the disclosure of grand jury minutes must make a strong showing of 'particularized need' for those materials." *Id.; See Fox v. Cnty. of Yates*, 922 F. Supp. 2d 424, 433 (W.D.N.Y. 2013) (collecting cases demonstrating existence or absence of particularized need).

"[T]he typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" *Douglas Oil,* 441 U.S. at 222 n. 12 (quoting *United States v. Procter & Gamble Co.,* 356 U.S., 677, 683 (1958)). "In each of these contexts, denial of access to grand jury minutes can result in 'possible injustice' if the rights of parties are effectively destroyed by inability to view key evidence." *Frederick*, 2012 WL 4947806, at *7, 2012 U.S. Dist. LEXIS 150223, at *22. However, "it is not enough to assert that grand jury testimony might theoretically be used to impeach a witness or refresh the witness's recollection." *Baynes*, 234 F. Supp. 3d at 578. "Rather, 'the requesting party must demonstrate some specific respect in which the grand jury testimony likely contradicts trial evidence or supplies material information that is otherwise

lacking.'" *Id.* (quoting *Rechtschaffer v. City of New York*, 2009 WL 773351, at *4, 2009 U.S. Dist. LEXIS 30294, at *12 (S.D.N.Y. Mar. 18, 2009)).

In a thorough decision in the analogous excessive force case of *Tennyson v. Francemone*, Magistrate Judge Baxter considered whether the plaintiff had shown a particularized need for Defendant's grand jury testimony.[2] (*See* Dkt. No. 324-5). At that time, Judge Baxter concluded that the plaintiff had not demonstrated that "she ha[d] a particularized need for the grand jury materials that outweigh[ed] the public interest and continued grand jury secrecy." (*Id.* at 10), Judge Baxter noted that Plaintiff's counsel "provide[d] only general and often speculative reasons to support the motion for disclosure." (*Id.* at 11). Counsel did not "specify what discovery and other evidence ha[d] been made available to plaintiff or what evidence presented to the grand jury is not available to her from depositions or other sources." (*Id.*). "Plaintiff's counsel argue[d] that the grand jury material is necessary to impeach or refresh the recollection of defendants and their witnesses, but [did] not explain why he believe[d] the testimony of defense witnesses in deposition or at trial would be inconsistent with their grand jury testimony or point to any particular witnesses who have claimed a lack of recollection that could not be refreshed, for example, with prior police reports." (*Id.* at 12 (citing *Gonzalez v. Cnty. of Suffolk*, No. 09-cv-1023, 2014 WL 1669134, at *8, 2014 U.S. Dist. LEXIS 58775, at *24-26 (E.D.N.Y. Apr. 23, 2014)). Further, when "an officer witness is the subject of a grand jury investigation and is exonerated, the public interest in grand jury secrecy is strong." (*Id.* at 16 (citing *Baynes*, 234 F. Supp. 2d at 579; *Gonzalez*, 2014 WL 1669134, at *8, 2014 U.S. Dist. LEXIS 58775, at *24-26)). Judge Baxter noted that perhaps, "after further discovery and depositions, . . . plaintiff may be in a better position to make the type of particularized showing of need to justify grand jury

---

[2] The plaintiff in *Tennyson* was also represented by Plaintiff's counsel in the instant case.

disclosure under the existing law." (*Id.* at 13). But at that stage of the litigation, "particularly since not all of the discovery ha[d] been disclosed, . . . plaintiff ha[d] not made the necessary showing to overcome the interest of law enforcement and the public to maintain grand jury secrecy." (*Id.*).

Although more time has passed and discovery in this case has concluded, for many of the same reasons previously cited by Judge Baxter, Plaintiff has not demonstrated a "particularized need" that is greater than the need for continued secrecy. *See Anilao*, 918 F. Supp. 2d at 173. Plaintiff offers only that "numerous fact witnesses deposed provide evidence contradicting [Defendant]'s version of the events." (Dkt. No. 287-1, at 12). Plaintiff, however, has not provided any particularized reason to believe that Defendant's grand jury testimony would be inconsistent with her deposition or trial testimony. The fact that Defendant's grand jury testimony "might theoretically be used" to impeach her is not enough to demonstrate a particularized need or possible injustice. *See Baynes*, 234 F. Supp. 3d at 578; *Gonzalez*, 2014 WL 1669134, at *8, 2014 U.S. Dist. LEXIS 58775, at *25 ("Even assuming such omissions and/or inconsistencies exist, plaintiffs have already been able to document these issues using the tools of federal discovery, and gathering further evidence of inconsistency by obtaining grand jury materials does not appear, on this record, to arise to the level of a compelling need."). "Clearly, having additional material that may be used to impeach witnesses may be helpful to the plaintiffs, but such a demonstration does not satisfy plaintiffs' burden." *See Gonzalez*, 2014 WL 1669134, at *8, 2014 U.S. Dist. LEXIS 58775, at *25. Justice Westlake denied Plaintiff's application for unsealing for largely the same reasons, and the Court does not arrive at a different result. (*See* Dkt. No. 503, at 7-8 (noting that the "unsealing of grand jury minutes for use during cross-examination and, therefore, for use in challenging a witness's credibility is not a

7

compelling and particularized need[,]" and that "there are and were several discovery devices available to the Estate that would allow them to obtain information useful in the preparation of trial as well as use for impeachment")).

Further, "while the public disclosure of a police officer's testimony to a grand jury might not discourage future testimony in the normal situation," in this case, as in *Baynes*, an officer "offered evidence before the grand jury concerning [her] own innocence or guilt." *See Baynes*, 234 F. Supp. 3d at 579. "If the interest in grand jury secrecy were to be minimized in this situation, a future police officer target of a grand jury investigation would be discouraged from offering a full and candid account of his or her actions." *Id.* Moreover, where, as here, the defendant was a target of a grand jury probe and was exonerated, "the imperative for secrecy is heightened with respect to [her] testimony." *Gonzalez*, 2014 WL 1669134, at *8, 2014 U.S. Dist. LEXIS 58775, at *25-26.

Having considered the parties arguments, the Court finds that Plaintiff has not demonstrated a particularized need for the grand jury testimony that outweighs the need for continued secrecy. The Court therefore denies Plaintiff's motion to unseal Defendant's grand jury testimony.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's renewed motion in limine, (Dkt. No. 492), seeking to unseal Defendant's Criminal Court Grand Jury Minutes is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>May 16, 2025</u>
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

8

**Federal Rules of Appellate Procedure Form 1. Notice of Appeal to a Court of Appeals From a Judgement or Order of a District Court.**

United States District Court
Northern District of New York
File Number 19-678, Sannes Judge

Tanajee Maddox as Administratrix of the
Estate of GARY TERRANCE PORTER

|  |  |  |
|---|---|---|
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Notice of Appeal |
| Kelsey Francemone SYRACUSE | ) | |
| POLICE OFFICER KELSEY | ) | |
| FRANCEMONE sued herein in her capacity | ) | |
| as an individual, | ) | |
| *Defendant.* | ) | |

Notice is hereby given that TANAJEE MADDOX AS Administratrix of the Estate of GARY TERRANCE PORTER, (plaintiff) in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from an Order after trial dismissing this case on the grounds of qualified immunity entered in this action on September 17, 2025 and the plaintiff-appellant requests a new trial and for whatever other and further relief this Court deems just and proper.

Fred Lichtmacher

Attorney for Tanajee Maddox as Administratrix of the Estate of GARY TERRANCE PORTER.
Address: 159 West 25th Street Room 510
New York, NY 10001